1 Kristen Law Sagafi (Cal. Bar No. 222249)
Martin D. Quiñones (Cal. Bar No. 293318)
2 **TYCKO & ZAVAREEI LLP**
483 Ninth Street, Suite 200
3 Oakland, CA 94607
Telephone: (510) 254-6808
4 Facsimile: (202) 973-0950
E-mail: ksagafi@tzlegal.com
5 E-mail: mquinones@tzlegal.com

6 Wayne S. Kreger (Cal. Bar No.  154759)
**LAW OFFICES OF WAYNE KREGER**
7 100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
8 Telephone : (310) 917-1083
Facsimile: (310) 917-1001
9 E-mail : wayne@kregerlaw.com

10 *Attorneys for Plaintiff and proposed Class Members*

11 Craig Cardon (Cal. Bar No. 168646)
Jay Ramsey (Cal. Bar No.  273160)
12 **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
1901 Avenue of the Stars, Suite 1600
13 Los Angeles, CA  90067
Telephone: (310) 228-3749
14 Facsimile: (310) 228-3701
E-mail: ccardon@sheppardmullin.com
15 E-mail: jramsey@sheppardmullin.com

16 *Attorneys for Defendants*

17

18 *Additional counsel listed on following page*

19 UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
20 OAKLAND DIVISION

21

| | |
|---|---|
| 22 JEANNE and NICOLAS STATHAKOS, individually and on behalf of all others 23 similarly situated, | Case No. 15-cv-04543-YRG |
| 24 Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT** |
| 25 vs. | Date: March 7, 2016 |
| 26 COLUMBIA SPORTSWEAR COMPANY; COLUMBIA SPORTSWEAR USA 27 CORPORATION, | Time: 2:00 p.m. Courtroom: 1, 4th Floor Judge: Hon. Yvonne Gonzalez Rogers |
| 28 Defendants. | |

Hassan A. Zavareei (Cal. Bar No. 181547)
Jeffrey D. Kaliel (Cal. Bar No. 238293)
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW, Suite 1000
Washington, DC 20036
Telephone (202) 973-0900
Facsimile (202) 973-0950
Email: hzavareei@tzlegal.com
Email: jkaliel@tzlegal.com


Jeffrey Ostrow, Florida Bar No. 121452 (pro hac vice to be filed)
Scott A. Edelsberg, Florida Bar No. 0100537
**KOPELOWITZ OSTROW P.A.**
200 S.W. 1st Avenue, 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
Email: ostrow@kolawyers.com
Email: edelsberg@kolawyers.com

*Attorneys for Plaintiff and proposed Class Members*

Plaintiffs Jeanne and Nicolas Stathakos ("Plaintiffs") and Defendants Columbia Sportswear Company and Columbia Sportswear USA Corporation ("Defendants" or "Columbia") jointly submit this Case Management Statement.  Counsel for the parties have worked together cooperatively to set forth joint statements where possible, and, where not possible, they have set forth the parties' respective positions.

**I.    Jurisdiction and Service**

Plaintiffs' Statement:

The Court also has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.  Defendants have been served.

No questions exist regarding personal jurisdiction.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the parties reside in this district and a substantial part of the events giving rise to the claims occurred in this district.

Defendant's Statement: Columbia does not concede that Plaintiffs or the putative class are entitled to any damages, and therefore does not concede that Plaintiffs or the putative class will ever be awarded more than $5 million.

**II.    Facts**

Plaintiffs' Statement:

Plaintiffs allege that Columbia misrepresented the existence and amount of price discounts on products sold at Columbia Outlet stores (Outlet Products) by purporting to offer discounts off a higher former, original, or regular price. Plaintiffs allege that Columbia never sold the Outlet Products at the higher price, which appears on price tags for Columbia Outlet merchandise. Rather, Plaintiffs allege that Columbia included the higher price on the price tags to create the illusion of a discount that would induce consumers to purchase the Outlet Products based on a mistaken belief that the Outlet Products were being offered at a deep discount.

In reliance on Columbia's pricing scheme, which indicated the existence of a deep discount, Plaintiffs Jeanne and Nicolas Stathakos purchased six items from the Columbia Outlet store in Vacaville, CA in July 2015. Had they known that the products they purchased were never sold at the higher indicated price, they would have perceived the value of the items differently and would not have purchased them or would have paid less for them.

Plaintiffs allege that Columbia's pricing scheme is false and misleading in violation of the Consumers Legal Remedies Act and Cal. Business and Professions Code sections 17200 *et seq.* and 17500 *et seq.*

Plaintiffs bring their claims on behalf of themselves and all California residents who, within the applicable statute of limitations, purchased a Columbia Outlet Product with a price tag indicating that the current price reflected a discount from the higher former, original, or regular price, when in fact Columbia did not regularly sell the item at the higher price.

Defendant's Statement:

Columbia denies that its outlet pricing and price tags are false or misleading in any way. Plaintiffs' allegations are nearly all on information and belief, and none are supported by factual allegations following an adequate pre-suit investigation.  The allegations also ignore the vast array of products sold at Columbia's outlets, the different price tags used, and other variables that affect how reasonable consumers understand and respond to Columbia's outlet pricing.  For example, Plaintiffs offer no support for their conclusory allegations that the alleged higher prices are tantamount to (or would be understood by consumers to be) an advertisement of a specific item's "former" or "original" price.  Plaintiffs also offer no support for their conclusory allegation that consumers believe that the higher prices refer to the former price of the same item rather than a comparable item.  Indeed, on this point, Plaintiffs' reliance on FTC guidelines and California law on "former" prices is misplaced, and, in any event, those guidelines and laws confirm that reference prices are not required to be to the exact same item, but rather can be to comparable items.  Finally, Plaintiffs offer no support for their allegations that the actual prices listed on the tags are not acceptable comparative prices.  They do not, for example, state any facts showing that the comparative prices should have been some specific lower amount based on an

investigation into the prices of the same or similar items in the marketplace.  On this point, the complaint also ignores the variety of channels that Columbia's products are sold, including wholesale, direct, online and at outlet, and the fact that Columbia sells a variety of identical or virtually identical products in all these avenues, all of which will make it impossible to prove that the same or similar item was not sold for the alleged reference prices.  Put simply, Plaintiffs set forth no actual facts in their complaint supporting their allegations.

**III.    Legal Issues**

The following lists of legal issues may not include every issue that will arise or that the Court will have to address.  The parties reserve the right to raise additional legal issues should it become appropriate.

Plaintiffs' Statement of Legal Issues:

Whether, during the Class Period, Columbia used false or misleading price representations or falsely advertised price discounts on Columbia Outlet Products.

Whether, during the Class Period, the higher prices appearing on Columbia Outlet Product price tags were the prevailing market prices during the three months prior to the dissemination of the advertised higher prices.

Whether Columbia's reference pricing scheme was likely to deceive reasonable consumers.

Whether the alleged savings promised by Columbia's reference pricing scheme were material to reasonable consumers.

Whether Defendants' alleged misconduct violates California's Unfair Competition Law, California Business & Professions Code sections 17200, *et seq.*; California's False Advertising Law, California Business & Professions Code sections 17500, *et seq.*; or the Consumers Legal Remedies Act, Cal. Civil Code section 1750, *et seq.*

Whether Columbia's alleged misconduct was intentional or knowing.

Whether a class or classes of consumers who purchased Columbia Outlet Products in reliance on false and misleading reference prices should be certified pursuant to Federal Rule of Civil Procedure 23, including, without limitation, whether (a) an ascertainable class can be

2  identified; (b); Plaintiffs' claims are typical of the class they purport to represent; (c) individual

3  issues predominate over common issues; and (d) a class action is a superior method of adjudicating this controversy.

4  Whether Plaintiffs and the proposed Class are entitled to restitution and/or damages, and if

5  so, in what amount.

6  <u>Defendants' Statement of Additional Legal Issues</u>:

7  Whether California law can be used to enforce FTC Regulations, let alone FTC

8  guidelines;

9  Whether California Business & Professions Code § 17501 applies to the various items

10  sold at Columbia's outlet stores, including, without limitation, whether § 17501 applies to

11  identical items or similar items, or introductory sale items;

12  Whether Plaintiff's reference to "reference prices" are "former prices" within the meaning

13  of § 17501;

14  What is a "similar product" within the meaning of either the FTC guidelines or § 17501;

15  Whether Plaintiffs have standing to sue on behalf of a class that purchased product they

16  did not purchase;

17  Whether a purported representation of a discount affects the value of the good sold or

18  confers standing to sue.

19  **IV.**   **<u>Motions</u>**

20  Columbia intends to file a Motion to Dismiss.

21  Plaintiff intends to file a Motion for Class Certification.

22  Either party may also file a motion for summary judgment or summary adjudication.

23  Proposed deadlines for filing some of these motions are discussed below in section 17

24  (Scheduling).

25  **V.**   **<u>Amendment of Pleadings</u>**

26  <u>Plaintiffs' Statement</u>:

27  Plaintiffs wish to amend their Second Amended Complaint to add a claim for damages

28  under the Consumers Legal Remedies Act (CLRA) and implement limited clarifying changes to

their legal and factual allegations. Plaintiffs provided a copy of the proposed Third Amended Complaint (TAC) to Columbia on February 23, 2016. On February 26, Columbia indicated that it would stipulate to the filing of the TAC on two conditions; namely, that (1) Columbia would have 21 days from filing of the TAC to submit its responsive pleading; and (2) Plaintiffs would agree to stay discovery until the pleadings are settled and Columbia answers. Plaintiffs agree to the first condition, but not the second. Therefore, Plaintiffs submit concurrently with this CMC Statement Plaintiffs' Motion for Leave to Amend, which attaches the proposed Third Amended Complaint for the Court's review. Plaintiffs' position with respect to the timing of discovery is set forth in detail at section VIII, below.

Defendants' Statement:

Defendants have reviewed the Third Amended Complaint and generally do not object to its filing, but contend, as discussed more fully below, that discovery should not commence until after the Court rules on Defendants' anticipated motion to dismiss and the pleadings are settled (*i.e.*, Columbia answers the operative complaint, if ever). Defendants intend on moving to dismiss. They were not served, however, until after Plaintiffs filed the Second Amended Complaint, and because Plaintiffs are filing yet another amendment, Defendants motion to dismiss will be heard far later than typical – *i.e.*, after the scheduling conference – resulting in Defendants having to potentially wade into burdensome discovery before the pleadings are settled. Indeed, in a pricing case nearly identical to this one in the Northern District, where successive amendments resulted in defendant's motion to dismiss having to be heard after the scheduling conference, the court agreed to stay discovery until the pleadings were settled. *See Pickles et al. v. Kate Spade & Co.*, Case No. 3:15-cv-05329-VC, ECF Dkt. No. 25 (N.D. Cal. Feb. 23, 2016) (staying discovery at scheduling conference to allow for motion to dismiss to be heard and setting further scheduling conference for thereafter).

Joint Statement:

If a Third Amended Complaint is filed, the parties propose that Defendants shall have standard 21 days from the Court's order granting (or denying) Plaintiffs' request to file the Third Amended Complaint to submit Columbia's responsive pleading to the operative complaint.

Plaintiffs may request leave to amend to address any perceived deficiencies that may be raised by Defendants' anticipated Motion to Dismiss.  Defendant do not concede that any such request, if made, should be granted.

## VI.   Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (ESI).  The parties discussed evidence preservation obligations at their initial meet and confer session.  The parties understand their duty to preserve records, including paper and electronic copies, and have taken steps to preserve all documents potentially relevant to this action in their possession. The parties have initiated – and will continue – a meet-and-confer dialogue related to ESI.

## VII.   Disclosures

Plaintiffs' statement: The Plaintiffs served their initial disclosures today.

Defendants' statement:  Columbia contends that the parties' initial disclosures should be held in abeyance until the Court rules on Columbia's anticipated Rule 12(b)(6) motion to dismiss. (Columbia discusses this position further below with regard to the commencement of discovery.)

## VIII.   Discovery

Except as set forth below with respect to the commencement and phasing of discovery, the parties do not anticipate limitations or modifications of the discovery rules at this time.

Plaintiffs' Statement:

Plaintiffs submit that discovery should commence immediately in accordance with Fed. Rule Civ. Proc. 26(d)(1). If Columbia wishes to stay discovery until the pleadings are settled, it must file a motion for protective order under Rule 26(c).  Plaintiffs will oppose any such motion and submit that Columbia cannot carry its "heavy burden" of showing why discovery should be denied. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)(denying motion to stay discovery pending the disposition of a motion to dismiss and observing, "Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."). Columbia's reliance on a minute order staying

discovery in *Pickles et al. v. Kate Spade & Co.*, Case No. 3:15-cv-05329-VC, ECF Dkt. No. 25
(N.D. Cal. Feb. 23, 2016) is misplaced. Nothing in the cited docket entry suggests, much less
holds, that Columbia should be relieved of its discovery obligations in this case.

When discovery commences, Plaintiffs will seek discovery related to the following topics:

- Columbia's pricing policies, guidelines, and practices with respect to goods sold at
  Columbia's outlet stores.

- Actual pricing data for items sold at Columbia Outlets stores during the Class period

- Actual sales data for products sold at Columbia Outlet stores.

- Exemplar copies of price tags, labels, marketing materials and advertisements used by
  Columbia pertaining to Columbia outlet products.

- Documents pertaining to the type of information and records Columbia maintains on
  consumers who purchased products at Columbia outlet stores.

- Documents and information related to the efficacy of reference pricing, including
  research, presentations, articles, strategic planning materials, etc.

- Sales scripts and training materials related to reference prices.

- Information related to profits Columbia earned from the sale of Columbia Outlet
  products that contained an unlawful reference price.

This list is preliminary and not exhaustive. The parties anticipate that additional topics
will be identified as the litigation progresses.

Plaintiffs oppose bifurcation of discovery. Many courts have recognized that bifurcation is
impracticable and inefficient when class and merits issues overlap, as they do here. *See, e.g.*,
*Linder v. Thrifty Oil Co.*, 23 Cal. 4th 429, 443 (2000) ("Indeed, issues affecting the merits of a
case may be enmeshed with class action requirements, such as whether substantially similar
questions are common to the class and predominate over individual questions or whether the
claims or defenses of the representative plaintiffs are typical of class claims or defenses); *Gray v.
First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) ("An order restricting discovery to
class issues would be impracticable because of the closely linked issues, and inefficient because it
would be certain to require ongoing supervision of discovery."); *Yingling v. eBay, Inc.*, No. C 09-

2   01733 JW (PVT), 2010 WL 373868, at *4 (N.D. Cal. Jan. 29, 2010) (ordering discovery that was relevant to both certification and merits issues).

3       As the leading treatise on complex litigation observes, "There is not always a bright light
4   between [discovery into certification issues and discovery into the merits].  Courts have
5   recognized that information about the nature of the claims on the merits and the proof that they
6   require is important to deciding certification.  Arbitrary insistence on the merits/class discovery
7   distinction sometimes thwarts the informed judicial assessment that current class certification
8   practice emphasizes."  Federal Judicial Center, *Manual for Complex Litigation – Fourth*, § 21.14
9   at 256 (2004).  More recently, *Wal-Mart Stores, Inc. v. Dukes* has further blurred the line between
10  class certification and merits analyses.  *See* 131 S. Ct. 2541, 2551 (2011) (noting that Rule 23's
11  "'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim").

12      While bifurcation may be efficient when the merits discovery would not be used if
13  certification were denied, this is not the case here. Discovery regarding similarity of claims
14  between class representatives and members of the class will require merits discovery into areas
15  such as Columbia's pricing policies and distribution channels.

16      <u>Defendants' Statement:</u>

17      Columbia contends that discovery should be stayed until the Court issues an order on
18  Columbia's anticipated Rule 12(b)(6) motion to dismiss.  As set forth above, Plaintiffs filed a
19  Complaint, a First Amended Complaint, and a Second Amended Complaint *before ever serving*
20  Defendants.  And now Plaintiffs want to file a Third Amended Complaint.  As a result of these
21  seriatim amendments, Defendants motion to dismiss will not be heard until after the scheduling
22  conference, forcing Defendants to wade into burdensome discovery before the pleadings are
23  settled.  This scheduling anomaly would not have occurred absent the seriatim amendments.
24  Moreover, settling the pleadings will be important in this matter.  Courts addressing similar
25  claims have started either dismissing the complaints outright, or severely limiting the nature of
26  the claims.  Accordingly, the scope of discovery and this case may be greatly affected by the
27  Court's ruling on the motion to dismiss.  Commencing discovery before the pleadings are settled
28  would be a waste of the parties' resources.  Recognizing this, in a pricing case nearly identical to

this one, where successive amendments resulted in defendant's motion to dismiss having to be heard after the scheduling conference, the court agreed at the scheduling conference to stay discovery and set a further scheduling conference for after briefing and hearing on the motion were complete. *See Pickles et al. v. Kate Spade & Co.*, Case No. 3:15-cv-05329-VC, ECF Dkt. No. 25 (N.D. Cal. Feb. 23, 2016).

Columbia further contends that, upon commencement, discovery should be conducted in two phases: (1) discovery relating to issues pertinent to class certification; and (2) discovery relating to issues pertinent to merits/damages (including any expert discovery relating to the merits of the claims and/or damages). Columbia recognizes that there will be some overlap between class certification issues and damages, but believes the lack of any bifurcation will result in burdensome discovery focused on merits/damage issues that have no bearing on class certification. Such bifurcation of discovery will allow the parties to conduct focused discovery on the prerequisites for class actions (i.e., numerosity, commonality, typicality and adequacy) without having to simultaneously move forward with boundless merits and damages discovery (including for example, issues relating to Columbia's profits and revenues) that may prove completely unnecessary if a class is not certified. Moreover, proceeding with combined class and merits discovery – which will necessarily involve searching for, reviewing and producing documents not relevant to class certification – will likely frustrate the court's effort to determine class certification at an early practicable time, as mandated by Fed. R. Civ. P. 23(c)(1)(A). Lastly, it is unlikely that this litigation would progress if a class is not certified. As the Manual for Complex Litigation recognizes, "in cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification…can create extraordinary and unnecessary expense and burden." Manual for Complex Litigation (Fourth) at § 21.14 (2011).

## IX.     Class Actions

Plaintiffs seek to adjudicate their claims on a classwide basis on behalf of all similarly situated consumers in California under Federal Rule of Civil Procedure 23(b)(3). Plaintiffs' suggestion for the deadline by which Plaintiffs must file a Rule 23 class certification motion is discussed below in section 17 (Scheduling).

2   Columbia contends that this case is not appropriate for class certification and intends to
vigorously oppose any motion for class certification.

3   **X.    Related Cases**

4   The parties are unaware of any related cases.

5   **XI.    Relief**

6   Plaintiffs' Statement:

7   Plaintiffs seek, on behalf of themselves and all class action members, a declaratory

8   judgment that the practices complained of are unlawful; an order enjoining Columbia from

9   engaging in the allegedly false and misleading pricing scheme; actual, compensatory, and/or

10  punitive damages; restitution; attorneys' fees and costs; pre-judgment and post-judgment interest;

11  and any other relief the Court deems necessary and appropriate.

12  Plaintiffs cannot presently calculate the total amount of monetary relief because

13  Defendants have not yet produced sales or pricing information from which to determine the

14  appropriate amount of damages or restitutionary relief. Acceptable measures of restitution

15  include: (1) the total revenue from improperly priced items; (2) profits Defendants' earned as a

16  result of the alleged misconduct; and (3) the amount plaintiffs would have saved if Columbia

17  offered the promised percentage discount off the true regular price, as opposed to the false

18  reference price.  *Spann v. J.C. Penney Corp.*, 307 F.R.D. 508, 529 (C.D. Cal. 2015).

19  Defendants' statement:

20  Columbia contends that no damages are available under Plaintiffs' UCL claims.

21  Moreover, under *In re Tobacco II Cases*, 240 Cal. App. 4th 779 (2015), restitutionary relief

22  would not appear to be available, either.   Under the CLRA, damages for a false advertising-type

23  claim would be calculated by comparing the difference in value of the products at issue without

24  the alleged misrepresentation and the value of those products with the alleged misrepresentation.

25  Columbia believes there is no difference in ultimate value of the products at issue based upon

26  Plaintiffs' allegations of deceptive comparative pricing.   Plaintiffs are not, for example, claiming

27  that they received something worth less than what they paid.  Moreover, any attempt to calculate

28  what the value of any alleged misrepresentation was to each individual consumer would

necessarily implicate highly individualized issues that would defeat class certification.

## XII.   Settlement and ADR

There have been no settlement discussions or ADR efforts to date, but the parties have discussed the possibility of settlement negotiations in the future and agree that private mediation may be appropriate once the pleadings are settled and discovery is underway.

## XIII.   Consent to Magistrate Judge for All Purposes

The parties do not consent to a magistrate judge overseeing the case for all purposes.

## XIV.   Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.   Narrowing of Issues

The parties are currently unaware of any issues that can be narrowed by agreement or by motion, and do not currently have any suggestions to expedite the presentation of evidence at trial.  The parties currently have no request to bifurcate issues, claims, or defenses for trial at this time (as noted above, however, Columbia believes bifurcated discovery is appropriate).

## XVI.   Expedited Schedule

The parties believe that this case should proceed in the normal course and not on an expedited basis.

## XVII.   Scheduling

The parties propose that Plaintiff's Motion for Class Certification be due six months after the commencement of discovery (the date for the commencement of discovery is addressed above). The parties further propose that, in order for there to be time to complete discovery related to any expert testimony Plaintiffs may offer in their opening motion or Defendants may offer in their opposition, the opposition to Plaintiff's Motion for Class certification be due 60 days after the filing of the Motion, and the reply be due 60 days after the filing of the Opposition.

The parties propose that subsequent deadlines for the designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial be set after resolution of Plaintiff's Motion for Class Certification.

## XVIII.   Trial

Both parties demand a jury trial.

The parties respectfully submit that it is premature to estimate the number of trial days required prior to the Court's ruling on Plaintiffs' anticipated Motion for Class Certification. The scope and length of any trial will be substantially impacted by the Court's ruling on the certification motion. The parties agree that following the Court's ruling on class certification, they will meet and confer about a trial estimate and submit a joint statement to the Court for approval.

## XIX.   Disclosure of Non-Party Interested Entities or Persons

Both parties will file their "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 before the Initial Case Management Conference.

## XX.   Professional Conduct

All counsel of record have reviewed the Guidelines for Professional Conduct for the Northern District of California and enthusiastically confirm their commitment to adhere to them.

## XXI.   Other Matters

The parties have no other matters to bring before the Court at this time.


Dated: February 29, 2016                    By:   _/s/ Kristen Law Sagafi_____
                                                   Kristen Law Sagafi


*Attorneys for Plaintiff and Proposed Class Members*



Dated: February 29, 2016                    By:   _/s/ Craig Cardon_


*Attorneys for Defendants*



## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence

in the filing of this document has been obtained from the other signatory above.

DATED: February 29, 2016                    TYCKO & ZAVAREEI LLP

                                            By: */s/ Kristen Law Sagafi*