# Exhibit B

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-01411 BRO (KKx) | Date | March 15, 2016 |
|---|---|---|---|
| Title | MARILYN SPERLING V. STEIN MART, INC. ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee Fisher | Not Present | N/A |
| Relief Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

**ORDER DENYING MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT [37]**

## I. INTRODUCTION

Currently pending before the Court is Defendant Stein Mart, Inc.'s Motion to Dismiss Plaintiff Marilyn Sperling's Third Amended Complaint. (Dkt. No. 37.) After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Defendant operates Stein Mart retail stores in California. (Dkt. No. 36 (hereinafter, "TAC") ¶ 7.) Plaintiff alleges that each product offered for sale in Stein Mart stores has a "comparative" price tag which provides two prices: the Stein Mart sale price and a second "Compare At" price. (TAC ¶ 14.) The price tags themselves do not include a definition of the "Compare At" phrase. (TAC ¶ 16.) According to Plaintiff, customers are "simply presented with the 2 prices," are "left to guess what the 'Compare At' price is, and are led to believe that they are actually saving the difference between the 2 prices." (*Id.*)

LINK:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 15-01411 BRO (KKx) | Date | March 15, 2016 |
|---|---|---|---|
| Title | MARILYN SPERLING V. STEIN MART, INC. ET AL. | | |

Plaintiff claims that Defendant does not adequately disclose its definition of "Compare At," and that Defendant's definition is "not consistent with the common meaning of the phrase." (TAC ¶ 50.) Plaintiff alleges that "[o]n each of Defendant's price tags, Defendant has placed a very small, barely visible asterisk next to the word 'Compare.'" (TAC ¶ 51.) Another "very small asterisk" precedes the following sentence at the bottom or on the back of Defendant's price tags: "See Stein Mart's Fair Pricing Policy at Steinmart.com or in store." (TAC ¶ 52.) Plaintiff contends that the disclosure, Defendant's "Fair Pricing Policy," is "buried" on Defendant's website or out of plain view on a sign in its stores. (TAC ¶¶ 53, 81.) According to Plaintiff, the Fair Pricing Policy states:

> We strive to offer our customers true everyday value. Our "Compare at" price is based on input from our suppliers. We believe that it represents the original price of the same item or a comparable item at department stores, specialty stores or other full-price stores. Our "Compare at" price may not be the starting price posted by all full-price stores, and some stores may offer substantial discounts off the suggested retail price.

(TAC ¶ 53.)

Plaintiff alleges that "consumers believe that an ARP [advertised retail price] advertised with the phrase, 'Compare At,' is a verified retail price for the same item." (TAC ¶ 57.) In fact, Plaintiff interpreted the "Compare At" prices of each of the items she purchased from Stein Mart as the "price of the same item." (TAC ¶ 65.) Plaintiff asserts that she did not see the asterisk on any of the price tags of any of the items she purchased from Stein Mart and that she did not see the sign on the back of the cash register with Defendant's Fair Pricing Policy. (TAC ¶¶ 54, 55.) Nor did Plaintiff read or review Defendant's Fair Pricing Policy prior to making any purchases from Stein Mart. (TAC ¶ 56.) Plaintiff therefore claims that Defendant's use of the phrase "Compare At" "in connection with its ARPs was, and is, false, misleading, and/or deceptive." (TAC ¶ 78.)

Plaintiff avers that Defendant's "Compare At" price advertising omits "necessary" information, including Defendant's purported disclosure defining its use of the phrase "Compare At." (TAC ¶¶ 79–91.) Plaintiff maintains that Defendant's failure to

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-01411 BRO (KKx) | Date | March 15, 2016 |
|---|---|---|---|
| Title | MARILYN SPERLING V. STEIN MART, INC. ET AL. | | |

adequately disclose its definition of "Compare At" violates FTC guidelines.  (TAC ¶¶ 92–116.)

Plaintiff's TAC provides examples of Plaintiff's purchases where she claims to have been misled by Defendant's "Compare At" pricing.  Plaintiff claims to have purchased "numerous products" from Defendant's La Quinta, California store, including a pair of Peck & Peck Petite pants, a Revelation travel bag, and a pair of Yellow Box sandals.  (TAC ¶¶ 139–48, 155.)  For each of these purchases, Plaintiff alleges that she viewed and relied on Defendant's "Compare At" prices, which were "false and deceptive."  (TAC ¶ 155.)  Plaintiff avers that "the prevailing retail prices for the items that she purchased from Defendant were materially lower than the 'Compare At' prices advertised by Defendant," and that she would not have purchased those products if Defendant's "Compare At" pricing had not misled and deceived her.  (*Id.*)  With respect to the Peck & Peck pants, Plaintiff alleges that Defendant is the exclusive retailer of Defendant's private label, Peck & Peck, which means that "no retailer other than Defendant sells or has sold Peck & Peck pants at the 'Compare At' price advertised by Defendant or at any other price."  (TAC ¶ 140.)

Based on these allegations, Plaintiff's TAC alleges five causes of action against Defendant: three claims under California Business and Professions Code section 17200 *et seq.* (California's Unfair Competition Law or "UCL"), one cause of action under California Business and Professions Code section 17500 *et seq.* (California's False Advertising Law or "FAL"), and a claim under California Civil Code section 1750 *et seq.* (California's Consumer Legal Remedies Act or "CLRA").  (TAC ¶¶ 185–230.)

### B.     Procedural Background

Plaintiff filed the instant lawsuit on July 15, 2015, on behalf of herself as well as other persons similarly situated, i.e., all persons who purchased items from Stein Mart's California stores after July 15, 2011, that had price tags containing a "Compare At" price. (Dkt. No. 1.)  The parties met and conferred under Local Rule 7-3 regarding Defendant's grounds for a motion to dismiss Plaintiff's original complaint, (*see* Dkt. No. 16); Plaintiff filed a First Amended Complaint on September 20, 2015, (Dkt. No. 17).  The parties met and conferred once again regarding Defendant's grounds for a motion to dismiss

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-01411 BRO (KKx)** | Date | March 15, 2016 |
|---|---|---|---|
| Title | **MARILYN SPERLING V. STEIN MART, INC. ET AL.** | | |

Plaintiff's First Amended Complaint, (*see* Dkt. No. 23); based on the conference, Plaintiff filed her Second Amended Complaint on November 10, 2015, (Dkt. No. 26).

On January 26, 2016, this Court granted Defendant's first motion to dismiss with leave to amend. (Dkt. No. 35.) Plaintiff filed her Third Amended Complaint on February 1, 2016. (Dkt. No. 36.) Defendant filed the instant Motion to Dismiss Plaintiff's Third Amended Complaint on February 16, 2016. (Dkt. No. 37 (hereinafter, "Mot.").) Plaintiff timely opposed on February 29, 2016, (Dkt. No. 38 (hereinafter, "Opp'n")), and Defendant timely replied on March 7, 2016, (Dkt. No. 40 (hereinafter, "Reply")).

**III.    REQUEST FOR JUDICIAL NOTICE**

In support of her Opposition, Plaintiff filed a Request for Judicial Notice. (*See* Dkt. No. 39 (hereinafter, "RJN").) When considering a motion to dismiss, a court typically does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). Notwithstanding this precept, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

A court may also take judicial notice pursuant to Federal Rule of Evidence 201(b). Under the rule, a judicially noticed fact must be one that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

Plaintiff requests that the Court take judicial notice of an order filed by a district court in the Central District of California granting the defendant's motion to dismiss in *Jacobo v. Ross Stores, Inc.*, Case No. 15-cv-04701-MWF-AGR (C.D. Cal. Feb. 23,

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-01411 BRO (KKx)** | Date | March 15, 2016 |
|---|---|---|---|
| Title | **MARILYN SPERLING V. STEIN MART, INC. ET AL.** | | |

2016). (*See* RJN, Ex. A.) Courts regularly take judicial notice of filings in other proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) ("In particular, we 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Boreno, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992))). The Court accordingly **GRANTS** Plaintiff's request.

### IV.   LEGAL STANDARD

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To plead fraud with particularity, the pleader must state the time, place, and specific content of the false representations. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). The allegations "must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). In essence, the defendant must be able to prepare an adequate answer to the allegations of fraud. *Odom*, 486 F.3d at 553. Although conclusory allegations of the circumstances constituting the alleged fraud are insufficient, *see Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989), a party is

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-01411 BRO (KKx)** | Date | March 15, 2016 |
|---|---|---|---|
| Title | **MARILYN SPERLING V. STEIN MART, INC. ET AL.** | | |

not required to plead with specificity the alleged wrongdoer's state of mind, *see Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995).

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Leave to amend, however, "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### V.   DISCUSSION

Plaintiff's Third Amended Complaint, like Plaintiff's Second Amended Complaint, asserts five causes of action against Defendant: three claims under California's UCL[1], one FAL[2] cause of action, and a CLRA[3] claim. (TAC ¶¶ 185–230.) As maintained in its motion to dismiss Plaintiff's SAC, Defendant once again argues that Plaintiff does not adequately allege that Defendant's pricing is false or deceptive. (Mot. at 7–16.)

---

[1] The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "An act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (Cal. Ct. App. 2007); *see also Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1222 (C.D. Cal. 2012) (citing *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007)).

[2] The FAL prohibits the dissemination of false or misleading statements in connection with advertising. Cal. Bus. & Prof. Code § 17500. "Section 17500 has been broadly construed to proscribe 'not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 679 (Cal. Ct. App. 2006) (alteration in original) (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (Cal. 2002)).

[3] The CLRA makes illegal various "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). Conduct that is "likely to mislead a reasonable consumer" violates the CLRA. *Colgan*, 135 Cal. App. 4th at 680 (quoting *Nagel v. Twin Labs., Inc.*, 109 Cal. App. 4th 39, 54 (Cal. Ct. App. 2003)).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-01411 BRO (KKx)** | Date | March 15, 2016 |
|---|---|---|---|
| Title | **MARILYN SPERLING V. STEIN MART, INC. ET AL.** | | |

Defendant also contends that Plaintiff's claims fail to satisfy additional pleading requirements under the UCL, FAL, and CLRA. (*Id.* at 16–18.)

### A. Plaintiff's Third Amended Complaint Adequately Alleges that Defendant's "Compare At" Pricing is Misleading

To state a claim under the UCL, FAL, or the CLRA, a plaintiff must allege the defendant's purported misrepresentations are likely to deceive a reasonable consumer. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). The Court agrees with Defendant that Plaintiff's "TAC quotes the SAC almost verbatim, making few changes," (Mot. at 1); as explained below, however, the Court finds that Plaintiff's amendments adequately allege that Stein Mart's pricing policy is misleading and deceptive.

"[A] plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). "[E]ven a perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under" the FAL. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012) (internal citations, quotations, and alterations omitted). The phrase "likely to deceive" "indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 967 (S.D. Cal. 2012) (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (Cal. Ct. App. 2003)).

Previously, this Court found that "Plaintiff's description of the 'Compare At' phrase as 'unqualified' [was] implausible," particularly where Plaintiff's Second Amended Complaint "fail[ed] to address the asterisk on Defendant's price tags, which directs consumers to Defendant's Fair Pricing Policy." (Dkt. No. 35 at 13.) Plaintiff's Third Amended Complaint corrects the implausibility by alleging that Defendant's "Compare At" price tags are misleading because the asterisk does not serve to adequately disclose to consumers that comparisons are being made to non-identical items, (TAC ¶¶ 50, 146), and the "Compare At" language on the price tags leads consumers to believe that comparisons are being made to the prices of identical products when in fact

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-01411 BRO (KKx)** | Date | March 15, 2016 |
|---|---|---|---|
| Title | **MARILYN SPERLING V. STEIN MART, INC. ET AL.** | | |

comparisons are being made to non-identical, "comparable" items, (TAC ¶ 49; *see also* Opp'n at 1).

Unlike Defendant's disclosure, which requires that consumers look beyond the price tag for the definition of "Compare At," the disclosures in the cases cited by Defendant were present on the same page or packaging and in close proximity to the potentially misleading phrase. *See Hairston v. S. Beach Beverage Co.*, No. 12–1429–JFW (DTBx), 2012 WL 1893818, at *5 (C.D. Cal. May 18, 2012) ("[T]o the extent there is any ambiguity, it is clarified by the detailed information contained in the ingredient list . . . . In this case, the ingredient list is consistent with the front label statement . . . ."); *Rooney v. Cumberland Packing Corp.*, No. 12–CV–0033–H (DHB), 2012 WL 1512106, at *4 (S.D. Cal. Apr. 16, 2012) (finding that the phrase "in the raw" was not likely to mislead a reasonable consumer as a matter of law because the product's packaging "repetitively and clearly indicates that the product contains pure natural cane turbinado sugar"). *Freeman v. Time, Inc.* involved a million-dollar sweepstakes mailing promotion with emphasized large print accompanied by qualified small print, where the district court dismissed a complaint because of the express disclosures made in small print. 68 F.3d 285, 289 (9th Cir. 1995). While the disclosure in *Freeman* was in smaller print, there was no dispute that the disclosure "expressly and repeatedly state[d] the conditions" of the sweepstakes. *Id.* Moreover, "[t]he qualifying language appear[ed] immediately next to the representations it qualifie[d] and no reasonable reader could ignore it." *Id.*

In contrast, Plaintiff contests whether a reasonable consumer would notice the asterisk on Defendant's price tags, and whether a reasonable consumer should be expected to go online or search in store for a sign that discloses Defendant's Pricing Policy. In fact, Plaintiff alleges that she did not notice the asterisk and that she did not read Defendant's Pricing Policy prior to buying items from Defendant's store. (TAC ¶¶ 54–56.) The Ninth Circuit reversed a district court's dismissal where the district court found "that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Williams*, 552 F.3d at 939. The asterisk next to Defendant's "Compare At" price required that Plaintiff and other consumers seek out Defendant's definition—either online or on signs allegedly posted at cash registers in Defendant's stores. Pursuant to *Williams*, it would be error for the Court to expect reasonable consumers to look beyond Defendant's price tags to find a definition of the

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-01411 BRO (KKx)** | Date | March 15, 2016 |
|---|---|---|---|
| Title | **MARILYN SPERLING V. STEIN MART, INC. ET AL.** | | |

"Compare At" language, even though Defendant included an asterisk immediately following the words "Compare At." The Court disagrees that Defendant "conspicuously discloses the meaning of 'Compare At.'" (Reply at 6.) The Court cannot and does not find, particularly at this stage of the proceedings, that Defendant's disclosure is so unambiguous and express such that a reasonable consumer is unlikely to be deceived as a matter of law.

The Court thus concludes that it would be inappropriate to resolve on a motion to dismiss whether a reasonable consumer would be deceived under the circumstances alleged in Plaintiff's complaint. *See Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134–35 (Cal. Ct. App. 2007) ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration and weighing of evidence from both sides' and which usually cannot be made on demurrer." (quoting *McKell v. Wash. Mut.*, Inc., 142 Cal. App. 4th 1457, 1472 (Cal. Ct. App. 2006))); *see also Hairston*, 2012 WL 1893818, at *4 ("The question of whether a business practice is deceptive in most cases presents a question of fact not amenable to resolution on a motion to dismiss." (citing *Williams*, 552 F.3d at 938)). Although there are "certain instances" where "the Court can properly make this determination and resolve such claims based on its review of the product packaging," this is not one such instance. *Id.* (citing *Brockey v. Moore*, 107 Cal. App. 4th 86, 100 (Cal. Ct. App. 2003) ("[T]he primary evidence in a false advertising case is the advertising itself.")).

Previously, this Court found that Plaintiff failed to plead her claims with particularity under Rule 9(b). (Dkt. No. 35 at 15 (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that Rule 9(b)'s particularity requirement applies to California's consumer protection statutes, the UCL and CLRA)).) The Court explained that "the SAC [did] not allege with particularity that other retail stores did not sell identical products at the 'Compare At' price." (*Id.*) The TAC provides an allegation to correct this deficiency; Plaintiff asserts that Defendant is the exclusive retailer of Peck & Peck pants, and "no retailer other than Defendant sells or has sold Peck & Peck pants at the 'Compare At' price advertised by Defendant or at any other price." (TAC ¶ 140; *see also* TAC ¶ 142 ("[T]he Peck & Peck pants never did sell for the 'Compare At' price advertised by Defendant at Stein Mart or at any other retailer.").) Despite Defendant's contention that Plaintiff "knows for a fact that the exact same pair of pants sells at other retailers," (Reply at 1 (emphasis omitted)), this argument is more properly the subject of

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-01411 BRO (KKx)** | Date | March 15, 2016 |
|---|---|---|---|
| Title | **MARILYN SPERLING V. STEIN MART, INC. ET AL.** | | |

a motion for summary judgment. As such, the Court finds that Plaintiff sufficiently alleges that Defendant's "Compare At" pricing is likely to mislead a reasonable consumer into believing that the "Compare At" price reflects the price of an identical item.

### B.   Additional Pleading Requirements Under the UCL, FAL, and CLRA

Because the Court finds that the Third Amended Complaint adequately alleges that Defendant's pricing policy is likely to mislead a reasonable consumer, the Court will address Defendant's additional arguments as to why Defendant believes Plaintiff's Third Amended Complaint fails to state a claim under the UCL, FAL, and CLRA.

#### 1.   Plaintiff Adequately States a Claim Under the FAL

Defendant argues that Plaintiff's Third Amended Complaint fails to state any false advertising claim because the "TAC fails to allege facts supporting [Plaintiff's] claim that 'Compare At' pricing is deceptive" and "there is no [sic] therefore no basis to infer that Stein Mart had knowledge of any false statement allegedly made to Plaintiff." (Mot. at 16.) This Court previously found that Plaintiff's Second Amended Complaint did not plausibly plead Defendant had knowledge of the falsity or misleading nature of its "Compare At" pricing where Plaintiff did not "properly alleg[e] why or how the 'Compare At' price is false or misleading." (Dkt. No. 35 at 17.) As discussed above, however, the Court finds that Plaintiff's Third Amended Complaint adequately asserts Defendant's "Compare At" pricing is likely to mislead a reasonable consumer. (*See* discussion *supra* Section V.A.) Therefore, by pleading the likelihood of deception, and that Defendant reasonably should have known that the "Compare At" language would be misleading, Plaintiff has sufficiently pleaded that Defendant knew about the deceptive conduct. *See Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 706 (N.D. Cal. 2009) ("The requirement for pleading scienter is less rigorous than that which applies to allegations regarding the 'circumstances that constitute fraud' because Rule 9(b) states that 'malice, intent, knowledge, and other condition of mind of a person may be averred generally.'" (quoting Fed. R. Civ. P. 9(b))).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-01411 BRO (KKx)** | Date | March 15, 2016 |
|---|---|---|---|
| Title | **MARILYN SPERLING V. STEIN MART, INC. ET AL.** | | |

### 2. Plaintiff Sufficiently Alleges a Claim Under the CLRA

Defendant maintains that the TAC fails to plead facts sufficient to support Plaintiff's CLRA claim because Plaintiff has not alleged "damage as a result of the use or employment by a person of a method, act, or practice declared to be unlawful by Section 1770." (Mot. at 17 (quoting Cal. Civ. Code § 1780(a)).) The Court disagrees. The CLRA proscribes twenty-four "unfair or deceptive acts" in the sale of goods or services to a consumer. Cal. Civ. Code § 1770(a); *see Broughton v. Cigna Healthplans of Cal.*, 21 Cal. 4th 1066, 1077 (Cal. 1999) ("[T]he CLRA identifies as actionable certain deceptive business practices." (citing Cal. Civ. Code § 1770)). Plaintiff alleges that Defendant violated California Civil Code section 1770(a)(13) "by making false and/or misleading statements of fact concerning the reasons for, the existence of, and/or the amount(s) of price reductions for products sold to Plaintiff . . . at California Stein Mart stores." (TAC ¶ 226.)

Defendant suggests that Plaintiff's claim under this section fails "because the TAC does not identify any representations by [Defendant] regarding 'price reductions,' let alone representations that are false or misleading." (Mot. at 17–18.) First, Plaintiff has sufficiently alleged that Defendant's failure to define "Compare At" on its price tags would likely deceive Defendant's customers. (*See* discussion *supra* Section V.A.)

Second, Defendant appears to focus on a single paragraph of the TAC to argue Plaintiff's failure to allege "price reductions." (Mot. at 17 (quoting TAC ¶ 222).) According to Plaintiff, Defendant "compared . . . false and/or misleading comparative prices to the prices at which Defendant sold its merchandise, to give the illusion to consumers that they were receiving a discount, or achieving a saving or bargain when compared to the purchase of those same items at other retailers in the consumers' area." (*Id.*) Moreover, Plaintiff's TAC defines the "price reductions" as the "difference between the 'Compare At' prices and Defendant's sale prices." (TAC ¶ 227.)

Thus, Plaintiff adequately asserts a CLRA claim. *See also* Cal. Civ. Code § 1760 (stating that the CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection").

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-01411 BRO (KKx)** | Date | March 15, 2016 |
|---|---|---|---|
| Title | **MARILYN SPERLING V. STEIN MART, INC. ET AL.** | | |

### 3. Plaintiff States a Claim Under the "Unfair" and "Unlawful" Prongs of the UCL

Finally, Defendant claims that Plaintiff's UCL causes of action under the "unfair" and "unlawful" prongs fail because those claims are based on Plaintiff's inadequate CLRA, UCL, FAL, and FTCA[4] allegations. (Mot. at 18–19.) Because the Court disagrees with the premise of Defendant's argument—that Plaintiff fails to state a claim under the CLRA, UCL, and FAL[5]—the Court declines to grant Defendant's Motion to Dismiss on this basis. Moreover, to state a claim under the UCL, "one need only show that members of the public are likely to be deceived." *Freeman*, 68 F.3d at 289 (quoting *Bank of the W. v. Superior Court*, 2 Cal. 4th 1254, 1267 (Cal. 1992)) (internal quotation marks omitted). As discussed above, Plaintiff has adequately alleged that Defendant's "Compare At" pricing is likely to deceive or mislead members of the public. (*See* discussion *supra* Section V.A.)

## VI. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint.

**IT IS SO ORDERED.**                                                                                     :

                                                                  Initials of Preparer              rf

---

[4] As this Court previously explained, the FTCA "doesn't create a private right of action," and the Ninth Circuit found, in an unpublished decision, that plaintiffs "cannot use California law"—i.e., the UCL—to "engineer" a private right of action under the FTCA. (Dkt. No. 35 at 19 (quoting *O'Donnell v. Bank of Am. Nat'l Ass'n*, 504 F. App'x 566, 568 (9th Cir. 2013)).) It is unclear to the Court why Plaintiff's Third Amended Complaint continues to include this inappropriate basis for her UCL claim. (*See* TAC ¶¶ 118, 119, 188, 198, 205, 207.)

[5] "[T]he UCL expressly incorporates the FAL's prohibition on unfair advertising as one form of unfair competition." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013). Accordingly, any violation of the FAL also violates the UCL. *Williams*, 552 F.3d at 938 (citing *Kasky*, 27 Cal. 4th at 950); *see also Zhang v. Superior Court*, 57 Cal. 4th 364, 380 n.9 (Cal. 2013) ("False advertising is included in the 'fraudulent' category of prohibited practices.").