# Exhibit C

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:**  <u>CV 15-05005 SJO (MRWx)</u>          **DATE:**  <u>October 26, 2015</u>

**TITLE:**    <u>James Horosny, et al. v. Burlington Coat Factory of California, LLC, et al.</u>

========================================================================
**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                          Not Present
Courtroom Clerk                           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**       **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                               Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANT BURLINGTON COAT FACTORY OF CALIFORNIA, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** [Docket No. 16]

This matter comes before the Court on Defendant Burlington Coat Factory of California, LLC's ("Burlington" or "Defendant")) Motion to Dismiss Plaintiffs James Horosny ("Horosny") and Jennifer Price's ("Price") (collectively, "Plaintiffs") First Amended Complaint ("Motion"), filed on October 1, 2015.  Plaintiffs filed their opposition to the Motion ("Opposition") on October 12, 2015,[1] and Burlington replied ("Reply") on October 19, 2015.  The Court finds this matter suitable for disposition without oral argument and hereby vacates the hearing set for November 2, 2015. *See* Fed. R. Civ. P. 78(b).  For the following reasons, the Court **DENIES** Defendant's Motion to Dismiss.

I.    FACTUAL AND PROCEDURAL BACKGROUND

      A.    Plaintiffs' Allegations in the FAC

Plaintiffs allege the following.  Plaintiff Horosny is and at all relevant times was a resident of Los Angeles County, California.  (First Am. Compl. ("FAC") ¶ 8, ECF No. 15.)  Plaintiff Price is and at all relevant times was a resident of San Diego County, California.  (FAC ¶ 9.)  Burlington is a

_____

[1] Burlington argues in its Reply that Plaintiffs' Opposition should be dismissed as untimely. (Reply 5.)  Although the Court recognizes that the Opposition was not timely filed pursuant to Fed. R. Civ. P. 6(a) in light of the Columbus Day holiday, the Court declines to strike the Opposition from the record.  Local Rule 7-12 states "[t]he Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." L.R. 7-12.  Local Rule 7-12 is permissive.  It does not require that the Court decline to consider an untimely-filed document.  The Court declines to strike the Opposition because to do so would unjustly prejudice Plaintiffs while Burlington has not been prejudiced by Plaintiffs' one-day delay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.:  **CV 15-05005 SJO (MRWx)**          DATE:  **October 26, 2015**

California limited liability company organized under the laws of the state of California, which conducts substantial business on a regular and continuous basis in the state of California.  (FAC ¶ 10.)  Burlington's principal place of business is in Burlington, New Jersey.  (FAC ¶ 10.)

All items offered for sale at Burlington's stores are displayed with a price tag which provides two prices: "the Burlington sale price, and another significantly higher price described simply as the 'Compare' price."  (FAC ¶ 16.)  Burlington uses materially similar price tags at all of its stores throughout California.  (FAC ¶ 17.)  Burlington does not provide an explanation "of what the word 'Compare' means, or [ ] any information about the comparative price other than the dollar amount and the word 'Compare.'"  (FAC ¶ 18.) Consumers are "simply presented with the [two] prices (the sale price, and the higher 'Compare' reference price) . . . and are led to believe that they are actually saving the difference between the [two] prices."  (FAC ¶ 18.)  Neither Burlington's price advertisements nor the price tags disclose "where [Burlington] came up with the 'Compare' price." (FAC ¶ 55.)  "Burlington also labels many of its products with a second price tag that purports to be the original price tag and which lists a manufacturer's suggested retail price, or 'MSRP.'"  (FAC ¶ 19.)  Burlington "does not provide any qualifying disclosure informing consumers of what its 'Compare' prices are, or what consumers are supposed to 'compare' [Burlington's] products and/or prices to."  (FAC ¶ 66.)

Plaintiffs further allege the following with respect to Burlington.  Burlington "has not . . . verified" and was "not reasonably certain that the higher prices it advertised did not appreciably exceed the prices at which substantial sales of the items were being made in California."  (FAC ¶¶ 36, 42 (emphasis omitted).)  Moreover,"the 'Compare' reference prices . . . were significantly in excess of the highest prices at which substantial sales of those products were made in California."  (FAC ¶ 43 (emphasis omitted).)  Burlington "did not ascertain whether the 'Compare' prices on its price tags . . . were in fact the prices regularly charged by a substantial number of principal outlets in California, or whether its 'Compare' prices were prices at which substantial sales of such products were made in California."  (FAC ¶ 44 (emphasis omitted).)  Burlington "does not have sufficient evidence to substantiate the validity of its 'Compare' reference prices."  (FAC ¶ 31.)  Instead, Burlington simply "make[s] up prices which it claims other merchants charge for those products, and then claims that its own prices are significantly lower. . . ."  (FAC ¶ 46.)

Plaintiffs believed that the Compare prices "represented the prices that they would expect to pay for the same products at other retailers in their general area."  (FAC ¶ 50.)  Plaintiffs relied on Burlington's comparative price representations when purchasing merchandise from Burlington's stores.  (FAC ¶ 61.)  Plaintiffs allege on information and belief that the Compare prices "were not the then prevailing retail prices for the products that they purchased from Burlington."  (FAC ¶ 51.)

During the relevant time period, Plaintiffs purchased apparel items from Burlington's stores in California.  (FAC ¶¶ 12-13).  Plaintiff Horosny purchased nine items from Burlington's West Hills, California store "for a total cash payment of $158.94."  (FAC ¶ 116.)  Each of those items was affixed with a price tag indicating a "Compare" price representation, as described above.  (FAC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CIVIL MINUTES - GENERAL**

CASE NO.:  **CV 15-05005 SJO (MRWx)**          DATE:  **October 26, 2015**

¶ 116.)  For example, on October 23, 2014, Horosny purchased a denim vest for $14.99.  (FAC ¶ 117.)  The price tag affixed to the denim vest indicated a "Compare" price of "approximately $30.00."  (FAC ¶ 117.)  Horosny also purchased on October 23, 2014 a "Soccer Polo shirt for $4.98."  (FAC ¶ 118.)  The price tag affixed to that shirt indicated a "Compare" price of "approximately $10.00."  (FAC ¶ 118.)  Horosny additionally purchased a "pair of cargo fleece pants for $12.99" on October 23, 2014.  (FAC ¶ 119.)  The price tag affixed to the cargo fleece pants indicated a "Compare" price of "approximately "$25.00."  (FAC ¶ 119.)  Horosny made other unspecified purchases at Burlington's stores during the relevant time period, each of which were affixed to price tags with materially similar "Compare" price indications.  (FAC ¶ 126.)  Plaintiffs allege the "Compare" reference prices "did not represent the prices at which a substantial volume of sales of the products Horosny purchased had sold for at other principal retail outlets in California in or about October 2014."  (FAC ¶ 121.)  Plaintiffs allege on information and belief that "the prevailing retail prices for the items that [Horosny] purchased from [Burlington] were materially lower than the "Compare" prices advertised by [Burlington]."  (FAC ¶ 125.)

Plaintiff Price made an unspecified number of purchases from Burlington's San Diego, California store.  (FAC ¶ 127.)  Plaintiffs allege on information and belief that the "comparison prices, and the corresponding price reductions and/or savings, were false and deceptive . . . and on that basis allege [ ] that the prevailing retail prices for the items that [Price] purchased from [Burlington] were materially lower than the 'Compare' prices advertised by [Burlington]."  (FAC ¶ 128.)

Plaintiffs "were misled into believing that they were receiving substantial savings on the purchase of [Burlington's] products when compared to prices charged for those same products at other retailers.  Plaintiffs . . . were misled into paying more for [Burlington's] products than they would have paid for identical products sold by other merchants."  (FAC ¶ 49.)  Plaintiffs "reasonably believed . . . that the 'Compare' prices represented the prices that they would expect to pay for those same products at other retailers in their general area."  (FAC ¶ 50.)

"Nowhere on [Burlington's] price tags, or in [Burlington's] price advertising, is it made clear to consumers, including Plaintiffs, that the advertised 'Compare' price is not the price at which a substantial number of vendors are selling the identical product."  (FAC ¶ 53.)  "Nowhere on [Burlington's] price tags, or in [Burlington's] price advertising, is it made clear to consumers, including Plaintiffs, that the advertised 'Compare' price may not be a price at which any other retailer ever offered the particular item at any time or location."  (FAC ¶ 54.)  "Nowhere on [Burlington's] price tags, or in [Burlington's] price advertising, does [Burlington] disclose to consumers, including Plaintiffs, what the 'Compare' price is, where [Burlington] came up with the 'Compare' price, or what [Burlington] means by the term 'Compare.'"  (FAC ¶ 55.)

///
///
///

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:  CV 15-05005 SJO (MRWx)**          **DATE:  October 26, 2015**

### B.    Procedural History

On July 1, 2015, Plaintiffs filed a putative class action Complaint in this Court, alleging unfair business practices, fraudulent business practices, unlawful business practices, false advertising, and violation of the California Consumer Legal Remedies Act ("CLRA").  (*See generally* Compl., ECF No. 1.)  On September 17, 2015, Plaintiffs filed the FAC, alleging the same five causes of action from the original Complaint.[2]  (*See generally* FAC.)  Specifically, Plaintiffs allege:

1.    Unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*
2.    Fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*
3.    Unlawful business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*
4.    False advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*
5.    Violation of Cal. Civ. Code §§ 1750, *et seq.*  (FAC ¶¶ 192-201.)

## II.    DISCUSSION

### A.    Legal Standards

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  In reviewing a motion to dismiss under Rule 12(b)(6), a court may consider the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters of judicial notice.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted).  A court accepts the plaintiff's factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000) (citation omitted).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted).

Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Ileto*, 349 F.3d at 1200 (citation omitted).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  To plead sufficiently, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2]  Plaintiffs amended their Complaint after meeting and conferring with Defendant on August 18, 2015 pursuant to Local Rule 7-3.  (Mot. 5.)

MINUTES FORM 11                                                                              __ : __
CIVIL GEN                              Page 4 of  10              Initials of Preparer _____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  <u>CV 15-05005 SJO (MRWx)</u>          DATE:  <u>October 26, 2015</u>

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Rule 9(b) demands that "when averments of fraud are made, the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and internal quotation marks omitted).  Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged, setting forth "what is false or misleading about a statement, and why it is false." *Id.* (citation omitted).  A complaint that fails to meet these standards will be dismissed. *Id.* at 1107.

The heightened particularity requirements of Rule 9(b) apply to state-law "false advertising" claims under statutes such as California's Unfair Competition Law ("UCL"), CLRA, and False Advertising Law ("FAL"). *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009). Accordingly, Rule 9(b) applies to Plaintiffs' state law claims in this case.

Further, for allegations based upon "information and belief" to be facially plausible, either the facts on which the allegations are based must be "peculiarly within the possession and control of the defendant," or the belief must be "based on factual information that makes the inference of culpability plausible." *Vavak v. Abbott Labs., Inc.*, No. CV 10-01995 JVS, 2011 WL 10550065, at *2 (C.D. Cal. June 17, 2011) (quoting *Arista Records, LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010)).  Factual allegations based on "information and belief" containing nothing more than a "rote recitation" of each claim's elements are insufficient. *See Simonyan v. Ally Fin., Inc.*, No. CV 12-08495 JFW, 2013 WL 45453, at *2 (C.D. Cal. Jan. 3, 2013).

B.      Unfair Competition Claims

The UCL, California Business and Professions Code sections 17200, *et seq.,* prohibits unfair competition including "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  "The UCL is broad in scope, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." *People ex rel. Gallegos v. Pac. Lumber Co.*, 158 Cal. App. 4th 950, 959 (2008) (citation and internal quotation marks omitted). Each of the three prongs—(1) unfair, (2) fraudulent, and (3) unlawful business act or practice—rests upon a separate and distinct theory of liability. *See Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

To state a claim under the UCL or CLRA, "one need only show that members of the public are likely to be deceived." *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (quoting *Bank of the W. v. Super. Ct.*, 2 Cal. 4th 1254, 1267 (1992)) (internal quotation marks omitted).  To determine whether members of the public are likely to be deceived, courts apply a "reasonable

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:  CV 15-05005 SJO (MRWx)          DATE:  October 26, 2015**

consumer" standard.  *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012); *see also Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 506-07 (2003) ("[U]nless the advertisement targets a particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable consumer.").  "A reasonable consumer is 'the ordinary consumer acting reasonably under the circumstances.'"  *Davis*, 691 F.3d at 1162 (quoting *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 682 (2006)).  The reasonable consumer analysis requires that advertisements be "read reasonably and in context."  *Freeman*, 68 F.3d at 290.

"California courts . . . have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citations omitted).  "Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration and weighing of evidence from both sides and which usually cannot be made on demurrer."  *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134-35 (2007) (citation and internal quotation marks omitted).

The "unfair" prong of the UCL applies when the practice at issue allegedly violates "the policy or spirit of [anti-trust] laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition."  *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 187.  The "unfair" prong applies to business practices that offend an established "public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."  *Id.* at 184 (citations omitted).  Such an allegation of an "unfair" business practice must be "tethered" to a constitutional provision, statute or regulation.  *Id.* at 185 (citation omitted).

Toward this end, Plaintiffs allege the following in the FAC:

> Defendant has violated the 'unfair' prong of the UCL by representing false, deceptive, and/or misleading comparative prices and corresponding price discounts and/or savings for merchandise where Defendant, in fact, inflated, estimated, or fabricated the purported 'Compare' prices for such products, and failed to disclose to consumers what such 'Compare' prices were, such that the promised discount and/or saving was false, misleading and/or deceptive.

(FAC ¶ 162.)

Burlington argues that "Plaintiffs plead no facts that any purported price tags or other advertising statements are false." (Mot. 9.) Burlington additionally argues that Plaintiffs' reliance on the FTC's ".com Disclosures" guidelines is misplaced because the ".com Disclosures" only apply to online advertisements, not advertisements made in brick-and-mortar stores.  Burlington does not,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:  CV 15-05005 SJO (MRWx)          DATE:  October 26, 2015**

however, address Plaintiffs' argument that Burlington "does not, and did not, provide any disclosure of qualifying information to consumers, including Plaintiffs."[3]  (FAC ¶ 81.)

Plaintiffs rely on the FTC Pricing Guides, 16 C.F.R. § 233.2 ("Pricing Guides"), which state:

> Whenever an advertiser represents that he is selling below the prices being charged in his area for a particular article, he should be reasonably certain that the higher price he advertises does not appreciably exceed the price at which substantial sales of the article are being made in the area—that is, a sufficient number of sales so that a consumer would consider a reduction from the price to represent a genuine bargain or saving.

16 C.F.R.§ 233.2.  Further, Plaintiffs argue that, consistent with the FTC's 1983 Policy Statement on Deception, the FTC requires that a retailer make qualifying disclosures when necessary to prevent misleading representations.  (Opp'n 9 (citing *Cliffdale Assocs., Inc.*, 103 F.T.C. 110).) Plaintiffs argue that under the Pricing Guides,

> when it is made clear to the consumer that a comparison is being made with other merchandise and the other merchandise is, in fact, of essentially similar quality and obtainable in the area[,] [t]he advertiser should . . . be reasonably certain, just as in the case of comparisons involving the same merchandise, that the price advertised as being the price of comparable merchandise does not exceed the price at which such merchandise is being offered by representative retail outlets in the area.

16 C.F.R. § 233.2.  Finally, Plaintiffs argue that based on *People of Cal. v. Overstock.com, Inc.*, No. RG10-546833 (Alameda Cnty. Super. Ct., Feb. 5, 2014), "the term 'Compare At' standing alone was likely to mislead a reasonable consumer." (Opp'n 10 (citing *Overstock.com*, No. RG10-546833, at ¶ 112).)  In particular, the superior court in *Overstock* found the "use of . . . similar products to set [Advertised Reference Prices ("ARPs")] . . . to be misleading or to have the capacity to mislead consumers as those terms are used in the FAL, UCL, and CRLA [sic]." *Overstock.com*, No. RG10-546833, at ¶ 112.

---

[3]  Burlington relies heavily on this Court's Order Granting Defendant's Motion to Dismiss in *Rubenstein v. Neiman Marcus Grp., LLC.*, where the Court "held . . . that [the UCL and CLRA] claims are facially deficient because the price tag implies a comparable value rather than an actual price at a flagship store." *Rubenstein*, No. CV 14-07155 SJO, at 6 (C.D. Cal. May 12, 2015).  *Rubenstein* is distinguishable because, in that case, the plaintiff failed to sufficiently plead facts to support a claim that there was an implied comparison between prices at a traditional retail store and that particular retailer's outlet stores, or that the price tags implied a reduction based on a former price.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CIVIL MINUTES - GENERAL**

CASE NO.: **CV 15-05005 SJO (MRWx)**           DATE: **October 26, 2015**

The Court finds the FTC's Pricing Guides informative as to how a reasonable consumer might interpret a price tag.  The Pricing Guides distinguish between "former price comparisons," "retail price comparisons," and "comparable value comparisons."  *See* 16 C.F.R. §§ 233.1, 233.2. Former price comparisons indicate that the retailer formerly offered the good at the listed price, and are indicated by language such as "Formerly sold at $___" or "Were $10, Now Only $7.50!" 16 C.F.R. §§ 233.1(b)-(c).  Other language to indicate a former price includes "Regularly," "Usually," "Formerly," or "Reduced to."  16 C.F.R. §§ 233.1(e).  Retail price comparisons, on the other hand, indicate that the same article is sold by other merchants at a particular price, and are indicated by language such as "Price Elsewhere $10, Our Price $7.50" or "Retail Value $15.00, My Price $7.50."  16 C.F.R. §§ 233.2(a)-(b).  Finally, comparable value comparisons merely indicate that merchandise of "like grade and quality" are sold by the advertiser or others in the area at the listed price, and can be indicated by language such as "Comparable Value $15.00." 16 C.F.R. § 233.2(c).

The FTC stated in its 1983 Policy Statement on Deception that "[a] misleading omission occurs when qualifying information necessary to prevent a practice, claim, representation, or reasonable expectation or belief from being misleading is not disclosed."  James C. Miller III, *Policy Statement on Deception* (Oct. 14, 1983) *appended to Cliffdale Assocs., Inc.*, 103 F.T.C. 110.  In *Overstock.com*, the superior court held that "the FAL and the UCL are flexible enough to allow the [plaintiffs] to challenge ARPs that frustrate reasonable consumer expectations by . . . basing ARPS on 'similar' products **without effectively disclosing that the comparison is to a non-identical item**."  *Overstock.com*, No. RG10-546833, at ¶ 111 (emphasis added).  In other words, the superior court found that a viable claim may exist against a retailer where the retailer omitted information qualifying the nature of the comparison itself, rather than information detailing the prices of comparable items.  Plaintiffs here have adequately pled that Burlington's "Compare" price tags failed to disclose "what Defendant means by the term 'Compare.'"[4]  (FAC ¶¶ 7, 55, 162, 185.) Accordingly, the Court **DENIES** Burlington's Motion to Dismiss Plaintiffs' UCL claims.[5]

///
C.     False Advertising Claim

Plaintiff also brings claims under California's FAL, which provides:

---

[4]  The Court recognizes Burlington's arguments that Plaintiffs fail to sufficiently allege facts regarding the veracity of the "Compare" prices in order to satisfy Rule 12(b)(6).  (Mot. 9.) However, because the FAC alleges sufficient facts regarding the misleading nature of the omitted qualifying disclosure, the Court does not address the merits of those arguments.

[5]  Because the Court denies Burlington's Motion to Dismiss based on the UCL's unfair prong, the Court need not reach the fraudulent or unlawful prongs.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:**  <u>CV 15-05005 SJO (MRWx)</u>          **DATE:**  <u>October 26, 2015</u>

> It is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, . . . any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . .

Cal. Bus. & Prof. Code § 17500.  The FAL further provides:

> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal. Bus. & Prof. Code § 17501.

"To state a claim under . . . the FAL . . ., it is necessary only to show that members of the public are likely to be deceived." *Pulaski & Middleman, LLC v. Google, Inc.*, — F.3d —, No. 12-16752, 2015 WL 5515617, at *4 (9th Cir. Sept. 21, 2015) (citations omitted).  As discussed above, Plaintiffs have sufficiently alleged that Burlington's omission of a qualifying disclosure was misleading within the meaning of the UCL.  For the same reasons, the omission is misleading within the meaning of the FAL.  The Court accordingly **DENIES** Burlington's Motion to Dismiss Plaintiff's FAL claim.

> D.      Consumers Legal Remedies Act

The CLRA deems unlawful any act "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions" that is "undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."   Cal. Civ. Code § 1770(a)(13).

"[I]n order for non-disclosed information to be material, a plaintiff must show that 'had the omitted information been disclosed, one would have been aware of it and behaved differently.'" *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 940 (C.D. Cal. 2012) (quoting *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 971 (N.D. Cal. 2008)).  "Materiality, for CLRA claims is judged by the effect on a reasonable consumer."  *Oestreicher*, 544 F. Supp. 2d at 971 (citing *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003)).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority     _____
Send     _____
Enter     _____
Closed     _____
JS-5/JS-6     _____
Scan Only     _____

**CASE NO.:  CV 15-05005 SJO (MRWx)**          **DATE:  October 26, 2015**

As discussed above, to state a claim under the CLRA, "one need only show that members of the public are likely to be deceived."  *Freeman*, 68 F.3d at 289 (quoting *Bank of the W.*, 2 Cal. 4th at 1267) (internal quotation marks omitted).  Again, Plaintiffs have sufficiently alleged that Burlington's omission of a qualifying disclosure was misleading within the meaning of the UCL and the FAL.  For the same reasons, the omission is misleading within the meaning of the CLRA.  Additionally, Plaintiffs have alleged that they would not have purchased the products that they did had Burlington made an appropriate qualifying disclosure.  The Court accordingly **DENIES** Burlington's Motion to Dismiss Plaintiff's CLRA claim.

III.   Ruling

For the foregoing reasons, the Court **DENIES** Burlington Coat Factor of California, LLC's Motion to Dismiss Plaintiffs' First Amended Complaint.  Burlington has ten (10) days from the issuance of this Order to file an Answer to the First Amended Complaint.

IT IS SO ORDERED.