UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEANNE STATHAKOS, ET AL.**, <br> Plaintiffs, <br> v. <br> **COLUMBIA SPORTSWEAR COMPANY, ET AL.**, <br> Defendants. | Case No. 15-cv-04543-YGR <br><br> **ORDER DENYING MOTION TO DISMISS**[1] <br> Re: Dkt. No. 38 |

Plaintiffs Jeanne Stathakos and Nicolas Stathakos (collectively, "plaintiffs") bring this action on behalf of themselves and all others similarly situated against defendants Columbia Sportswear Company and Columbia Sportswear USA Corporation (collectively, "defendants" or "Columbia") for alleged use of deceptive and misleading labeling and marketing of merchandise in its company-owned Columbia Outlet stores. In their Third Amended Complaint, plaintiffs bring five causes of action: three claims under the Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.* (the "UCL");[2] one claim under the False Advertising Law, California Business & Professions Code §§ 17500, *et seq.* (the "FAL");[3] and one claim under the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.* (the "CLRA").[4] (Dkt. No. 35, "TAC.") Based thereon, plaintiffs seek restitution and/or other equitable relief, actual and

---

[1] The Court hereby **VACATES** the hearing on this motion set for May 3, 2016.

[2] The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

[3] The FAL prohibits the dissemination of false or misleading statements in connection with advertising. Cal. Bus. & Prof. Code § 17500.

[4] The CLRA makes illegal various "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).

1   punitive damages, an injunction preventing continuing violations of the UCL, FAL, and CLRA,
2   and attorneys' fees and costs, on behalf of themselves and all other members of the class.
3         Currently pending before the Court is defendants' motion to dismiss under Rule 12(b)(6)
4   for failure to meet the plausibility requirement under Rule 8 and the particularity standard under
5   Rule 9(b).  (Dkt. No. 38 at 5, "Mtn.")  Additionally, defendants seek to dismiss plaintiffs' request
6   for monetary restitution as barred as a matter of law.  (Mtn. 11.)  Plaintiffs filed their response in
7   opposition to the motion to dismiss on April 12, 2016 (Dkt. No. 39, "Opp'n"), and defendants
8   filed a reply in support of their motion to dismiss on April 19, 2016 (Dkt. No. 40, "Reply").
9         Having carefully considered the papers and evidence submitted, the pleadings in this
10  action, and for the reasons set forth more fully below, the Court hereby **DENIES** defendants'
11  motion to dismiss.

### I. FACTUAL ALLEGATIONS

Defendants are Oregon corporations with their principal place of business in Oregon. (TAC ¶ 20.)  Defendants sell sportswear and other products through a variety of channels: its own stores, stores of its wholesale partners, and online.  (Mtn. 1–2.)  As of 2015, defendants operated nine Columbia Outlet stores in California.  (TAC ¶ 21.)

Plaintiffs are individuals who reside in the city of Oakland, California.  (TAC ¶ 19.)  On July 26, 2015, plaintiffs entered a Columbia Outlet store in Vacaville, California.  (TAC ¶ 34.) Upon entering, they noticed that the merchandise was advertised with price tags denoting two prices:  a higher price (the "Reference Price") and the sales sticker price tag (the "Sales Price"). (*Id.*)  The difference between the Reference Price and the Sales Price represented "a significant savings," which enticed plaintiffs to purchase merchandise from defendants.  (*Id.*)  For instance, plaintiffs purchased a pair of women's shorts "with a Reference Price of $30.00 and a [Sales Price] of $14.97."  (*Id.*)  As the TAC alleges, "[p]laintiffs understood the Reference Price to be a true former price of the item, as sold at a mainline Columbia store or other non-outlet retailer." (*Id.* at ¶ 35.)

However, plaintiffs allege that defendants "never intended to, nor did it ever, sell the items [p]laintiffs purchased at the represented Reference Prices, thus inflating the [p]laintiffs'

2

conception of their savings." (*Id.* at ¶ 40.) Indeed, defendants sell "certain goods manufactured for *exclusive* sale at its Columbia Outlet stores and other outlet stores, which means that such items were never sold—or even intended to be sold—at the Reference Price advertised on the price tags." (*Id.* at ¶ 5.)

Plaintiffs further allege that the "entire price tag—indeed the entire 'outlet store motif'—is designed to falsely convince [sic] consumers that they are buying main line retail designer brand products at reduced prices" but consumers are in fact "buying lower quality goods that were never offered or sold as genuine quality designer brand clothing and accessories." (*Id.* at ¶ 7.)

Thus, plaintiffs allege, defendants have been—and continue to be—engaged in a "false and deceptive advertising and pricing scheme" in violation of the UCL, the FAL, and the CLRA.

## II. COLUMBIA'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Columbia seeks dismissal on the grounds that the TAC fails to state facts sufficient to constitute a cause of action. Specifically, Columbia contends that the TAC contains only conclusory allegations which are insufficient under Federal Rules of Civil Procedure Rules 8 and 9(b). Additionally, Columbia seeks to strike plaintiffs prayers for damages and monetary restitution as barred as a matter of law.

### A. Legal Standard

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536

3

F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 554–55 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Additionally, Rule 9 establishes a heightened pleading standard for allegations of fraud. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (noting that to be alleged with particularity under Rule 9(b), a plaintiff must allege "the 'who, what, when, where, and how'" of the alleged fraudulent conduct); *see also Tatung Co., Ltd. v. Shu Tze Hsu*, 43 F. Supp. 3d 1036, 1060 (C.D. Cal. 2014) (applying Rule 9(b)'s heightened pleading standard to state law claims brought in federal court). Moreover, where a plaintiff alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim[,] . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04, 1106 (9th Cir. 2003) (holding "the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct [alleged] so that they can defend against the charge and not just deny that they have done anything wrong" (internal quotations and citations omitted)).

4

### B. Analysis

#### 1. Rule 9(b) Particularity (All Counts)

Defendants move to dismiss on the grounds that the TAC fails to meet the heightened pleading standard of Rule 9(b). In particular, they argue the TAC is deficient because it does not allege (i) the selling price for five of the six items allegedly purchased; (ii) that plaintiffs engaged in a pre-suit investigation supporting the conclusion that the Reference Prices were not the former, original, or regular prices for the exact same items; and (iii) facts supporting the conclusion that reasonable consumers would understand the Reference Prices to be former, original, or regular prices. Given the amount of detail alleged by plaintiffs in the TAC regarding the "who, what, when, where, and how" of the alleged fraud, the Court finds defendants' arguments unpersuasive. *Cooper*, 137 F.3d at 627. Simply put, the TAC meets the Rule 9(b) particularity standard by alleging detailed information regarding plaintiffs' claims, including: the date plaintiffs purchased items from defendants; the number of items bought; the location of the store; the Sales Price and Reference Price for one of the items;[5] and that such items were manufactured for exclusive sale at Columbia Outlet stores. (TAC ¶¶ 34–40.) Plaintiffs need not allege more. *Cooper*, 137 F.3d at 627 ("[w]e decline to require that a compliant must allege specific [transactions] to specific customers at specific times with a specific dollar amount of improperly recognized revenue"). This level of specificity enables defendants to "prepare an adequate answer from the allegations." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir. 1986); *see Fecht v. Price Co.*, 70 F.3d 1078, 1083 (9th Cir. 1995) ("a complaint alleging that the plaintiff bought a house from the defendant, that the defendant assured the plaintiff that the house was in

---

[5] Defendants fault plaintiffs for not listing the Sales Prices and References Prices for five other items allegedly purchased. (Mtn. 9.) Plaintiffs have, however, averred that they also presented "misleading Reference and [S]ales [P]rices." (Opp'n 17.) Additionally, plaintiffs listed the product codes and descriptors of such items in the TAC. (TAC ¶ 36 n.1.) Defendants' citation to *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) and *Wang v. OCZ Technology Group, Inc.*, 276 F.R.D. 618 (N.D. Cal. 2011) do nothing to support their position that this is insufficient. *See Kearns*, 567 F.3d at 1126 (finding that plaintiff failed to identify the "who, what, when, where, and how" by not even identifying when he was exposed to the misleading material or even which "sales material he relied upon in making his decision to buy"); *Wang*, 276 F.R.D. at 627 (dismissing because plaintiff failed to allege when he viewed the material and what "material caused him to rely on [defendant's] representations").

perfect shape, and that the house was in fact built on landfill, would satisfy rule 9(b)" (internal citation omitted)).

The Court finds defendants' other arguments to the contrary unpersuasive. First, defendants also argue that the TAC should be dismissed because plaintiffs failed to plead that they had conducted a pre-suit investigation supporting the conclusion that the Reference Prices are not "former, original, or regular prices." (Mtn. 4.) Specifically, defendants argue that plaintiffs have failed to allege any "pre-suit investigation revealing that the items they purchased were previously sold . . . at a price lower than the alleged Reference Price." (*Id.*) However, plaintiffs are not required to plead that they had conducted a pre-suit investigation—or include the results of such investigations—in every case, particularly where the information is not within the personal knowledge of the pleader. *E.g.*, *P&P Marketing, Inc. v. Ditton*, 746 F. Supp. 1354, 1363 (N.D. Ill. 1990) ("Rule 9(b) requirements should not be interpreted to require a pleading to go beyond the specifics of a fraudulent scheme and demonstrate compliance with Rule 11 investigation requirements."); *United States v. Melrose-Wakefield Hospital*, No. 01-cv-10583, 2003 WL 21228801, at *4 (D. Mass. May 21, 2003) (noting that plaintiffs are "not required to 'plead all of the evidence or facts supporting [the complaint]'" (citation omitted)). Additionally, plaintiffs here are pleading not that the Reference Prices are inaccurate because the reference price should have been lower. Rather, plaintiffs have alleged that there should have been no reference price because the products at issue were sold exclusively at Columbia Outlet stores and were *not* previously sold at the higher Reference Price at all. (TAC ¶ 5); *see Sperling v. Stein Mart, Inc.*, No. 15-cv-1411, at *9 (C.D. Cal. Mar. 15, 2016) (Opp'n Ex. B) (finding sufficient allegations that "no retailer other than [d]efendant sells or has sold [the] pants at the 'Compare At' price advertised by [d]efendant or at any other price" (citation omitted)); *cf. Jacobo v. Ross Stores, Inc.*, No. 15-cv-4701, at *8–9 (C.D. Cal. Feb. 23, 2016) (Mtn. Ex. A) (noting that allegations regarding lower prices at other stores should not be made on information and belief but that plaintiffs could have alternatively pled that "identical items could not be found at other stores in the area" and that such allegations would have been "sufficient"). Defendants' implicit request to engage in merits analysis relative to plaintiffs' investigation is premature.

6

Second, defendants argued that the TAC failed to allege facts supporting the conclusion that reasonable consumers would understand the Reference Prices to refer to former, original, or regular prices for the exact same item. (Mtn. 10.) The Court finds that it is facially plausible that plaintiffs and other reasonable consumers would understand the Reference Prices at issue here to refer to former prices for the same product rather than comparable prices for similar products. In any event, this is a question of fact not suitable for disposition at this stage. *See Willams v. Gerber Prods. Co.*, 552 F.3d 934, 938–39 (9th Cir. 2008).[6]

Accordingly, defendants' motion on Rule 9(b) grounds is **DENIED**.

### 2. Request for Monetary Restitution

Defendants have argued that, as a matter of law, the proper measure of monetary restitution is the difference between what was paid and the value of what was received. (Mtn. 11–16 (citing cases).) Thus, defendants argue, because plaintiffs made no allegations about the "nature and quality" of the items they purchased, their allegations are insufficient to determine what monetary restitution should be. (*Id.* at 14.) Defendants do not contest that plaintiffs are entitled to monetary restitution, just that they are entitled only to one type of monetary restitution and are foreclosed now from doing so because they have failed to plead the necessary facts in the TAC.

At this juncture, plaintiffs may plead alternate measures of damages. Even cases cited by defendants acknowledge measures in addition to one method of calculating monetary restitution. (Opp'n 20–23); *see In re Tobacco Cases II*, 240 Cal. App. 4th 779, 792–93 (2015), *review denied* (Dec. 9, 2015); *Jacobo*, at *1 ("Remedy for the alleged misconduct is not limited to the difference between the value of the goods [p]laintiffs purchased and the price for those goods."). The question of whether or not plaintiffs can later prove the amount of monetary restitution is a

---

[6] Additionally, defendants have argued that the Attorney General has held that a Reference Price can refer both to the price of the same item or to the price of a similar, comparable item. (Mtn. 11 (citing Atty. Gen. Opinion 127 (1957) (Mtn. Ex. C).) Thus, argue defendants, because no allegations have been made "that similar products were not sold for the Reference Prices," plaintiffs have failed to state a claim. (Reply 8.) However, as plaintiffs argue, they have alleged that because each of the products at issue here are manufactured for "exclusive sale at Columbia Outlet, there is no market for the items outside of Columbia Outlet stores, and the 'actual selling price of the article on the open market' is coextensive with the price Columbia Outlet charges." (Opp'n 7.) Whether products exist that are similar enough to the products sold to fall within the Attorney General's opinion is a fact issue not ripe for disposition at this time.

7

question better addressed at a later stage. *See, e.g.*, *Russell v. Kohl's Dep't Stores, Inc.*, No. 15-cv-1143, at *5 (C.D. Cal. Oct. 6, 2015) (Opp'n Ex. D) ("While it remains to be seen whether [p]laintiffs can adduce sufficient evidence of a measurable amount of restitution, such an inquiry is premature at this early pleading stage.").

Accordingly, defendants' motion to dismiss plaintiffs' plea for restitution is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **DENIED**.  Parties are hereby notified that, pursuant to Fed. R. Civ. P. 16(b) and Civil L.R. 16-10, a Case Management Conference shall be held in this case on **Monday, June 6, 2013** at **2:00 p.m.**, at the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building, Oakland in Courtroom 1.[7]

**IT IS SO ORDERED.**

This Order terminates Docket Number 38.

Dated: May 2, 2016

*(signature)*
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[7] The parties shall file a joint case management conference statement seven days in advance of the case management conference date.  The statement must include all elements requested in the "Standing Order for All Judges of the Northern District of California—Contents of a Joint Case Management Statement."  As set forth in the Court's Standing Order in Civil Cases, these conferences are intended to be substantive and productive.  Accordingly, each party shall be represented at the Case Management Conference by counsel with authority to enter into stipulations and make admissions pursuant to Fed. R. Civ. P. 16(a) and (c), as well as fully prepared to address all of the matters referred to in the CAND CMC Order and Civil L.R. 16-10(b).  Failure to do so may be considered grounds for sanctions.