Kristen Law Sagafi (Cal. Bar No. 222249)
Martin D. Quiñones (Cal. Bar No. 293318)
**TYCKO & ZAVAREEI LLP**
483 Ninth Street, Suite 200
Oakland, CA 94607
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
E-mail: ksagafi@tzlegal.com
E-mail: mquinones@tzlegal.com

*Attorneys for Plaintiff and proposed Class Members*

Craig Cardon (Cal. Bar No. 168646)
Jay Ramsey (Cal. Bar No. 273160)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3749
Facsimile: (310) 228-3701
E-mail: ccardon@sheppardmullin.com
E-mail: jramsey@sheppardmullin.com

*Attorneys for Defendants*

*Additional counsel listed on following page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| JEANNE and NICOLAS STATHAKOS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COLUMBIA SPORTSWEAR COMPANY; COLUMBIA SPORTSWEAR USA CORPORATION,<br><br>Defendants. | Case No. 15-cv-04543-YRG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 3, 2016<br>Time: 2:00 p.m.<br>Courtroom: 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

Hassan A. Zavareei, California Bar No. 181547
Jeffrey D. Kaliel, California Bar No. 238293
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW, Suite 1000
Washington, DC 20036
Telephone (202) 973-0900
Facsimile (202) 973-0950
Email: hzavareei@tzlegal.com
Email: jkaliel@tzlegal.com


Jeffrey Ostrow, Florida Bar No. 121452 (pro hac vice to be filed)
Scott A. Edelsberg, Florida Bar No. 0100537
**KOPELOWITZ OSTROW P.A.**
200 S.W. 1st Avenue, 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
Email: ostrow@kolawyers.com
Email: edelsberg@kolawyers.com

*Attorneys for Plaintiff and proposed Class Members*

Plaintiffs Jeanne and Nicolas Stathakos ("Plaintiffs") and Defendants Columbia Sportswear Company and Columbia Sportswear USA Corporation ("Defendants" or "Columbia") jointly submit this Case Management Statement. Counsel for the parties have worked together cooperatively to set forth joint statements where possible, and, where not possible, they have set forth the parties' respective positions.

I.  **Facts**

Plaintiff's Statement:

For the Court's convenience, Plaintiff's restate here the facts as stated in the parties' prior joint Case Management Statement, submitted on January 22, 2016.

Plaintiffs allege that Columbia misrepresented the existence and amount of price discounts on products sold at Columbia Outlet stores (Outlet Products) by purporting to offer discounts off a higher former, original, or regular price. Plaintiffs allege that Columbia never sold the Outlet Products at the higher price, which appears on price tags for Columbia Outlet merchandise. Rather, Plaintiffs allege that Columbia included the higher price on the price tags to create the illusion of a discount that would induce consumers to purchase the Outlet Products based on a mistaken belief that the Outlet Products were being offered at a deep discount.

In reliance on Columbia's pricing scheme, which indicated the existence of a deep discount, Plaintiffs Jeanne and Nicolas Stathakos purchased six items from the Columbia Outlet store in Vacaville, CA in July 2015. Had they known that the products they purchased were never sold at the higher indicated price, they would have perceived the value of the items differently and would not have purchased them or would have paid less for them.

Plaintiffs allege that Columbia's pricing scheme is false and misleading in violation of the Consumers Legal Remedies Act and Cal. Business and Professions Code sections 17200 et seq. and 17500 et seq.

Plaintiffs bring their claims on behalf of themselves and all California residents who, within the applicable statute of limitations, purchased a Columbia Outlet Product with a price tag

indicating that the current price reflected a discount from the higher former, original, or regular price, when in fact Columbia did not regularly sell the item at the higher price.

Defendant's Statement:

Columbia denies that its outlet pricing and price tags are false or misleading in any way. Without going into great detail, Columbia denies that its use of two prices on its price tags at the outlet is deceptive in any way or that a reasonable consumer would be deceived by Columbia's pricing. Moreover, Columbia contends that its products sold at the outlet are identical to products sold inline, except for minor aesthetic changes, and therefore have the same value as comparable products sold inline. As a matter of law, therefore, Columbia contends that its pricing is not deceptive. Further, even if Columbia's pricing were deceptive, Plaintiffs cannot prove cognizable harm sufficient to confer a right to any monetary relief, whether through damages or restitution. Put simply, Plaintiffs and the putative class purchased goods at prices well below what the products were worth, and therefore they have not been damaged and are not entitled to restitution. In addition, these issues – among many others – will create a number of individualized inquiries that preclude class certification.

## II. Legal Issues

The following lists of legal issues may not include every issue that will arise or that the Court will have to address. The parties reserve the right to raise additional legal issues should it become appropriate.

Plaintiffs' Statement of Legal Issues:

Whether, during the Class Period, Columbia used false or misleading price representations or falsely advertised price discounts on Columbia Outlet Products.

Whether, during the Class Period, the higher prices appearing on Columbia Outlet Product price tags were the prevailing market prices during the three months prior to the dissemination of the advertised higher prices.

Whether Columbia's reference pricing scheme was likely to deceive reasonable

consumers.

Whether the alleged savings promised by Columbia's reference pricing scheme were material to reasonable consumers.

Whether Defendants' alleged misconduct violates California's Unfair Competition Law, California Business & Professions Code sections 17200, *et seq.*; California's False Advertising Law, California Business & Professions Code sections 17500, *et seq.*; or the Consumers Legal Remedies Act, Cal. Civil Code section 1750, *et seq*.

Whether Columbia's alleged misconduct was intentional or knowing.

Whether a class or classes of consumers who purchased Columbia Outlet Products in reliance on false and misleading reference prices should be certified pursuant to Federal Rule of Civil Procedure 23, including, without limitation, whether (a) an ascertainable class can be identified; (b); Plaintiffs' claims are typical of the class they purport to represent; (c) individual issues predominate over common issues; and (d) a class action is a superior method of adjudicating this controversy.

Whether Plaintiffs and the proposed Class are entitled to restitution and/or damages, and if so, in what amount.

<u>Defendants' Statement of Additional Legal Issues:</u>

Whether California law can be used to enforce FTC Regulations, let alone FTC guidelines;

Whether California Business & Professions Code § 17501 applies to the various items sold at Columbia's outlet stores, including, without limitation, whether § 17501 applies to identical items or similar items, or introductory sale items;

Whether Plaintiff's reference to "reference prices" are "former prices" within the meaning of § 17501;

What is a "similar product" within the meaning of either the FTC guidelines or § 17501;

Whether Plaintiffs have standing to sue on behalf of a class that purchased product they did not purchase;

Whether a purported representation of a discount affects the value of the good sold or confers standing to sue.

Whether and, if so, how Plaintiffs or the putative class have been injured or harmed sufficient to entitle them to a monetary award.

### III. Motions

Plaintiffs intend to file a Motion for Class Certification, currently due on November 18, 2016. Columbia's Response is due January 20, 2017, and Plaintiffs' Reply is due February 17, 2017. Plaintiffs anticipate disclosing one or more expert witnesses and submitting reports of each such expert pursuant to Fed. R. Civ. P. 26(a)(2) concurrently with the filing of the initial Motion.

As noted below, the parties will conduct expert discovery related to certification of the class concurrently with the class certification briefing period. As such, both parties may file motions challenging a report of another party's expert, pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). The parties would like to seek the Court's input and guidance regarding how the Court would prefer to receive briefing, if any, concerning any challenge to either side's expert(s). For example, the parties could set a briefing schedule on any *Daubert*-like motion to coincide with the class certification briefing schedule, or the parties could include such objections in a form similar to evidentiary objections. The parties would like to solicit the Court's views on how this should be accomplished.

Either party may also file a motion for summary judgment or summary adjudication. No deadlines have currently been set for the filing of motions for summary judgment, and the parties have not discussed a timetable for those filings, if any.

### IV. Amendment of Pleadings

Plaintiffs' Statement: Plaintiffs consider the pleadings settled and anticipate no further amendments to their Third Amended Complaint.

## V. Discovery

Except as set forth below with respect to the current state of discovery, the parties do not anticipate limitations or modifications of the discovery rules at this time.

The parties have exchanged multiple rounds of document discovery including interrogatories, requests for admission, and requests for production of documents. As a general matter, document discovery has been cordial and productive. While the Court has not bifurcated discovery, Plaintiffs have attempted to limit their requests to discovery necessary for class certification purposes to reduce the burden on Columbia and ensure that discovery prior to class certification is proportional to the needs of the case. Columbia has objected to discovery where it believes is appropriate to limit any such burdens to the needs of the case.

Plaintiffs have noticed a deposition of Columbia Sportswear Co. pursuant to Fed. R. Civ. P. 30(b)(6), which will take place in Portland Oregon on September 27 and September 28, 2016. Columbia currently intends on noticing the depositions of Plaintiffs in the next month or so and will work with Plaintiffs' counsel on appropriate dates.

Plaintiffs submit concurrently with this Case Management Statement a letter-brief pursuant to Section 8 of the Court's Standing Order in Civil Cases, addressing a discovery dispute that requires the Court's intervention in advance of Plaintiffs' Motion for Class Certification.

## VI. Class Actions

Plaintiffs seek to adjudicate their claims on a classwide basis on behalf of all similarly situated consumers in California under Federal Rule of Civil Procedure 23(b)(3).

## VII. Related Cases

The parties are unaware of any related cases.

## VIII. Relief

Plaintiff's Statement:

Plaintiffs seek, on behalf of themselves and all class action members, a declaratory

judgment that the practices complained of are unlawful; an order enjoining Columbia from engaging in the allegedly false and misleading pricing scheme; actual, compensatory, and/or punitive damages; restitution; attorneys' fees and costs; pre-judgment and post-judgment interest; and any other relief the Court deems necessary and appropriate.

Plaintiffs cannot presently calculate the total amount of monetary relief because Defendants have not yet produced complete sales or pricing information from which to determine the appropriate amount of damages or restitutionary relief. Acceptable measures of restitution include the total revenue from improperly priced items; profits Defendants' earned as a result of the alleged misconduct, or the amount plaintiffs would have saved if Columbia offered the promised percentage discount off the true regular price, as opposed to the false reference price. *Spann v. J.C. Penney Corp*., 307 F.R.D. 508, 529 (C.D. Cal. 2015).

Defendants' Statement:

Columbia contends that it did not violate the law and therefore neither Plaintiffs not the putative class are entitled to any relief. Moreover, with respect to monetary relief, Columbia contends that no damages are available under Plaintiffs' UCL claims. Moreover, under *In re Tobacco II Cases*, 240 Cal. App. 4th 779 (2015), restitutionary relief would not appear to be available, either. Under the CLRA, damages for a false advertising-type claim would be calculated by comparing the difference in value of the products at issue without the alleged misrepresentation and the value of those products with the alleged misrepresentation. Columbia believes there is no difference in ultimate value of the products at issue based upon Plaintiffs' allegations of deceptive comparative pricing. Plaintiffs are not, for example, claiming that they received something worth less than what they paid (or, if they are, they will be unable to prove it, let alone on a classwide basis). Indeed, any attempt to calculate what the value of any alleged misrepresentation was to each individual consumer would necessarily implicate highly individualized issues that would defeat class certification.

### IX. Settlement and ADR

Plaintiffs' Statement:

The Parties have engaged in limited informal settlement discussions but have not pursued mediation or other formal alternative dispute resolution. Plaintiff is amenable to mediation at any time.

### X. Consent to Magistrate Judge for All Purposes

The parties do not consent to a magistrate judge overseeing the case for all purposes.

### XI. Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XII. Narrowing of Issues

The parties are currently unaware of any issues that can be narrowed by agreement or by motion, and do not currently have any suggestions to expedite the presentation of evidence at trial. The parties currently have no request to bifurcate issues, claims, or defenses for trial at this time (as noted above, however, Columbia believes bifurcated discovery is appropriate).

### XIII. Expedited Schedule

The parties believe that this case should proceed in the normal course and not on an expedited basis.

### XIV. Scheduling

As discussed during the parties initial Case Management Conference on January 29, 2016, the parties intend to conduct expert discovery related to class certification concurrently with the briefing schedule. Plaintiffs intend to disclose their expert witness(es) at the time the initial Motion for Class Certification is filed on November 18, 2016, and Defendants will conduct and

deposition discovery of Plaintiffs' witness(es) prior to their response filing deadline on January 20, 2017. Plaintiffs' reply is currently due on February 17, 2017, and hearing on the motion is currently set for March 7, 2017. As such, either party may file a motion challenging another party's expert witness(es) pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). As noted above, the parties would like to discuss with the Court how the Court would like to proceed with respect to *Daubert*-like challenges to expert opinions on class certification.

The parties presently foresee no obstacles to completing the Class Certification Briefing schedule as currently ordered. If, however, following the September 27 and September 28 depositions of Columbia Sportswear Co., Plaintiffs believe that additional time is needed to conduct discovery related to class certification, Plaintiffs will meet and confer with Columbia and promptly seek the Court's leave to continue the briefing schedule if necessary.

### XV. Trial

Both parties demand a jury trial.

The parties respectfully submit that it is premature to estimate the number of trial days required prior to the Court's ruling on Plaintiffs' anticipated Motion for Class Certification. The scope and length of any trial will be substantially impacted by the Court's ruling on the certification motion. The parties agree that following the Court's ruling on class certification, they will meet and confer about a trial estimate and submit a joint statement to the Court for approval.

### XVI. Disclosure of Non-Party Interested Entities or Persons

Both parties will file their "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 before the Initial Case Management Conference.

### XVII. Professional Conduct

All counsel of record have reviewed the Guidelines for Professional Conduct for the Northern District of California and confirm their commitment to adhere to them.

**XVIII. Other Matters**

The parties have no other matters to bring before the Court at this time.

Dated: September 26, 2016				By:	/s/ Kristen Law Sagafi
							Kristen Law Sagafi

							*Attorneys for Plaintiff and Proposed Class Members*

Dated: September 26, 2016				By:	/s/P. Craig Cardon
							P. Craig Cardon

							*Attorneys for Defendants*

# ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory above.

Dated: September 26, 2016			TYCKO & ZAVAREEI LLP

						By: /s/ Kristen Law Sagafi