# QUINONES DECL. EXHIBIT F

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
P. CRAIG CARDON, Cal. Bar No. 168646
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701
ccardon@sheppardmullin.com
jramsey@sheppardmullin.com

Attorneys for Defendants
COLUMBIA SPORTSWEAR
COMPANY and COLUMBIA BRANDS
USA, LLC (f.k.a. COLUMBIA
SPORTSWEAR USA CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE and NICOLAS STATHAKOS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA SPORTSWEAR COMPANY; COLUMBIA SPORTSWEAR USA CORPORATION;<br><br>Defendants. | Case No. 4:15-cv-04543-YGR<br><br>*Hon. Yvonne Gonzalez Rogers*<br><br>**COLUMBIA'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES PROPOUNDED BY PLAINTIFFS JEANNE and NICOLAS STATHAKOS** |

PROPOUNDING PARTY:    PLAINTIFFS JEANNE and NICOLAS STATHAKOS

RESPONDING PARTY:      DEFENDANTS COLUMBIA SPORTSWEAR

                                              COMPANY; COLUMBIA SPORTSWEAR USA

                                              CORPORATION

SET NO.:                           ONE

Defendant Columbia Sportswear Company ("Columbia"), for itself and no other party, hereby provides the following supplemental responses to the First Set of Interrogatories ("Interrogatories") propounded by Plaintiffs Jeanne and Nicolas Stathakos, as set forth below.

## GENERAL RESPONSES AND GENERAL OBJECTIONS

1. Columbia has not completed its investigation or its discovery relating to this case. Further investigation and discovery may uncover additional information not herein provided and/or currently unavailable to Columbia, or may indicate or illuminate the significance of information now available to Columbia. The following responses ("Responses"), therefore, are based on, and are necessarily limited by, the information and records available to Columbia. Accordingly, these Responses are given without prejudice to Columbia's right to produce at trial any additional information or evidence, including, without limitation, any subsequently discovered facts or interpretations of previously known facts. Furthermore, the Responses are made without waiving the right to revise, correct, supplement or clarify any of the Responses below, at any time.

2. Columbia is responding to the Interrogatories as it interprets and understands them. If Plaintiffs subsequently assert an interpretation of the Interrogatories that differs from the understanding of Columbia, Columbia reserves the right to supplement its objections and/or Responses herein.

3. These Responses are made solely for the purpose of, and in relation to, this action. Each response is given subject to all appropriate objections, including but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require the exclusion of any statement if it were made by a witness present and testifying in court. All objections and grounds are, therefore, reserved and may be interposed at any time.

4. No admission of any nature whatsoever is to be implied or inferred. All responses must be considered as given on the basis of present understanding.

Nothing herein shall be construed as an admission respecting the admissibility or relevance of any fact or document, or the relevance, truth, or accuracy of any characterization or statement of any kind contained in the Interrogatories.

5. Columbia objects to each of the Interrogatories to the extent that it calls for information subject to the attorney-client privilege, the work product doctrine, or other privileges. Columbia will not provide such privileged information. Nothing contained in these responses is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, any work product protection or any other applicable privilege, doctrine or immunity.

6. Columbia objects to each of the Interrogatories to the extent that it seeks confidential, trade secret and/or proprietary information. To the extent the Interrogatories call for the disclosure of confidential, proprietary and/or trade-secret material, such material will be produced, if at all, subject to a protective order to be entered in this action.

7. Columbia objects to each of the Interrogatories to the extent that it is overbroad, unduly burdensome and oppressive and harassing and not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources and the importance of the discovery in resolving the issues, and also to the extent the burden or expense of responding to the discovery outweighs its likely benefit.

8. Columbia objects to each of the Interrogatories to the extent that it seeks information not relevant to the claims or defenses asserted in this case.

9. Columbia objects to the Interrogatories to the extent they seek to impose upon Columbia burdens and obligations beyond what is required by the Federal Rules of Civil Procedure.

10. Notwithstanding the specificity of Columbia's responses set forth below, MGM expressly incorporates this General Response and these Objections by reference as though fully set forth into its responses to each of the Interrogatories.

Thus, if any objection contained above is not restated under the specific response to an individual Interrogatory, this should not be construed as a waiver of any such objections.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Columbia objects to the following terms, which were specially defined in the Requests:

1. Columbia objects to the definitions of "Columbia," "You," "yours," "Defendants" and "Defendants'" as vague, ambiguous, overbroad and imposing unduly burdensome and oppressive and harassing discovery obligations in the context of these requests.

2. Columbia objects to the definition of "Columbia Outlet" as vague and ambiguous.

3. Columbia objects to the definition of "Reference Price" as vague and ambiguous.

4. Columbia objects to the definition of "Sale Price" as vague and ambiguous.

5. Columbia objects to the definition of "Columbia Outlet Products" as vague, ambiguous and overbroad.

6. Columbia objects to each Instruction to the extent that it seeks to impose on Columbia burdens and obligations in excess of what is permitted under the Federal Rules of Civil Procedure.

7. Columbia objects to the time period of the Requests on the grounds that it is overbroad.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all persons who have knowledge of the content, creation, modification or implementation of any guidelines, methodologies, systems, policies,

practices or procedures you have employed to set the Reference Price for any Columbia Outlet Products.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Columbia incorporates its General Responses and General Objections and Objections to Definitions and Instructions as set forth above. Columbia further objects to this Interrogatory on the grounds that the phrase "Columbia Outlet Products" is vague and ambiguous. Columbia further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, oppressive and harassing. Columbia further objects to this Interrogatory on the grounds that Plaintiffs have failed to state a claim and, until they do, they are not entitled to discovery about either the products they purchased or any other products offered by Columbia. Columbia further objects to this Interrogatory on the grounds that it is vague and ambiguous in that it seeks information about an undefined and unlimited set of products, including even products and categories of product not purchased by Plaintiffs, and therefore seeks information not relevant to the claims and defenses asserted in this action.

Subject to and without waiving the foregoing objections, Columbia responds as follows: The following individuals are persons primarily responsible for "SMU Builds" available for purchase at Columbia's outlet stores (all can be contacted through counsel for Columbia): (1) Melissa Olson, Director of Strategic Response Team ("SRT"); and (2) Bobby Bui, Director of Retail Merchandising.

**INTERROGATORY NO. 3:**

Describe with particularity any and all guidelines, methodologies, systems, policies, practices or procedures you have employed to set the Reference Price for any Columbia Outlet Products sold in California, including the dates any such guidelines, methodologies, systems, policies, practices or procedures have changed since January 1, 2010 and the reason for such changes.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Columbia incorporates its General Responses and General Objections and Objections to Definitions and Instructions as set forth above. Columbia further objects to this Interrogatory on the grounds that the phrase "Columbia Outlet Products" is vague and ambiguous. Columbia further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, oppressive and harassing. Columbia further objects to this Interrogatory on the grounds that it seeks information not relevant to the claims or defenses asserted in this action. Columbia further objects to the time-period of this Request. Columbia further objects to this Interrogatory on the grounds that Plaintiffs have failed to state a claim and, until they do, they are not entitled to discovery about either the products they purchased or any other products offered by Columbia. Columbia further objects to this Interrogatory on the grounds that it is vague and ambiguous in that it seeks information about an undefined and unlimited set of products, including even products and categories of product not purchased by Plaintiffs, and therefore seeks information not relevant to the claims and defenses asserted in this action.

Subject to and without waiving the foregoing objections, Columbia responds as follows:

Prior to Fall 2014, Columbia sold at its outlets styles that were previously sold inline – meaning either at Columbia's inline retail stores, on Columbia's website, or at Columbia's wholesale partners, such as REI. At the outlet stores, the items had price tags with two prices on them. The higher price was the price at which the item was sold "in-line." The lower price was the price at which the item could be purchased at the outlet (absent a special sale at the outlet).

Starting in Fall 2014, Columbia started selling at its outlets "SMU Builds." SMU Builds are styles based off an in-line style, with slight aesthetic modifications. The SMU Builds are sold only at Columbia's outlets. Columbia does not maintain a formal policy or practice concerning what aesthetic changes are permissible or how

1  many. That said, examples of the aesthetic changes that may be made include
2  changing the angle of a pocket, moving Columbia's logo from the breast pocket to
3  the sleeve, or changing the handle on a zipper. Columbia does not change the
4  overall structure or design of the product, or alter the materials or technologies
5  incorporated into the product. As a result, SMU Builds are identical to their inline
6  counterparts, but with small, aesthetic changes. For example, Columbia reviewed
7  its records relating to the items identified by Plaintiffs that they purchased at
8  Columbia outlets. Produced at Columbia_00053 to Columbia_00059 are sketches
9  showing the SMU Build products purchased by Plaintiffs and sketches of the
10 corresponding inline styles for the items purchased.

11     The SMU Builds had price tags with two prices on them. The higher price
12 was the price at which the corresponding inline style sold for, and the lower price
13 was the price at which the item could be purchased at the outlet (absent a special
14 sale at the outlet).

15     Columbia began creating SMU Builds for its outlet stores so that it could sell
16 at its outlets styles slightly modified from those sold by Columbia's wholesale
17 partners.

18 **INTERROGATORY NO. 6:**

19     Identify by name, SKU, Reference Price, and Sale Price all Columbia Outlet
20 Products sold by you in California between October 2, 2011 and the date of your
21 response to this interrogatory.

22 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

23     Columbia incorporates its General Responses and General Objections and
24 Objections to Definitions and Instructions as set forth above. Columbia further
25 objects to this Interrogatory on the grounds that the phrase "Columbia Outlet
26 Products" is vague and ambiguous. Columbia further objects to this Interrogatory
27 on the grounds that it is overbroad, unduly burdensome, oppressive and harassing.
28 Columbia further objects to this Interrogatory on the grounds that it seeks

information not relevant to the claims or defenses asserted in this action. Columbia further objects to this Interrogatory on the grounds that Plaintiffs have failed to state a claim and, until they do, they are not entitled to discovery about either the products they purchased or any other products offered by Columbia. Columbia further objects to this Interrogatory on the grounds that it is vague and ambiguous in that it seeks information about an undefined and unlimited set of products, including even products and categories of product not purchased by Plaintiffs, and therefore seeks information not relevant to the claims and defenses asserted in this action.

Subject to and without waiving the foregoing objections, Columbia responds as follows: Columbia began offering SMU Builds at its outlet stores for the first time in Fall 2014. The charts produced at Columbia_00094 to 00097 set forth requested information about items sold at the outlets from Fall 2014 to Spring 2016. The items reflected on those charts include SMU Builds and exact duplicates of inline styles. Columbia can determine whether an item reflected on those charts is an SMU Build only with individualized investigation as to each item.

**INTERROGATORY NO. 7:**

Describe the type of information and records you maintain on consumers who purchased Columbia Outlet Products in California, including, but not limited to, telephone numbers, email addresses, property addresses, and purchasing history.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Columbia incorporates its General Responses and General Objections and Objections to Definitions and Instructions as set forth above. Columbia further objects to this Interrogatory on the grounds that the phrase "Columbia Outlet Products" is vague and ambiguous. Columbia further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, oppressive and harassing. Columbia further objects to this Interrogatory on the grounds that it seeks information not relevant to the claims or defenses asserted in this action.

Subject to and without waiving the foregoing objections, Columbia responds as follows: Columbia does not maintain information about consumers who purchase product from its outlet stores. The only consumers whom Columbia maintains information about are the members of its Loyalty program and individuals who make purchases online. With respect to members of the Loyalty program, Columbia maintains information irrespective of whether they have made a purchase at a Columbia outlet store. The information that Columbia may maintain about its Loyalty members is name, address, telephone number, email address, Loyalty ID number, date of enrollment in the Loyalty program, customer ID number, and last purchase date. Columbia may not have each item of information for every Loyalty member. If Loyalty members make purchases using their Loyalty account, Columbia also maintains a history of those purchases. If Loyalty members make purchases without using their Loyalty account, those purchases will not be maintained as part of their account.

Jeanne Stathakos is a Loyalty member. The information maintained in Columbia's system about her, including information about her purchasing history, is produced at Columbia_00086 to 00093.

Dated: June 10, 2016            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
P. CRAIG CARDON
JAY T. RAMSEY

Attorneys for Defendants
COLUMBIA SPORTSWEAR COMPANY and
COLUMBIA BRANDS USA, LLC (f.k.a.
COLUMBIA SPORTSWEAR USA
CORPORATION

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On June 10, 2016, I served true copies of the following document(s) described as: **COLUMBIA'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES PROPOUNDED BY PLAINTIFFS JEANNE AND NICOLAS STATHAKOS** on the interested parties in this action as follows:

**See Attached Service List**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 10, 2016, at Los Angeles, California.

_____
Xavier F. Maurice

SMRH:476888691.1

1

# SERVICE LIST

| | |
|---|---|
| Kristen Law Sagafi, Esq.<br>Martin D. Quinones, Esq.<br>TYCO & ZAVAREEI LLP<br>483 Ninth Street, Suite 200<br>Oakland  CA  94607 | Hassan A. Zavareei, Esq.<br>Jeffrey D. Kaliel, Esq.<br>TYCO & ZAVAREEI LLP<br>1828 L Street, NW Suite 1000<br>Washington  DC  20036 |
| Jeffrey M. Ostrow, Esq.<br>Scott A. Edelsberg, Esq.<br>KOPELOWITZ OSTROW P.A.<br>200 S.W. 1st Avenue, 12th Floor<br>Fort Lauderdale  FL  33301 | Wayne S. Kreger, Esq.<br>LAW OFFICES OF WAYNE S. KREGER, P.A.<br>100 Wilshire Boulevard, Suite 940<br>Santa Monica  CA  90401 |

SMRH:476888691.1