# QUINONES DECL. EXHIBIT G

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   P. CRAIG CARDON, Cal. Bar No. 168646
3  JAY T. RAMSEY, Cal. Bar No. 273160
   1901 Avenue of the Stars, Suite 1600
4  Los Angeles, California 90067-6055
   Telephone: 310.228.3700
5  Facsimile:  310.228.3701
   ccardon@sheppardmullin.com
6  jramsey@sheppardmullin.com

7  Attorneys for Defendants
   COLUMBIA SPORTSWEAR
8  COMPANY and COLUMBIA BRANDS
   USA, LLC (f.k.a. COLUMBIA
9  SPORTSWEAR USA CORPORATION)

10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13

14 | JEANNE and NICOLAS STATHAKOS, individually and on behalf of all others similarly situated, | Case No. 4:15-cv-04543-YGR
15 | | **RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSION TO DEFENDANT COLUMBIA SPORTSWEAR COMPANY**
16 | Plaintiffs, |
17 | v. |
18 | COLUMBIA SPORTSWEAR COMPANY; COLUMBIA SPORTSWEAR USA CORPORATION; |
19 | |
20 | Defendants. |

21

22 PROPOUNDING PARTY:  Plaintiff JEANNE and NICOLAS STATHAKOS

23 RESPONDING PARTY:   Defendant COLUMBIA SPORTSWEAR COMPANY

24 SET NO.:            TWO

Defendant Columbia Sportswear Company ("Columbia"), for itself and no other party, hereby responds to the Second Set of Requests for Admission ("Requests") propounded by Plaintiffs Jeanne and Nicolas Stathakos, as set forth below.

## REQUEST FOR ADMISSION

**REQUEST FOR ADMISSION NO. 8:**

Do you admit that Columbia has not at any time sold any of the items identified in the document bates numbered Columbia_00189 through any online sales channel?

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admit.

Dated: September 15, 2016    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
P. CRAIG CARDON
JAY T. RAMSEY

Attorneys for Defendants
COLUMBIA SPORTSWEAR COMPANY and
COLUMBIA BRANDS USA, LLC (f.k.a.
COLUMBIA SPORTSWEAR USA
CORPORATION

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On September 15, 2016, I served true copies of the following document(s) described as: **RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSION TO DEFENDANT COLUMBIA SPORTSWEAR COMPANY** on the interested parties in this action as follows:

**See Attached Service List**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 15, 2016, at Los Angeles, California.

_____
Xavier F. Maurice

SMRH:476888691.1

1

**SERVICE LIST**

| | |
|---|---|
| Kristen Law Sagafi, Esq.<br>Martin D. Quinones, Esq.<br>TYCO & ZAVAREEI LLP<br>483 Ninth Street, Suite 200<br>Oakland CA 94607 | Hassan A. Zavareei, Esq.<br>Jeffrey D. Kaliel, Esq.<br>TYCO & ZAVAREEI LLP<br>1828 L Street, NW Suite 1000<br>Washington DC 20036 |
| Jeffrey M. Ostrow, Esq.<br>Scott A. Edelsberg, Esq.<br>KOPELOWITZ OSTROW P.A.<br>200 S.W. 1st Avenue, 12th Floor<br>Fort Lauderdale FL 33301 | Wayne S. Kreger, Esq.<br>LAW OFFICES OF WAYNE S. KREGER, P.A.<br>100 Wilshire Boulevard, Suite 940<br>Santa Monica CA 90401 |

SMRH:476888691.1

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
P. CRAIG CARDON, Cal. Bar No. 168646
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701
ccardon@sheppardmullin.com
jramsey@sheppardmullin.com

Attorneys for Defendants
COLUMBIA SPORTSWEAR
COMPANY and COLUMBIA BRANDS
USA, LLC (f.k.a. COLUMBIA
SPORTSWEAR USA CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE and NICOLAS STATHAKOS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA SPORTSWEAR COMPANY; COLUMBIA SPORTSWEAR USA CORPORATION;<br><br>Defendants. | Case No. 4:15-cv-04543-YGR<br><br>*Hon. Yvonne Gonzalez Rogers*<br><br>**RESPONSES OF DEFENDANT COLUMBIA TO REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFFS JEANNE AND NICOLAS STATHAKOS, SET THREE** |

PROPOUNDING PARTY:   PLAINTIFFS JEANNE and NICOLAS STATHAKOS

RESPONDING PARTY:    DEFENDANTS COLUMBIA SPORTSWEAR COMPANY and COLUMBIA BRANDS USA, LLC (f.k.a. COLUMBIA SPORTSWEAR USA CORPORATION)

SET NO.:              THREE

Defendants Columbia Sportswear Company and Columbia Brands USA, LLC (f.k.a. Columbia Sportswear USA Corporation) (collectively, "Columbia"), for themselves and no other party, hereby object and respond to the Third Set of Requests for Production ("Requests") propounded by Plaintiffs Jeanne and Nicolas Stathakos, as set forth below.

## GENERAL RESPONSES AND GENERAL OBJECTIONS

1.  Columbia has not completed its investigation or its discovery relating to this case. The following Responses, therefore, are based on, and are necessarily limited by, the records available to Columbia. To the extent that Columbia has agreed to produce documents in response to a particular category, Columbia's response should not be read to suggest that such documents necessarily exist. Due to the scope of the Requests, Columbia is continuing to diligently search for responsive documents, consistent with its Responses and Objections to the Requests. Therefore, Responses indicating that Columbia will agree to produce documents should be construed to mean that Columbia will produce documents to the extent they exist, consistent with the Responses and Objections set forth below. Further investigation and discovery may uncover additional documents currently unavailable to Columbia, or may indicate or illuminate the significance of documents now available to Columbia. Accordingly, these Responses are provided without prejudice to Columbia's right to produce at trial any additional documents or evidence, including, without limitation, any subsequently discovered facts or interpretations of previously known facts. Furthermore, the responses are made without waiving the right to revise, correct, supplement or clarify any of the responses below, at any time.

2.  Columbia is responding to the Requests as it interprets and understands them. If Plaintiffs subsequently assert an interpretation of the Requests that differs from the understanding of Columbia, Columbia reserves the right to supplement its objections and/or Responses herein.

3. These Responses are made solely for the purpose of, and in relation to, this action. Each response is provided subject to all appropriate objections, including but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require the exclusion of any statement if it were made by a witness present and testifying in court. All objections and grounds are, therefore, reserved and may be interposed at any time.

4. No admission of any nature whatsoever is to be implied or inferred from these Responses. All Responses must be considered as provided on the basis of present understanding. Nothing herein shall be construed as an admission respecting the admissibility or relevance of any fact or document, or the relevance, truth, or accuracy of any characterization or statement of any kind contained in Plaintiff's Requests.

5. Columbia objects to each of the Requests to the extent that it calls for information or documents subject to the attorney-client privilege, the work product doctrine, or other privileges. Columbia will not provide such privileged information or documents. Nothing contained in these responses is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, any work product protection or any other applicable privilege, doctrine or immunity.

6. Columbia objects to each of the Requests to the extent that it seeks confidential, trade secret and/or proprietary information or documents. To the extent the Requests call for the disclosure of confidential, proprietary and/or trade-secret material, such material will be produced, if at all, subject to a protective order to be entered in this action.

7. Columbia objects to each of the Requests to the extent that it is overbroad, unduly burdensome and oppressive and harassing and not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources and the importance of the discovery in

1  resolving the issues, and also to the extent the burden or expense of responding to
2  the discovery outweighs its likely benefit.

3       8.      Columbia objects to each of the Requests to the extent that it seeks
4  documents or information not relevant to the claims or defenses asserted in this case.

5       9.      Columbia objects to these Requests to the extent they seek to impose
6  upon Columbia burdens and obligations beyond what is required by the Federal
7  Rules of Civil Procedure.

8       10.     Notwithstanding the specificity of Columbia's responses set forth
9  below, Columbia expressly incorporates this General Response and these Objections
10 by reference as though fully set forth into its responses to each of Plaintiff's
11 Requests. Thus, if any objection contained above is not restated under the specific
12 response to an individual Requests, this should not be construed as a waiver of any
13 such objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

15      Columbia objects to the following terms, which were specially defined in the
16 Requests:

17      1.      Columbia objects to the definitions of "Columbia," "You," "yours,"
18 "Defendants" and "Defendants'" as vague, ambiguous, overbroad and imposing
19 unduly burdensome and oppressive and harassing discovery obligations in the
20 context of these requests.

21      2.      Columbia objects to the definition of "Columbia Outlet" as vague and
22 ambiguous.

23      3.      Columbia objects to the definition of "Reference Price" as vague and
24 ambiguous.

25      4.      Columbia objects to the definition of "Outlet Price" as vague and
26 ambiguous.

27      5.      Columbia objects to the definition of "Regular Price" as vague and
28 ambiguous.

6. Columbia objects to the definition of "Actual Price" as vague and ambiguous.

7. Columbia objects to the definition of "SKU" as vague, ambiguous and overbroad.

8. Columbia objects to each Instruction to the extent that it seeks to impose on Columbia burdens and obligations in excess of what is permitted under the Federal Rules of Civil Procedure.

9. Columbia objects to the time period of the Requests on the grounds that it is overbroad.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to reflect the following information for each "SMU Build" product identified in the document bates number Columbia_00189 during the Fall 2014, Spring 2015, Fall 2015, and Spring 2016 seasons; and each SMU Build, if any, offered for sale in the Fall 2016 season:

a. The Reference Price of each item for all SMU Builds sold at a Columbia Outlet store in the State of California;

b. The Outlet Price of each item for all SMU Builds sold at a Columbia Outlet store in the State of California;

c. The Regular Price of each item for all SMU Builds sold at a Columbia Outlet store in the State of California;

d. The Actual Price of each item for all SMU Builds sold at a Columbia Outlet store in the State of California;

e. Exemplar photographs of each item identified in Columbia_00189, and each SMU Build offered for sale in the Fall 2016 season;

f. Exemplar images of any printed price tags affixed to each item identified in Columbia_00189, and each SMU Build offered for sale in the Fall 2016 season;

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Columbia incorporates its General Responses and General Objections and Objections to Definitions and Instructions as set forth above. Columbia further objects to this Request on the grounds that it seeks information not relevant to the claims or defenses asserted in this action. Columbia further objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive and harassing. Columbia further objects to this Request on the grounds that it is vague and ambiguous with respect to the various prices it is seeking information about. Columbia further objects on the grounds that this Request seeks confidential and proprietary information. Columbia further objects to this Request on the grounds that it is duplicative of other discovery. Columbia further objects to this Request on the grounds that the information sought is subject to the parties' ongoing meet and confer discussions.

Subject to, but without waiving the foregoing objections, Columbia responds as follows: Columbia does not maintain exemplar photographs of each item identified in Columbia_00189, and therefore there are no documents responsive to that aspect of the Request. Columbia also does not maintain exemplar images of any printed price tags, and therefore there are no documents responsive to that aspect of the Request. Following a diligent search and reasonable inquiry, however, Columbia will produce documents sufficient to show the general appearance of Columbia's price tags. The document produced by Columbia at Columbia_00189 states the "Reference Price" of each item, in the column labeled "MSRP." With respect to the remaining information sought in this Request, Columbia will provide a supplemental response once the parties' reach a meet and confer agreement pursuant to their ongoing discussions.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to determine the cost of materials and cost of production for each item identified in Columbia_00189, and each SMU Build

offered for sale in the Fall 2016 season, for each season in which it was produced; and the cost of materials and cost of production for each such item's inline counterpart item.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Columbia incorporates its General Responses and General Objections and Objections to Definitions and Instructions as set forth above. Columbia further objects to this Request on the grounds that it seeks information not relevant to the claims or defenses asserted in this action. Columbia further objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive and harassing. Columbia further objects to this Request on the grounds that it is vague and ambiguous with respect to the various prices it is seeking information about. Columbia further objects on the grounds that this Request seeks confidential and proprietary information. Columbia further objects to this Request on the grounds that it is duplicative of other discovery. Columbia further objects to this Request on the grounds that the information sought is subject to the parties' ongoing meet and confer discussions.

**REQUEST FOR PRODUCTION NO. 32:**

All schematics, diagrams, blue prints, or design specifications for each item identified in Columbia_00189, and for each SMU Build offered for sale in the Fall 2016 season; and all schematics, diagrams, blue prints, or design specifications for each such item's inline counterpart item.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Columbia incorporates its General Responses and General Objections and Objections to Definitions and Instructions as set forth above. Columbia further objects to this Request on the grounds that it seeks information not relevant to the claims or defenses asserted in this action. Columbia further objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive and harassing. Columbia further objects to this Request on the grounds that it is vague

and ambiguous with respect to the various prices it is seeking information about. Columbia further objects on the grounds that this Request seeks confidential and proprietary information. Columbia further objects to this Request on the grounds that it is duplicative of other discovery. Columbia further objects to this Request on the grounds that the information sought is subject to the parties' ongoing meet and confer discussions.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all Documents and Communications pertaining to research or analysis, conducted by you or any Third Parties related to the following topics:

a. Consumer behavior research regarding pricing and/or design of any Columbia products, including SMU Builds;

b. Consumer perception of the marketing, promotions, and price representations of any Columbia products, including SMU Builds;

c. Focus groups, behavior studies, marketing surveys, or other consumer research regarding any Columbia products including all SMU Builds;

d. Consumer behavior research regarding pricing and/or design of products manufactured or sold by any of Columbia's business competitors;

e. Consumer perception of the marketing, promotions, and price representations of products manufactured or sold by any of Columbia's business competitors;

f. Focus groups, behavior studies, marketing surveys, or other consumer research regarding products manufactured or sold by any of Columbia's business competitors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Columbia incorporates its General Responses and General Objections and Objections to Definitions and Instructions as set forth above. Columbia further objects to this Request on the grounds that it seeks information not relevant to the claims or defenses asserted in this action. Columbia further objects to this Request

on the grounds that it is overbroad, unduly burdensome and oppressive and harassing, particularly because it seeks information about all Columbia products. Columbia further objects to this Request on the grounds that it is vague and ambiguous with respect to the various prices it is seeking information about. Columbia further objects on the grounds that this Request seeks confidential and proprietary information. Columbia further objects to this Request on the grounds that it is duplicative of other discovery.

      Subject to, but without waiving the foregoing objections, Columbia responds as follows: Based on Columbia's diligent search and reasonable investigation to date, Columbia responds that no documents responsive to this Request ever existed insofar as they relate to SMU Builds for the outlet.

**REQUEST FOR PRODUCTION NO. 34:**

      Documents sufficient to reflect net profits attributable to the sale of SMU Builds in California for each quarter in which SMU Builds were sold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

      Columbia incorporates its General Responses and General Objections and Objections to Definitions and Instructions as set forth above. Columbia further objects to this Request on the grounds that it seeks information not relevant to the claims or defenses asserted in this action. Columbia further objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive and harassing. Columbia further objects to this Request on the grounds that it is vague and ambiguous with respect to the various prices it is seeking information about. Columbia further objects on the grounds that this Request seeks confidential and proprietary information.

**REQUEST FOR PRODUCTION NO. 35:**

      Documents sufficient to reflect Your knowledge with regard to the demographics of Columbia's customer base for Columbia Outlet Stores.

-8-     Case No. 3:15-cv-04543-YGR
SMRH:478310203.1     COLUMBIA'S RESPONSES TO REQUESTS FOR PRODUCTION, SET THREE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Columbia incorporates its General Responses and General Objections and Objections to Definitions and Instructions as set forth above. Columbia further objects to this Request on the grounds that it seeks information not relevant to the claims or defenses asserted in this action. Columbia further objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive and harassing. Columbia further objects to this Request on the grounds that it is vague and ambiguous with respect to the various prices it is seeking information about. Columbia further objects on the grounds that this Request seeks confidential and proprietary information.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to identify any and all purchases of advertising time or space You have made since January 1, 2013, whether in a print publication, website, radio program and/or timeslot, television program and/or timeslot, and any other media.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Columbia incorporates its General Responses and General Objections and Objections to Definitions and Instructions as set forth above. Columbia further objects to this Request on the grounds that it seeks information not relevant to the claims or defenses asserted in this action. Columbia further objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive and harassing, particularly because it is not limited to products sold at Columbia's outlets. Columbia further objects to this Request on the grounds that it is vague and ambiguous with respect to the various prices it is seeking information about. Columbia further objects on the grounds that this Request seeks confidential and proprietary information.

Subject to, but without waiving the foregoing objections, Columbia responds as follows: Based on Columbia's diligent search and reasonable investigation to

1  date, Columbia responds that no documents responsive to this Request ever existed
2  insofar as they relate to SMU Builds for the outlet.
3  Dated: September 15, 2016     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
P. CRAIG CARDON
JAY T. RAMSEY

Attorneys for Defendants
COLUMBIA SPORTSWEAR COMPANY and
COLUMBIA BRANDS USA, LLC (f.k.a.
COLUMBIA SPORTSWEAR USA
CORPORATION

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On September 15, 2016, I served true copies of the following document(s) described as: **RESPONSE OF DEFENDANT COLUMBIA TO REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFFS JEANNE AND NICOLAS STATHAKOS, SET THREE** on the interested parties in this action as follows:

**See Attached Service List**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 15, 2016, at Los Angeles, California.

_____
Xavier N. Maurice

SMRH:476888691.1

1

# SERVICE LIST

| | |
|---|---|
| Kristen Law Sagafi, Esq.<br>Martin D. Quinones, Esq.<br>TYCO & ZAVAREEI LLP<br>483 Ninth Street, Suite 200<br>Oakland  CA  94607 | Hassan A. Zavareei, Esq.<br>Jeffrey D. Kaliel, Esq.<br>TYCO & ZAVAREEI LLP<br>1828 L Street, NW Suite 1000<br>Washington  DC  20036 |
| Jeffrey M. Ostrow, Esq.<br>Scott A. Edelsberg, Esq.<br>KOPELOWITZ OSTROW P.A.<br>200 S.W. 1st Avenue, 12th Floor<br>Fort Lauderdale  FL  33301 | Wayne S. Kreger, Esq.<br>LAW OFFICES OF WAYNE S. KREGER, P.A.<br>100 Wilshire Boulevard, Suite 940<br>Santa Monica  CA  90401 |

SMRH:476888691.1