SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
P. CRAIG CARDON, Cal. Bar No. 168646
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:   310.228.3700
Facsimile:   310.228.3701
ccardon@sheppardmullin.com
jramsey@sheppardmullin.com

Attorneys for Defendants
COLUMBIA SPORTSWEAR COMPANY and
COLUMBIA BRANDS USA, LLC (f.k.a.
COLUMBIA SPORTSWEAR USA
CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE and NICOLAS STATHAKOS, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>COLUMBIA SPORTSWEAR COMPANY; COLUMBIA SPORTSWEAR USA CORPORATION;<br><br>      Defendants. | Case No. 4:15-cv-04543-YGR<br><br>*Hon. Yvonne Gonzalez Rogers*<br><br>**COLUMBIA'S SEPARATE STATEMENT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br><br>Date:    April 25, 2017<br>Time:    2:00 p.m.<br>Courtroom:    1 (4th Floor, Oakland) |

Defendants Columbia Sportswear Company and Columbia Brands USA, LLC (f.k.a Columbia Sportswear USA Corporation) (collectively, "Columbia") submit this Separate Statement in support of its Motion for Summary Judgment on the Third Amended Complaint ("TAC") filed by Jeanne and Nicolas Stathakos ("Plaintiffs").

# I. SUMMARY OF ISSUES

Columbia's Motion for Summary Judgment is based on the following grounds (issues):

1. Columbia is entitled to summary judgment on the TAC because Plaintiffs have not and cannot present any evidence that the reference prices they claim are deceptive are invalid.

2. Columbia is entitled to summary judgment on the TAC because Plaintiffs have not and cannot present any evidence that they relied on the reference prices or therefore that they suffered an injury sufficient to confer either statutory or Article III standing.

3. Columbia is entitled to summary adjudication of Plaintiffs' prayers for monetary relief, whether through damages or restitution, because Plaintiffs have not and cannot present any evidence that they received something worth less than the price they paid.

# II. UNDISPUTED FACTS

| Issue No(s). | Columbia's Undisputed Fact ("UF") and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|---|
| 1-3 | UF 1: Plaintiffs purchased seven Outlet SMU Builds, with the following product numbers: (1) XM6093; (2) XL5077; (3) XL4712; (4) XL6981; (5) XO5035; (6) XL5012; (7) XL6923.<br><br>Declaration of Melissa Olson ¶¶ 10, 12.<br><br>See also Appendix A. | |
| 1 | UF 2: Each of the seven Outlet SMU Builds purchased by Plaintiffs had an Inline Style counterpart that was similar to the Outlet SMU Build. The following chart sets out the style numbers.<br><br>| Item No. | Outlet SMU Build | Inline Style |<br>|---|---|---|<br>| 1 | XM6093 | WM6044 | | |

| Issue No(s). | Columbia's Undisputed Fact ("UF") and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|---|
| | <table><tr><td>2</td><td>XL5077</td><td>AL5030</td></tr><tr><td>3</td><td>XL4712</td><td>AL4720</td></tr><tr><td>4</td><td>XL6981</td><td>FL6148</td></tr><tr><td>5</td><td>XO5035</td><td>WO4014</td></tr><tr><td>6</td><td>XL5012</td><td>WL5033</td></tr><tr><td>7</td><td>XL6923</td><td>XL6968</td></tr></table><br>Declaration of Melissa Olson ¶¶ 10, 12<br><br>*See also* Appendix A. | |
| 1 | UF 3: For each of the seven Outlet SMU Builds purchased by Plaintiffs, the reference price on the price tag was the price at which the item would have sold in inline channels. For six of the seven items – (1) XM6093; (2) XL5077; (3) XL4712; (4) XL6981; (6) XL5012; and (7) XL6923 – the reference price was at or below the price at which the Inline Style counterpart identified in UF 2 sold. For Item No. (5) XO5035, Columbia made improvements to the Inline Style, and so the reference price was increased accordingly. The reference price was still the price at which the item would have sold in inline channels.<br><br>Declaration of Melissa Olson ¶¶ 12-14.<br><br>*See also* Appendix A. | |
| 2 | UF 4: Plaintiffs purchased Item Nos. (2) XL5077; (4) XL6981; (5) XO5035; (6) XL5012; and (7) XL6923 after the filing of the Complaint in this action.<br><br>Declaration of Jay T. Ramsey ¶¶ 7-10, Exs. 6-8.<br><br>*See also* Appendix A. | |
| 2 | UF 5: Plaintiffs admit that by at least the filing of the Complaint in this action, they | |

| Issue No(s). | Columbia's Undisputed Fact ("UF") and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|---|
| | knew that the reference prices were purportedly false.<br><br>Ramsey Decl. Ex 1, Deposition of Jeanne Stathakos ("JS Depo") at 23:1-24:12; 24:24-25:6. Ramsey Decl. Ex. 2, Deposition of Nicolas Stathakos ("NS Depo") at 26:6-12. | |
| 2 | UF 6: Plaintiffs admit that as to Item Nos. (2) XL5077; (3) XL4712; (4) XL6981; and (6) XL5012, Plaintiffs would still have purchased the items for the prices they paid even if they had known that the reference prices listed on the price tags for the items were purportedly false.<br><br>Ramsey Decl. Exs. 1, JS Depo and Ex. 2, NS Depo. The specific page and line citations for each Item No. are set forth in the following chart:<br><br>| Item No. | Outlet SMU Build | Cites |<br>|---|---|---|<br>| 2 | XL5077 | JS at 70:3-71:22, 73:4-74:3; NS at 98:4-100:2; 101:4-8 |<br>| 3 | XL4712 | JS at 74:7-75:10 |<br>| 4 | XL6981 | JS at 75:12-76:12 |<br>| 6 | XL5012 | JS at 78:25-80:3 |<br><br>*See also* Appendix A. | |
| 2 | UF 7: For Item Nos. (1) XM6093; (5) XO5035; and (7) XL6923, Plaintiffs cannot state, one way or the other, whether they would still have purchased the items for the prices they paid even if they had known that the reference prices listed on the price tags for the items were purportedly false.<br><br>Ramsey Decl. Exs. 1, JS Depo and Ex. 2, NS Depo. The specific page and line citations | |

| Issue No(s). | Columbia's Undisputed Fact ("UF") and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|---|
|  | for each Item No. are set forth in the following chart:<br><br>| Item No. | Outlet SMU Build | Cites |<br>|---|---|---|<br>| 1 | XM6093 | JS at 63:12-19, 66:12-21; NS at 87:7-89:21 |<br>| 5 | XO5035 | JS at 76:14-78:21 (confirming it was NS's purchase); NS at 91:19-94:21 (unsure) |<br>| 7 | XL6923 | JS at 80:5-81:8 |<br><br>*See also* Appendix A. |  |
| 3 | UF 8: Plaintiffs have not and cannot present any evidence that for any of the Outlet SMU Builds they purchased, they paid a price greater than the value of the item they received.<br><br>Declaration of Melissa Olson ¶¶ 5-8, 10-14. *See also* Plaintiffs' Brief (failing to cite any such evidence). |  |

### III.  SUMMARY

For convenience, Columbia summarized the UFs and evidence in support in Appendix A to its Motion for Summary Judgment. In addition, to summarize the reasons summary judgment or adjudication is appropriate for each item, Columbia sets forth the following chart:

| Item No. | Issue 1<br>No Evidence Reference Price Was Invalid | Issue 2<br>Purchased After Complaint Filed | Issue 2<br>No Evidence Of Reliance or Injury | Issue 3<br>No Evidence Paid More Than Value Received |
|---|---|---|---|---|
| 1 | ✓ |   | ✓ | ✓ |
| 2 | ✓ | ✓ | ✓ | ✓ |
| 3 | ✓ |   | ✓ | ✓ |
| 4 | ✓ | ✓ | ✓ | ✓ |
| 5 | ✓ | ✓ | ✓ | ✓ |
| 6 | ✓ | ✓ | ✓ | ✓ |
| 7 | ✓ | ✓ | ✓ | ✓ |

### IV. ATTESTATION

I attest that the evidence cited herein fairly and accurately supports the facts as asserted.

Dated: January 31, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Jay T. Ramsey
P. CRAIG CARDON
JAY T. RAMSEY
Attorneys for Defendants
COLUMBIA SPORTSWEAR COMPANY and
COLUMBIA BRANDS USA, LLC (f.k.a. COLUMBIA SPORTSWEAR USA CORPORATION