SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
P. CRAIG CARDON, Cal. Bar No. 168646
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701
ccardon@sheppardmullin.com
jramsey@sheppardmullin.com

Attorneys for Defendants
COLUMBIA SPORTSWEAR
COMPANY and COLUMBIA BRANDS
USA, LLC (f.k.a. COLUMBIA
SPORTSWEAR USA CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE and NICOLAS STATHAKOS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA SPORTSWEAR COMPANY; COLUMBIA SPORTSWEAR USA CORPORATION;<br><br>Defendants. | Case No. 4:15-cv-04543-YGR<br><br>*Hon. Yvonne Gonzalez Rogers*<br><br>**DECLARATION OF JAY T. RAMSEY IN SUPPORT OF COLUMBIA'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: April 25, 2017<br>Time: 2:00 p.m.<br>Courtroom: 1 (4th Floor. Oakland) |

[PUBLIC REDACTED VERSION]

# DECLARATION OF JAY T. RAMSEY

I, Jay T. Ramsey, hereby declare:

1. I am an associate at Sheppard, Mullin, Richter & Hampton LLP, counsel of record herein for Defendants Columbia Sportswear Company and Columbia Brands USA, LLC (f.k.a. Columbia Sportswear USA Corporation) ("Columbia"). Unless otherwise stated, I make this declaration based on facts known by me to be true and correct.

**Exhibits**

2. Attached hereto as Exhibit 1 is a true and correct copy of excerpts of the Deposition of Jeanne Stathakos taken in this action.

3. Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the Deposition of Nicolas Stathakos taken in this action.

4. Attached hereto as Exhibit 3 is a true and correct copy of excerpts of the Deposition of Gabrielle Goldaper taken in this action.

5. Attached hereto as Exhibit 4 is a true and correct copy of excerpts of the Deposition of Larry D. Compeau taken in this action.

6. Attached hereto as Exhibit 5 is a true and correct copy of excerpts of the Deposition of Arthur Olsen taken in this action.

**Plaintiffs' Purchases**

7. Attached hereto as Exhibit 6 is a true and correct copy of a chart produced in discovery in this action by Plaintiffs. The chart was created by Plaintiffs or their counsel and lists the items Plaintiffs purchased at Columbia outlet stores and includes, for each item, where Plaintiffs were able to identify the information, an item description, any product numbers identifying the product, a purchase method, a date of purchase and the amount paid for the item. I have redacted the credit card information included in the "Purchase Method" column because it is irrelevant to the issues presented by the parties' respective motions. I have also highlighted in yellow the seven Outlet SMU Build items that Plaintiffs

purchased, as identified in the Declaration of Melissa Olson (Line Item Nos. 1, 19, 23, 26, 35, 36, and 41).

8. With respect to Line Item No. 1, although Plaintiffs' chart did not identify a date of purchase or amount paid, Columbia produced in discovery copies of sales receipts associated with purchases on the Rewards Account of Jeanne Stathakos. A true and correct copy of one such receipt is attached as Exhibit 7. Exhibit 7 reflects that the product in Line Item No. 1 was purchased on May 30, 2015 for a total of $16. Specifically, the identifying number listed in Plaintiffs' chart on Line Item No. 1 (1559593) is the same number listed on the receipt in Exhibit 7. The receipt further shows a price for the item of $27.99, but that a coupon was applied, reducing the price to $16.00.

9. With respect to Line Item No. 41, although Plaintiffs' chart did not identify a date of purchase or amount paid, Columbia produced in discovery information reflecting that Plaintiffs purchased the item on November 22, 2015 for a price of $11.95. Specifically, Line Item No. 41 states that the product code was XL6923. That item is called the "Cool Camper II Short Sleeve Polo," for which Columbia produced information about at Columbia_00994. That information reflects that the Cool Camper II Short Sleeve Polo was sold in the Fall 2015 season (so from July 2015 to December 2015). Columbia also produced in discovery a chart reflecting information in Columbia's system regarding purchases associated with the Rewards Account of Jeanne Stathakos. A true and correct copy of that chart is attached hereto as Exhibit 8. Highlighted on the chart is a line item of a purchase of the "COOLCAMPER" on November 22, 2015 (during Fall 2015) for a price of $11.95.

10. Based on the foregoing information, I completed the following chart, the information for which is also included in Appendix A to Columbia's brief. The highlighted purchases all occurred after the filing of the Complaint in this action, on October 2, 2015. The final column summarizes Plaintiffs' testimony concerning

whether, if they knew that the reference prices were purportedly false, they would still have purchased the items for the prices they paid. The page references are included in the excerpts of the deposition transcripts, which are attached as Exhibits 1 and 2. "JS" stands for Jeanne Stathakos; "NS" stands for Nicolas Stathakos.

| Line No. | Product Code* | Date of Purchase | Price Plaintiffs Paid | Purchase Product Nonetheless? | Depo Cites |
|---|---|---|---|---|---|
| 1 | XM6093 | 5/30/2015 | $16 | Unsure | JS at 63:12-19, 66:12-21; NS at 87:7-89:21 |
| 19 | XL5077 | 2/14/2016 | $11.98 | Yes | JS at 70:3-71:22, 73:4-74:3; NS at 98:4-100:2; 101:4-8 |
| 23 | XL4712 | 7/26/2015 | $8.98 | Yes | JS at 74:7-75:10 |
| 26 | XL6981 | 2/14/2016 | $7.98 | Yes | JS at 75:12-76:12 |
| 35 | XO5035 | 2/14/2016 | $47.94 | Unsure | JS at 76:14-78:21 (confirming it was NS's purchase); NS at 91:19-94:21 (unsure) |
| 36 | XL5012 | 2/14/2016 | $39.98 | Yes | JS at 78:25-80:3 |
| 41 | XL6923 | 11/22/2015 | $11.95 | Unsure | JS at 80:5-81:8 |

11. In addition, as stated in the Declaration of Melissa Olson, Exhibit H to Plaintiffs' Motion for Class Certification is a chart reflecting the product code for each Outlet SMU Build purchased by Plaintiffs, the product code for each corresponding Inline Style, and the Landed Costs, where applicable, by season for the various products. There is a typographical error in the chart, such that the inline item for Item No. 7 should be XL6968, rather than AL6968. Using this chart, I calculated the average Landed Cost for each item across all seasons. That information is reflected in the chart below:

| Outlet SMU Build | | Inline Style Counterpart | |
|---|---|---|---|
| Product Code* | Average Landed Cost** | Product Code* | Average Landed Cost** |
| XM6093 | ■ | WM6044 | ■ |
| XL5077 | ■ | AL5030 | ■ |
| XL4712 | ■ | AL4720 | ■ |
| XL6981 | ■ | FL6148 | ■ |
| XO5035 | ■ | WO4014 | ■ |
| XL5012 | ■ | WL5033 | ■ |
| XL6923 | ■ | XL6968 | ■ |

**Plaintiffs' Counsel In This Case**

12. In a recent case – *Barber v. DSW Inc.*, Central District Cal. Case No. 8:15-cv-02024 – the defendant moved to dismiss on the grounds that surveillance evidence showed that the plaintiff intentionally purchased items so that she could serve as a class representative. The surveillance video even showed the individual taking photographs of the store and her purchases. (*Id.* at Dkt. No. 35, attached as Exhibit 9.) Nine days after the surveillance evidence came to light, plaintiffs voluntarily dismissed the action. (*Id.* at Dkt. No. 42, attached as Exhibit 10.) Class counsel for plaintiffs in the DSW case was Tycko & Zavareei LLP.

13. In another case, against Levi Strauss & Co., the same counsel group filed a complaint on behalf of Donovan Farwell. Counsel for Columbia served as counsel for Levi's in that action. After plaintiff's counsel stated that they needed to substitute in a different plaintiff because Farwell had to check into rehab, the case proceeded with a different plaintiff. Colleagues at my firm hired an investigator to

contact Mr. Farwell. He told the investigator that "[h]e met Wayne Kreger, formerly counsel for plaintiffs in that action, through Mr. Kreger's girlfriend. He then said that Mr. Kreger's girlfriend asked him to go to the Levi's store and make purchases so he could serve as the lead plaintiff." Mr. Farwell further confirmed that he had not been to rehab, but simply told counsel that he no longer wished to serve as a class representative; his agreeing to do so in the first place was a "momentary lapse in judgment." A true and correct copy of the investigator's declaration is attached hereto as Exhibit 11.

14. In yet another case, filed against Joseph A. Bank in the Southern District of California, the court ultimately sanctioned the plaintiff in that case $40,000 when it came to light that he had not made purchases from Joseph A. Bank as alleged. (*See Luca v. Jos. A. Bank Clothiers, Inc.*, Case No. 3:14-cv-01631-LAB-JLB (Dkt. No. 159) (S.D. Cal.).) In its order, the court held that although counsel did not act recklessly (and therefore avoided a sanction), it did act carelessly. (*Id.*, a copy of which is attached as Exhibit 12.)

15. In this action, Plaintiffs Jeanne and Nicolas Stathakos were recruited as class representatives through an online survey. Plaintiffs produced a copy of the online survey, which is attached hereto as Exhibit 13. They also included a privilege log of the communications between Plaintiffs and representatives of their counsel, which is attached hereto as Exhibit 14. The privilege log reflects that Nicolas Stathakos completed the survey on August 18, 2015, and then had contact only with Sydney Teng before the filing of the complaint in this action. Nicolas Stathakos stated at his deposition that Ms. Teng was a paralegal. Nicolas Stathakos further confirmed at his deposition that he did not speak to an attorney until February 2016. Those excerpts are included in the depositions excerpts referenced above.

**Other Actions**

16. The Los Angeles City Attorney recently filed numerous government enforcement actions against various retailers. On December 7, 2016, the People of the State of California filed actions against Sears, Macy's, Kohl's, and J.C. Penny.

**Other Exhibits**

17. Attached hereto as Exhibit 15 is a true and correct copy of the California Attorney General Opinion reported at 30 Op. Atty. Gen. 127 (1957).

18. Attached hereto as Exhibit 16 are true and correct copies of a compilation of documents produced by Larry D. Compeau in this action. The documents are cited by Bates-Number in Columbia's Daubert Motion as to Compeau.

19. Attached hereto as Exhibit 18 is a true and correct copy of a printout of the Clarkson University Profile of Professor Larry D. Compeau. It is available at https://www.clarkson.edu/profiles/larry_compeau.html.

20. Attached hereto as Exhibit 19 is a true and correct copy of a printout of a press release dated August 29, 2014 from Clarkson University, available at http://www.newswise.com/articles/b-school-prof-is-consumer-pricing-expert-in-the-courtroom.

21. Attached hereto as Exhibit 20 is a true and correct copy of the report of Carol A. Scott.

I declare under penalty of perjury that the foregoing is true and correct. Executed January 31, 2017 at Los Angeles, California.

                                              */s/ Jay T. Ramsey*
                                              JAY T. RAMSEY