SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
P. CRAIG CARDON, Cal. Bar No. 168646
JAY T. RAMSEY, Cal. Bar No. 273160
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701
ccardon@sheppardmullin.com
jramsey@sheppardmullin.com

Attorneys for Defendants
COLUMBIA SPORTSWEAR
COMPANY and COLUMBIA BRANDS
USA, LLC (f.k.a. COLUMBIA
SPORTSWEAR USA CORPORATION)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE and NICOLAS STATHAKOS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA SPORTSWEAR COMPANY; COLUMBIA SPORTSWEAR USA CORPORATION;<br><br>Defendants. | Case No. 4:15-cv-04543-YGR<br><br>*Hon. Yvonne Gonzalez Rogers*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO LIMIT THE OPINIONS OF GABRIELLE GOLDAPER**<br><br>Date: April 25, 2017<br>Time: 2:00 p.m.<br>Courtroom: 1 (4th Floor, Oakland) |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on April 25, 2017 at 2:00 p.m. or as soon thereafter as the matter may be heard in Courtroom 1 on the 4th Floor of the United States District Court for the Northern District of California, Oakland Courthouse, located at 1301 Clay Street, Oakland, CA 94612, Defendants Columbia Sportswear Company and Columbia Brands USA, LLC (f.k.a Columbia Sportswear USA Corporation) (collectively, "Columbia") will and hereby do move the Court for an order excluding and/or limiting the Expert Report ("Report"), and any testimony based thereon, of Gabrielle Goldaper.

This motion is made pursuant to Federal Rules of Evidence 104, 401, 402, 403, 702 and 704 on the grounds that the following testimony of Ms. Goldaper is not reliable or relevant and therefore should not be admitted or considered by the Court:

- Paragraph 13: "Of the 18 total Outlet SMU Builds I examined, 7 have major material differences from their inline counterparts in design, structure and/or stylistic detail; 9 have modest stylistic differences compared to their inline counterparts; 1 has no inline counterpart but has modest stylistic differences from another Outlet SMU Build that it is based on; and 1 has no counterpart design at all."
- Paragraph 17: "If I found they were not identical, I was asked to offer an opinion on the extent to which they differed.
- Paragraph 18 in its entirety.
- Paragraph 19 in its entirety.
- Heading B. "Styles that contained major material and design differences as compared to their inline counterparts:"
- Paragraph 21: "…I found those pairs to contain major material differences."

- Paragraph 22: "…major…"
- Paragraph 23: "…materially…"
- Paragraph 24: "…but was able to identify major material difference between the Outlet SMU Build and the inline model based on the tech packs and CAD images."
- Paragraph 26: "These are major design/style differences…"
- Paragraph 27: "…which is a materially different product."
- Paragraph 28: "…these garments are therefore materially different."
- Paragraph 29: "…and are materially different."
- Heading B (duplicate lettering in Report). "Styles that contained modest stylistic differences as compared to their inline counterparts."
- Paragraph 35: "I observed modest design and construction differences between these two styles."
- Paragraph 43 in its entirety.
- Paragraph 41 (duplicate numbering in Report): "Those outlet exclusive styles contained either modest stylistic differences, or major material differences from their inline counterparts."
- Paragraph 42 (duplicate numbering in Report) in its entirety.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the exhibits included with Columbia's Opposition to the Motion for Class Certification, all pleadings, papers and records in the Court's file in this action, any oral argument permitted at hearings on the motion, any additional evidence the Court may deem appropriate, and upon such other things as the Court may consider, including such other matters of which the Court shall or may take judicial notice.

Dated: January 31, 2017    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    */s/ P. Craig Cardon*
P. CRAIG CARDON
JAY T. RAMSEY

Attorneys for Defendants
COLUMBIA SPORTSWEAR COMPANY and
COLUMBIA BRANDS USA, LLC (f.k.a.
COLUMBIA SPORTSWEAR USA
CORPORATION

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ....................................................................................................... 1

II. THE REPORT AND TESTIMONY ........................................................................... 2

    A. Summary of Goldaper's Testimony ................................................................ 2

    B. Portions of The Report To Which Columbia Is Objecting ............................. 4

III. GOLDAPER'S OPINIONS ARE NOT RELIABLE OR RELEVANT AND SHOULD NOT BE ADMITTED OR CONSIDERED BY THE COURT ........................................................................................................................ 5

    A. Expert Testimony Must Be Specialized, Relevant and Reliable .................... 5

    B. Goldaper's Testimony Is Not Reliable ........................................................... 6

    C. Goldaper's Testimony Is Not Relevant or Based on Specialized Knowledge ....................................................................................................... 8

IV. CONCLUSION ............................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Barabin v. AstenJohnson, Inc.*
　700 F.3d 428 (9th Cir. 2012) ............................................................................... 5

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*
　509 U.S. 579 (1993) ......................................................................................... 5, 6

*Hangarter v. Provident Life & Acc. Ins. Co.*
　373 F.3d 998 (9th Cir. 2004) ............................................................................... 8

*Jinro America Inc. v. Secure Investments, Inc.*
　266 F.3d 993 (9th Cir. 2001) ............................................................................... 6

*Kumho Tire Co., Ltd. v. Carmichael*
　526 U.S. 137 (1999) ............................................................................................ 5

*Mukhtar v. California State Univ., Hayward*
　319 F.3d 1073 (9th Cir. 2003) *overruled on other grounds by Estate
　of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014) ......................... 8

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*
　523 F.3d 1051 (9th Cir. 2008) ............................................................................. 8

*Primiano v. Cook*
　598 F.3d 558 (9th Cir, 2010) ............................................................................... 5

*Richter v. Hickman*
　578 F.3d 944 (9th Cir. 2009) ............................................................................... 6

*Sickelco v. Union Pac. R. Co.*
　111 F.2d 746 (9th Cir. 1940) ............................................................................... 7

*Walbridge Aldinger Co. v. Aon Risk Servs., Inc. of Pa.*
　2007 WL 1219036 (E.D. Mich. Apr. 25, 2007) ................................................... 7

**State Cases**

*Dutcher v. City of Santa Rosa*
　156 Cal. App. 2d 256 (1958) ............................................................................... 7

*Kopfinger v. Grand Cent. Pub. Market*
   60 Cal. 2d 852 (1964)...................................................................................................7

*Korsak v. Atlas Hotels*
   2 Cal. App. 4th 1516 (1992)..........................................................................................7

*N.N.V. v. American Ass'n. of Blood Banks*
   75 Cal. App. 4th 1358 (1999)........................................................................................7

*Security Commercial & Savings Bank v. Southern Trust & Commerce Bank*
   74 Cal. App. 734 (1925)................................................................................................7

*Spann v. Erwin Mem'l*
   34 Cal. App. 4th 644 (1995)..........................................................................................7

*Summers v. A.L. Gilbert Co.*
   69 Cal. App. 4th 1155 (1999)........................................................................................8

Statutes, Rules, Regulations, Constitutional Provisions

Federal Rule of Evidence 401...............................................................................................8

Federal Rule of Evidence 702........................................................................................... 1, 5

## I. INTRODUCTION

Plaintiffs Jeanne and Nicolas Stathakos submitted a report from Gabrielle Goldaper ("Goldaper"). (*See* ECF Dkt. No. 61-4.) Much of the Report, and any further deposition testimony from Goldaper thereon, does not meet the requirements of Federal Evidence Rule 702 and should not be admitted or considered by the Court.

First, the testimony is not reliable. Despite Goldaper's perfunctory claim in the Report that she has employed an industry standard method that would produce consistent results if tested, Goldaper's deposition confirmed otherwise. At her deposition, she admitted that (i) she invented the method she employs solely for the purpose of rendering her opinion in this case, and therefore has not previously used the method; (ii) she is not aware of any other expert in the industry that could perform a similar analysis; (iii) if another expert was to perform a similar analysis, they might use different methods and terminology and might reach different conclusions; (iv) her method is not a published method, not based on industry standards in the garment industry (which she admits are still developing), and not really a method at all because it relies on her gut determinations, not testable analysis. (*See* Declaration of Jay T. Ramsey submitted with Joint Brief, Ex. 3, Goldaper Depo at 51:17-52:23, 55:6-10, 56:9-60:14, 64:18-65:20, 65:21-66:12, 68:7-22, 111:1-9, 141:16-142:5.)[1] Her testimony is thus unreliable because the method and terminology she employs has not been tested, it is not peer reviewed or otherwise published, it would have a high rate of error and there is no evidence that it has been generally accepted by the garment industry.

Second, Goldaper's testimony is not relevant. Her testimony does not even touch on the issues the fact-finder must address in this case, including, for example:

---

[1] Excerpts from the Goldaper Deposition are included as Exhibit 3 to the Declaration of Jay T. Ramsey, submitted with Columbia's Opposition to Plaintiffs' Motion for Class Certification and Motion for Summary Judgment.

(1) whether each of Columbia's Outlet SMU Builds is "similar" or "comparable" to a counterpart Inline Style; and (2) what the difference is between the value of what Plaintiffs received and the prices they paid. Indeed, Ms. Goldaper repeatedly testified that she was not asked to determine the value of the SMU products vis-à-vis the inline counterparts and could not do so. (Goldaper Depo at 29:13-30:3, 73:3-11, 84:25-15, 131:12-22.)

## II. THE REPORT AND TESTIMONY

### A. Summary of Goldaper's Testimony

The Report states that Goldaper's assignment was to "determine" if certain of Columbia's Outlet SMU Builds were "identical" to their Inline Style counterparts and, if they were not identical, "to offer an opinion on the extent to which they differed." (Report at ¶ 17.) Goldaper was not asked to offer an opinion as to the value of the products at issue or what a proper retail price would be for them, and the Report does not contain any such opinion. (Goldaper Depo at 29:13-30:3, 73:3-11, 84:25-15.) Nor does she render any opinion that because a pair of products are constructed differently, one has a greater or less value than the other or one would be able to garner a higher price on the open market. (Goldaper Depo at 131:12-22.) Finally, she was not asked to offer an opinion as to whether the products at issue were similar or comparable to each other, and, again, the Report does not contain any such opinion. (Goldaper Depo at 95:20-96:11.)

Goldaper's method begins by comparing product samples and design specifications for a sub-group of products that counsel for Plaintiffs selected for her to review. (Report at ¶ 12; Goldaper Depo at 75:10-77:14.) Though she was provided with cost information, she did not factor the cost associated with manufacturing the products at issue into her opinions. (Goldaper Depo at 78:7-9.) In her analysis of each product pair, she identifies various differences in how the products were constructed – for example, she might state that one style has an "empire waist line" while the other has a "straight waist," that one style is more like

a "motorcycle jacket" while the other appears to be a more like a "rain jacket," that one style has a "different front pocket" than another style, and so on. (*See e.g.*, Report at ¶¶ 22, 23 and 31.) Columbia does not dispute that Goldaper can adequately identify the difference in construction.

However, in summarizing the differences she observes in the various products, Goldaper goes a step further and claims that the differences qualify as either "major material differences" or "modest stylistic differences." (See Report at ¶ 18.) While Goldaper's Report claims that these are industry standard terms and concepts, in her deposition she stated that the precise terms are her own and that they could not be found in any literature. (*See generally* Goldaper Depo at 56:9-60:14.) Goldaper herself has never compared garments before and has never previously used the method she employs in her Report to do so. (Goldaper Depo at 51:17-52:23, 53:12-23. *See also id.* at 44:6-10.) Moreover, in her deposition she could not name a single other industry expert that would use this method to compare garments and noted that if such an analysis was undertaken by another industry expert, different terminology might be used. (Goldaper Depo at 68:7-22.) Goldaper underscores repeatedly in her deposition that her "method" is not reliable or consistent: "a lot has to do with the person who's examining the garments and their determination," "sometimes it's up to the person who's examining them, based again on their expertise of that particular difference," and whether a difference can be categorized as modest or material would depend on an expert's "own production background." (Goldaper Depo at 64:18-65:20, 65:21-66:12. *See also id.* at 111:1-9, 141:16-142:5.) Finally, she offers no opinion whatsoever as to whether a Columbia outlet shopper (i.e. a potential putative class member) would consider any particular differences between SMU products and their inline counterparts to be "material", "modest", minor, or non-existent, or whether such consumers would consider the products similar or not. (*See generally* (Goldaper Depo at 29:13-30:3, 73:3-11, 84:25-15, 131:12-22, 95:20-96:11.)

**B. Portions of The Report To Which Columbia Is Objecting**

The following portions of the Report are unreliable and/or irrelevant as explained below and should not be admitted or considered by the Court:

- Paragraph 13: "Of the 18 total Outlet SMU Builds I examined, 7 have major material differences from their inline counterparts in design, structure and/or stylistic detail; 9 have modest stylistic differences compared to their inline counterparts; 1 has no inline counterpart but has modest stylistic differences from another Outlet SMU Build that it is based on; and 1 has no counterpart design at all."

- Paragraph 17: "If I found they were not identical, I was asked to offer an opinion on the extent to which they differed.

- Paragraph 18 in its entirety.

- Paragraph 19 in its entirety.

- Heading B. "Styles that contained major material and design differences as compared to their inline counterparts:"

- Paragraph 21: "…I found those pairs to contain major material differences."

- Paragraph 22: "…major…"

- Paragraph 23: "…materially…"

- Paragraph 24: "…but was able to identify major material difference between the Outlet SMU Build and the inline model based on the tech packs and CAD images."

- Paragraph 26: "These are major design/style differences…"

- Paragraph 27: "…which is a materially different product."

- Paragraph 28: "…these garments are therefore materially different."

- Paragraph 29: "…and are materially different."

- Heading B (duplicate lettering in Report). "Styles that contained modest stylistic differences as compared to their inline counterparts."

- Paragraph 35: "I observed modest design and construction differences between these two styles."

- Paragraph 43 in its entirety.

- Paragraph 41 (duplicate numbering in Report): "Those outlet exclusive styles contained either modest stylistic differences, or major material differences from their inline counterparts."

- Paragraph 42 (duplicate numbering in Report) in its entirety.

## III. GOLDAPER'S OPINIONS ARE NOT RELIABLE OR RELEVANT AND SHOULD NOT BE ADMITTED OR CONSIDERED BY THE COURT

### A. Expert Testimony Must Be Specialized, Relevant and Reliable

An expert's opinion testimony must be based on her "scientific, technical, or other specialized knowledge." F.R.E. 702. To be admissible it must be both reliable (the product of reliable principles and methods reliably applied to the facts of the case); and relevant (sufficiently tied to the facts of the case to be helpful to the jury). *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-91 (1993); *Primiano v. Cook*, 598 F.3d 558, 567 (9th Cir, 2010); *see also* F.R.E. 702. The district court acts as a gatekeeper to exclude unreliable or irrelevant expert testimony. *Barabin v. AstenJohnson, Inc*., 700 F.3d 428, 431 (9th Cir. 2012) ("In its role as gatekeeper, the district court determines the relevance and reliability of expert testimony and its subsequent admission or exclusion"). The objective "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). These requirements apply to *all* experts, not just scientists, but those whose opinions are based on skill, experience, or technical or specialized knowledge as well. *Kumho Tire Co., Ltd.*, 526 U.S. at 149.

### B. Goldaper's Testimony Is Not Reliable

The Supreme Court has highlighted the following factors as "helpful" in determining the *reliability* of a particular expert's testimony: (1) whether the theory or technique involved can or has been tested; (2) whether it has been subjected to peer review or publication; (3) whether it has a high known or potential rate of error; (4) whether it enjoys "general acceptance in the relevant scientific community"; (5) whether the opinion is admissible under the hearsay exception; and (6) whether its probative value outweighs any prejudicial effect. *Daubert*, 59 U.S. at 593-95. Goldaper's method does not pass muster under any of these factors. It does not appear in any literature, has not been tested, and has not been subjected to peer review or published. (Goldaper Depo at 56:9-60:14.) It is also not generally accepted in the industry; indeed, she cannot identify a single other individual who would use or follow the same analysis. (Goldaper Depo at 56:9-60:14, 68:7-22.) And, the method has a high rate of error because it is wholly based on the personal opinions of an individual, all of which depend, and may change, depending on her background and experience. (Goldaper Depo at 64:18-65:20, 65:21-66:12, 111:1-9, 141:16-142:5.)

Simply put, Goldpaper's opinion is formulated on nothing more than her "gut" feeling after years of experience in the apparel industry as to when the differences between two products amount to something more major or material and when they are instead merely modest and stylistic. (*See* Goldaper Depo at 64:18-65:20, 65:21-66:12, 111:1-9, 141:16-142:5.) Where, as here, an expert formulates an opinion on the basis of unreliable information, methods or sources, the opinion must be excluded. *See Richter v. Hickman*, 578 F.3d 944, 987 (9th Cir. 2009) ("an expert's opinion may not be based on assumptions of fact without evidentiary support, or on speculative or conjectural factors"); *Jinro America Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1001-09 (9th Cir. 2001) (trial court abused its discretion by admitting testimony by an expert, which lacked proper foundation

because the testimony was unreliable). As explained by one court, "[t]o allow mere years of experience to substitute for an actual reasoned explanation would be to permit an opinion to be supported by not much more than 'because I said so.'" *Walbridge Aldinger Co. v. Aon Risk Servs., Inc. of Pa.*, 2007 WL 1219036, at *3 (E.D. Mich. Apr. 25, 2007) (excluding expert testimony on "industry standards").

Moreover, a witness cannot offer an expert opinion as to a purported custom or usage in an industry without a sufficient foundation that such a custom or usage is universal, uniform, and undisputed in that industry. *Security Commercial & Savings Bank v. Southern Trust & Commerce Bank*, 74 Cal. App. 734, 749-50 (1925) ("It is elementary that to measure up to the legal definition of a custom or usage which is binding upon all persons of a class it must have been universal, uniform, and undisputed."). The Ninth Circuit is in accord: "California courts recognize the requirements as to certainty and uniformity to establish a custom or usage." *Sickelco v. Union Pac. R. Co.*, 111 F.2d 746, 749 (9th Cir. 1940) (emphasis added).

Goldaper's claim that the terminology she has employed in her method of comparison are standard in the industry is belied by her deposition testimony that the industry standards are not developed or written, the terms are her own (used by her only for this specific analysis), and other experts might use different ones and methods. (Goldaper Depo at 51:17-52:23, 53:12-23, 44:6-10, 56:9-60:14, 68:7-22.) In sum, Goldaper's claim that the terminology is standard in the industry is based solely on her limited personal and anecdotal experience. Courts refuse to allow an expert to testify about industry custom and practice where that testimony is based solely on their personal experiences. *E.g., Kopfinger v. Grand Cent. Pub. Market*, 60 Cal. 2d 852, 860 (1964); *Dutcher v. City of Santa Rosa*, 156 Cal. App. 2d 256, 263 (1958); *see also, N.N.V. v. American Ass'n. of Blood Banks*, 75 Cal. App. 4th 1358, 1394 (1999); *Spann v. Erwin Mem'l*, 34 Cal. App. 4th 644, 654 (1995). Nor can they base such testimony on anecdotal evidence. *Korsak v. Atlas Hotels*, 2 Cal. App. 4th 1516, 1526 (1992) ("[I]t does not appear that the information [expert]

presented resulted from any form of scientific study, survey, or investigation. Nothing in this record . . . suggests the expert relied upon any scientific sampling of the hotel industry").

Finally, Goldaper's chosen methodology is more prejudicial than probative. Her chosen terminology uses the word "material," which is a legal term of art. First, to the extent that Goldaper is using the word "material" in a legal sense, her opinion is improper. In *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004), the Ninth Circuit expressly held that "an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Id*. at 1016-17. *See also Mukhtar v. California State Univ., Hayward*, 319 F.3d 1073 (9th Cir. 2003) *overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc*., 740 F.3d 457 (9th Cir. 2014); *accord Summers v. A.L. Gilbert Co*., 69 Cal. App. 4th 1155, 1178 (1999) ("There are limits to expert testimony, not the least of which is the prohibition against admission of an expert's opinion on a question of law"); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc*., 523 F.3d 1051, 1058 (9th Cir. 2008) ("an expert witness cannot give an opinion as to her legal conclusion, *i.e.*, an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court") (quoting *Hangarter*). Second, whether there are *material* differences in the products at issue is not even relevant. The only issue is whether the products are sufficiently *similar* to each other under California Business & Professions Code § 17501 and the California Attorney General Opinion. In that regard, Goldaper offers no opinion at all.

### C. Goldaper's Testimony Is Not Relevant or Based on Specialized Knowledge

Federal Rule of Evidence 401 provides that evidence is relevant if it has tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action. As stated above,

two primary issues in this case are: (1) whether each Columbia Outlet SMU Build is "similar" to a counterpart Inline Style or other product; and (2) what the difference is between the value of what Plaintiffs received and the prices they paid. Goldaper admits that she did not analyze either of these issues and that her opinion does not touch on either issue. (Goldaper Depo at 29:13-30:3, 73:3-11, 84:25-15, 131:12-22, 95:20-96:11.) Her opinions as to whether differences can be categorized as major material or modest stylistic, even if admissible, are irrelevant.

## IV. CONCLUSION

For the reasons explained above, the specified portions of Goldaper's Report and any testimony she might further offer in relation thereto should not be admitted or considered by the Court.

Dated: January 31, 2017         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Jay T. Ramsey*
P. CRAIG CARDON
JAY T. RAMSEY

Attorneys for Defendants
COLUMBIA SPORTSWEAR COMPANY and
COLUMBIA BRANDS USA, LLC (f.k.a.
COLUMBIA SPORTSWEAR USA
CORPORATION