**TYCKO & ZAVAREEI LLP**
KRISTEN LAW SAGAFI, California Bar No. 222249
ksagafi@tzlegal.com
ANNICK M. PERSINGER, California Bar No. 272996
apersinger@tzlegal.com
483 Ninth Street, Suite 200
Oakland, CA 94607
Telephone (510) 254-6808
Facsimile (510) 210-0571

*Attorneys for Plaintiffs*
*Additional Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE and NICOLAS STATHAKOS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA SPORTSWEAR COMPANY; COLUMBIA SPORTSWEAR USA CORPORATION;<br><br>Defendants. | Case No. 4:15-cv-04543-YGR<br><br>*Hon. Yvonne Gonzalez Rogers*<br><br>**PLAINTIFFS' SEPARATE STATEMENT OF DISPUTED FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        April 25, 2017<br>Time:       2:00 p.m.<br>Courtroom: 1, (4th Floor, Oakland) |

Plaintiffs Jeanne and Nicholas Stathakos submit this response to Columbia's Separate Statement Facts in accordance with the Court's Standing Order. As detailed herein, Plaintiffs vigorously dispute all three issues of the issues upon which Columbia bases its Motion for Summary Judgment.

## I.  SUMMARY OF ISSUES

Columbia's Motion for Summary Judgment is purportedly based on the following issues:

1. Columbia is entitled to summary judgment on the TAC because Plaintiffs have not and cannot present any evidence that the reference prices they claim are deceptive are invalid.[1]

2. Columbia is entitled to summary judgment on the TAC because Plaintiffs have not and cannot present any evidence that they relied on the reference prices or therefore that they suffered an injury sufficient to confer either statutory or Article III standing.

3. Columbia is entitled to summary adjudication of Plaintiffs' prayers for monetary relief, whether through damages or restitution, because Plaintiffs have not and cannot present any evidence that they received something worth less than the price they paid.

As detailed below, genuine disputes of material fact exist with regard to each of these three issues, and therefore, summary judgment is unwarranted. For the Court's convenience, Plaintiffs attach an accurate summary of testimony regarding each of the Outlet SMU Builds they purchased as Plaintiffs' Appendix, which is attached to Plaintiffs' Opposition to Columbia's Motion for Summary Judgement, filed concurrently.

## II.  DISPUTED FACTS

| Plaintiffs' Fact No. | Issue No(s). | Columbia's Undisputed Fact ("UF") and Supporting Evidence | Plaintiffs' Response and Supporting Evidence |
|---|---|---|---|
| **PF 1** | 1-3 | **UF 1:** | **Disputed.** |

---

[1] Contrary to Columbia's argument, Plaintiffs are not required to prove "invalidity" or actual falsity of the reference prices (although they can and do). Plaintiffs must demonstrate only that Columbia's reference prices were "likely to deceive." *See* Plaintiffs' Opposition to Columbia's Motion for Summary Judgment, filed concurrently, at § III.A.1. The evidence demonstrates that Plaintiffs were deceived by, and relied on, Columbia's false reference prices in making their purchase decisions.

| | | | |
|---|---|---|---|
| | | Plaintiffs purchased seven Outlet SMU Builds, with the following product numbers: (1) XM6093; (2) XL5077; (3) XL4712; (4) XL6981; (5) XO5035; (6) XL5012; (7) XL6923.<br><br>Declaration of Melissa Olson ¶¶ 10, 12.<br><br>*See also* Appendix A. | Plaintiffs purchased the seven unique Outlet SMU Build styles Columbia identifies, but Plaintiffs purchased one of these styles, Item (3) XL4712, in two different colors.<br><br>Plaintiffs therefore purchased eight Outlet SMU Build products. Plaintiffs refer to these two purchases at Item 3(a), which was the beige version, and Item 3(b), which was the white version.<br><br>Reply Declaration of Jeanne Stathakos ("J. Stathakos Reply Dec."), at ¶¶ 5-7<br><br>*See also* Plaintiffs' Appendix. |
| **PF 2** | 1 | **UF 2:**<br>Each of the seven Outlet SMU Builds purchased by Plaintiffs had an Inline Style counterpart that was similar to the Outlet SMU Build. The following chart sets out the style numbers.<br><br>| Item No. | Outlet SMU Build | Inline Style |<br>|---|---|---|<br>| 1 | XM6093 | WM6044 |<br>| 2 | XL5077 | AL5030 |<br>| 3 | XL4712 | AL4720 |<br>| 4 | XL6981 | FL6148 |<br>| 5 | XO5035 | WO4014 |<br>| 6 | XL5012 | WL5033 | | **Disputed.**<br><br>One of the Outlet SMU Builds purchased by Plaintiffs (XL6923) did not have an Inline Style counterpart. The comparator listed in Defendants chart (XL 6968) is an Outlet SMU Build, not an Inline Style counterpart.<br><br>Dkt. 61-4, Report of Gabriele Goldaper ("Goldaper Report"), at ¶ 41.<br><br>Outlet SMU Builds are not always similar to their Inline style counterparts.<br><br>Dkt. 61-4, Goldaper Report, at ¶¶ 21-29. |

| | | | |
|---|---|---|---|
| | | 7 | XL6923 | XL6968 | |

Declaration of Melissa Olson ¶¶ 10, 12

*See also* Appendix A.

| | | | |
|---|---|---|---|
| **PF 3** | 1 | **UF 3:**<br><br>For each of the seven Outlet SMU Builds purchased by Plaintiffs, the reference price on the price tag was the price at which the item would have sold in inline channels.  For six of the seven items – (1) XM6093; (2) XL5077; (3) XL4712; (4) XL6981; (6) XL5012; and (7) XL6923 – the reference price was at or below the price at which the Inline Style counterpart identified in UF 2 sold.  For Item No. (5) XO5035, Columbia made improvements to the Inline Style, and so the reference price was increased accordingly.  The reference price was still the price at which the item would have sold in inline channels.<br>Declaration of Melissa Olson ¶¶ 12-14.<br><br>*See also* Appendix A. | **Disputed.**<br><br>Defendants' position that "the reference price on the price tag [for each of the seven Outlet SMU Builds] was the price at which the item *would have sold* in inline channels" is speculation.<br><br>Columbia concedes that its Outlet SMU Builds were never sold anywhere for higher advertised reference price.<br><br>Deposition of James Robert "Bobby" Bui ("Bui Dep."), 103:18-20; 123:8-124:12, Motion, Dkt. 61-19.<br><br>Defendant's Response to Plaintiffs' Second Set of Requests for Admission at p. 1(RFA #8), Motion Dkt. 61-23. |
| **PF 4** | 2 | **UF 4:**<br><br>Plaintiffs purchased Item Nos. (2) XL5077; (4) XL6981; (5) XO5035; (6) XL5012; and (7) XL6923 after the filing of the Complaint in this action.<br><br>Declaration of Jay T. Ramsey ¶¶ 7-10, Exs. 6-8.<br><br>*See also* Appendix A. | **Undisputed.**<br><br>Plaintiffs purchased Item Nos. (2) XL5077; (4) XL6981; (5) XO5035; (6) XL5012; and (7) XL6923 after the filing of the Complaint in this action. |
| **PF 5** | 2 | **UF 5:**<br><br>Plaintiffs admit that by at least the filing of the Complaint in this action, they knew that the reference prices were purportedly false. | **Disputed.**<br><br>At its outlet stores, Columbia sells both (1) Outlet SMU Builds, which are only sold at the outlet and never sold anywhere at the higher reference price; and (2) true overstock items that actually |

| | | | |
|---|---|---|---|
| | | Ramsey Decl. Ex 1, Deposition of Jeanne Stathakos ("JS Depo") at 23:1-24:12; 24:24-25:6. Ramsey Decl. Ex. 2, Deposition of Nicolas Stathakos ("NS Depo") at 26:6-12. | were previously sold at the reference price appearing on the price tag.<br><br>Columbia's Responses to Plaintiffs' Interrogatories (Interrogatory No. 3), Motion, Dkt. 61-22.<br><br>Deposition of Melissa Olson ("M. Olson Dep."), at 36:17-22, Ex. 3.[2]<br><br>It is impossible for Columbia Outlet Store customers to tell which items in the outlet store were previously sold at the higher reference price and which ones were never sold at the higher reference price.<br><br>Compeau Report, at ¶¶ 29-36, Motion, Dkt. 61-1.<br><br>M. Olson Dep., at 52:15-24, Ex. 3.<br><br>*See also* Figs. 2 (depicting Outlet SMU Build price tag) and 3 (depicting price tag for Inline item sold at outlet), Plaintiffs' Opposition to Columbia's Motion for Summary Judgment, at p. 5.<br><br>Plaintiffs admit that by the filing of the Complaint they believed that *some* of the reference prices at Columbia Outlet stores were false, but they did not know which reference prices were false and which reflected actual former prices.<br><br>Deposition of Jeanne Stathakos ("J. Stathakos Dep."), at 24:24-25:23, Ex. 1.<br><br>Deposition of Nicolas Stathakos ("N. Stathakos Dep."), at 26:6-12; 39:3-41:18; 100:4-101:2, Ex. 2. |

---

[2] Unless otherwise stated, all numerical Exhibits cited herein are attached to the Reply Declaration of Kristen Sagafi ("Sagafi Reply Decl.")

|  |  |  |  |
|---|---|---|---|
|  |  |  | Reply Declaration of Jeanne Stathakos ("J. Stathakos Reply Decl."), ¶¶ 5-7. |
|  |  |  | Reply Declaration of Nicolas Stathakos ("N. Stathakos Reply Decl."). at ¶ 8. |
|  |  |  | Even after the filing of the Complaint, Plaintiffs continued to rely on the false reference prices in making their purchase decisions. |
|  |  |  | J. Stathakos Dep., at 24:24-25:23, Ex. 1. |
|  |  |  | N. Stathakos Dep., at 39:3-41:18; 93:24-96:8; 100:4-101:2, Ex. 2. |

| PF 6 | 2 | UF 6: Plaintiffs admit that as to Item Nos. (2) XL5077; (3) XL4712; (4) XL6981; and (6) XL5012, Plaintiffs would still have purchased the items for the prices they paid even if they had known that the reference prices listed on the price tags for the items were purportedly false.<br><br>Ramsey Decl. Exs. 1, JS Depo and Ex. 2, NS Depo. The specific page and line citations for each Item No. are set forth in the following chart: | Disputed.<br><br>Plaintiffs purchased SMU Builds that they would not have otherwise purchased in reliance on Columbia's false reference prices.<br><br>J. Stathakos Dep., at 27:9-10; 30:2-30:20; 42:9-12; 58:15-18; 59:5-7, Ex. 1.<br><br>N. Stathakos Dep., at 93:24-96:8; 99:2-100:2, Ex. 2.<br><br>Plaintiff Nick Stathakos does not admit that he and/or his wife would have purchased any of Columbia Outlet SMU Builds had they known they never sold for the reference price. He is unsure whether he and his wife would have purchased *any* of the Outlet SMU Builds if they had known the reference price was false.<br><br>N. Stathakos Reply Decl., ¶¶ 5-7.<br><br>Plaintiff Jeanne Stathakos would "probably not" have purchased Item No. 3(a) had she known |

| Item No. | Outlet SMU Build | Cites |
|---|---|---|
| 2 | XL5077 | JS at 70:3-71:22, 73:4-74:3; NS at 98:4-100:2; 101:4-8 |
| 3 | XL4712 | JS at 74:7-75:10 |
| 4 | XL6981 | JS at 75:12-76:12 |

| | | | | | |
|---|---|---|---|---|---|
| | | | 6 | XL5012 | JS at 78:25-80:3 | Columbia's reference price for that item was false. |

*See also* Appendix A.

| | | | | |
|---|---|---|---|---|

J. Stathakos Reply Decl., ¶¶ 5-6.

Plaintiff Jeanne Stathakos would not have purchased Item No. 5 had she known that Columbia's reference price for that item was false.

J. Stathakos Dep., at 76:14-78:23, Ex. 1.

*See also* Plaintiffs' Appendix, which accurately summarizes Plaintiffs' testimony regarding every Outlet SMU Build they purchased. The deposition testimony cited in Plaintiffs' Appendix is collected at Sagafi Reply Decl., Exs. 1 and 2.

| **PF 7** | 2 | **UF 7**: | **Disputed.** |
|---|---|---|---|
| | | For Item Nos. (1) XM6093; (5) XO5035; and (7) XL6923, Plaintiffs cannot state, one way or the other, whether they would still have purchased the items for the prices they paid even if they had known that the reference prices listed on the price tags for the items were purportedly false.<br><br>Ramsey Decl. Exs. 1, JS Depo and Ex. 2, NS Depo. The specific page and line citations for each Item No. are set forth in the following chart:<br><br>| Item No. | Outlet SMU Build | Cites |<br>|---|---|---|<br>| 1 | XM6093 | JS at 63:12-19, 66:12-21; NS at 87:7-89:21 |<br>| 5 | XO5035 | JS at 76:14-78:21 (confirming it was NS's | Plaintiffs would not have purchased Item No. (5) XO5035 had they known the reference price on that item was false.<br><br>J. Stathakos Dep., at 76:14-78:23, Ex. 1.<br><br>*See also* Plaintiffs' Response and Supporting Evidence regarding Columbia's UF 6, directly above.<br><br>*See also* Plaintiffs' Appendix. |

| | | | | |
|---|---|---|---|---|
| | | | purchase); NS at 91:19-94:21 (unsure) | |
| | | 7 | XL6923 | JS at 80:5-81:8 | |

*See also* Appendix A.

| | | | |
|---|---|---|---|
| **PF 8** | 3 | **UF 8:**<br><br>Plaintiffs have not and cannot present any evidence that for any of the Outlet SMU Builds they purchased, they paid a price greater than the value of the item they received.<br><br>Declaration of Melissa Olson ¶¶ 5-8, 10-14.  *See also* Plaintiffs' Brief (failing to cite any such evidence). | **Disputed.**<br><br>Plaintiffs are not required to present evidence that the price they paid for the Outlet SMU Builds exceeds the value of the item they received. If the Court holds that price to value differential is the only proper means of determining monetary relief, Plaintiffs will respectfully request the opportunity to develop evidence demonstrating that the price paid was greater than the value received.<br><br>*See* Motion at pp. 20-23, Dkt. 61.<br><br>*See also* Plaintiffs' Opposition to Columbia's Motion for Summary Judgment, filed concurrently, at § III.C.3. |

## PLAINTIFFS' ADDITIONAL MATERIAL FACTS

| | | | |
|---|---|---|---|
| **PF 9** | 1 | | **Additional Fact 9:**<br><br>Consumers believe the reference prices on Columbia's Outlet SMU Builds indicate former prices.<br><br>Compeau Report, at ¶¶ 29-36, Motion, Dkt. 61-1.<br><br>Scott Report at Exhibit H-16, Def. Dkt. 75-13.<br><br>Rebuttal Report of Hal Poret, at ¶¶ 32-35. |

-7-   Case No. 3:15-cv-04543-YGR
PLAINTIFFS' SEPARATE STATEMENT OF FACTS

| | | | | |
|---|---|---|---|---|
| | | | | J. Stathakos Dep., at 21:11-13; 24:24 - 25:16; 30:2-30:20; 42:2-12; 58:10-59:7; 98:7-14, Ex. 1. |
| | | | | N. Stathakos Dep., at 21:7-26:5, 30:24-31:6; 34:7-38:9; 89:3-90:8; 93:24-96:8, Ex. 2. |
| | | | | J. Stathakos Reply Decl., ¶ 8. |
| | | | | N. Stathakos Reply Decl., ¶ 5. |
| **PF 10** | 1 | | | **Additional Fact 10:** Outlet SMU Builds are never sold anywhere but Columbia outlet stores and are never sold at the highest price appearing on the price tag. Bui Dep., 103:18-20; 123:8-124:12, Motion, Dkt. 61-19. Defendant's Responses to Plaintiffs' Interrogatories, at pp. 5-6 (Interrogatory No. 3), Motion, Dkt. 61-22. Defendant's Response to Plaintiffs' Second Set of Requests for Admission at p. 1 (RFA No. 8), Motion, Dkt. 61-23. |
| **PF 11** | 1 | | | **Additional Fact 11:** Consumers are deceived by reference prices that do not reflect actual former prices. Compeau Report, at ¶43, Motion, Dkt. 61-1. Compeau Rebuttal Report at ¶¶ 11-12. J. Stathakos Dep., 42:2-12; 67:3-69:7, Ex. 1. N. Stathakos Dep., 34:7-16; 37:24-38:9, Ex. 2. |

| | | | |
|---|---|---|---|
| **PF 12** | 2 | | **Additional Fact 12:**<br><br>Plaintiffs believed that the reference prices on SMU Builds they purchased represented true former prices of the items they purchased.<br><br>J. Stathakos Dep., at 42:2-12, Ex. 1.<br><br>N. Stathakos Dep., at 34:7-38:9; 93:24-96:8, Ex. 2.<br><br>Compeau Report, at ¶¶ 29-36, Motion, Dkt. 61-1. |
| **PF 13** | 2 | | **Additional Fact 13:**<br><br>Plaintiffs purchased Columbia's Outlet SMU Builds in reliance on Columbia's false reference prices.<br><br>J. Stathakos Dep., at 26:6-14, Ex. 1.<br><br>N. Stathakos Dep., at 34:9-38:9; 70:20-71:19; 93:24-96:8, Ex. 2.<br><br>N. Stathakos Reply Decl., ¶¶ 5-7.<br><br>J. Stathakos Reply Decl., ¶¶ 5-8.<br><br>*See also* Plaintiffs' Appendix. |
| **PF 14** | 2 | | **Additional Fact 14:**<br><br>Columbia knows that its outlet customers are looking for bargains and it uses reference prices to communicate that outlet customers are getting a "better deal."<br><br>M. Olson Dep., at 90:1-91:23, Ex. 3.<br><br>M. Olson. Dep., at 93:15-94:11, Motion, Dkt. 61-18.<br><br>Bui Dep., at 91:5-11, Motion, Dkt. 61-19. |

| | | | |
|---|---|---|---|
| | | | *See also* J. Stathakos Dep., 32:3-4, Ex. 1. |
| **PF 15** | 2 | | **Additional Fact 15:** Consumers' perception of the value of Columbia Outlet SMU Build products goes down when they are told that the reference price refers to a different product. Poret Rebuttal Report, ¶ 75 *See also* Compeau Report, ¶ 5, 15, 18-20, 25-29, 47, 49, Dkt 61-1; Compeau Rebuttal Report, ¶¶ 11-12, 15; Deposition of Larry D. Compeau, 148:17-20,159:16-25, 253:23-254:24, 275:18-24, Ex. 4. |
| **PF 16** | 3 | | **Additional Fact 16:** Plaintiffs proffer three models of monetary relief, each of which can be calculated on a classwide basis consistent with Plaintiffs' theory of liability. A. Olsen Report, at ¶¶ 16-17, Motion, Dkt 61-13. A. Olsen Rebuttal Report, at ¶¶ 5-6, 9-11. Bui Dep. at 23:12-17, Ex. 5. *See* Motion at pp. 20-23, Dkt. 61. |

## III. SUMMARY

Plaintiffs vigorously dispute all three of the "issues" upon which Columbia bases its motion. For the Court's convenience, Plaintiffs attach an accurate summary of the testimony with regard to each of the Outlet SMU Builds Plaintiffs purchased in Plaintiffs' Appendix, which is attached to Plaintiffs' Opposition to Columbia's Motion for Summary Judgement, filed concurrently.

## IV. ATTESTATION

I attest that the evidence cited herein fairly and accurately supports the facts as asserted.

| | |
|---|---|
| Dated: March 13, 2017 | /s/ Kristen Law Sagafi |

        Kristen Law Sagafi
Attorney for Plaintiffs
**TYCKO & ZAVAREEI LLP**
KRISTEN LAW SAGAFI, California Bar No. 222249
ksagafi@tzlegal.com
ANNICK PERSINGER, California Bar No. 272996
apersinger@tzlegal.com
483 Ninth Street, Suite 200
Oakland, CA 94607
Telephone (510) 254-6808
Facsimile (202) 973-0950

**TYCKO & ZAVAREEI LLP**
HASSAN A. ZAVAREEI, California Bar No. 181547
hzavareei@tzlegal.com
JEFFREY D. KALIEL, California Bar No. 238293
jkaliel@tzlegal.com
1828 L Street, NW, Suite 1000
Washington, DC 20036
Telephone (202) 973-0900
Facsimile (202) 973-0950

**KOPELOWITZ OSTROW P.A.**
JEFFREY M. OSTROW, Florida Bar No. 121452
ostrow@kolawyers.com
Scott A. Edelsberg, Florida Bar No. 0100537
edelsberg@kolawyers.com
200 S.W. 1st Avenue, 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
(*pro hac vice to be filed*)