

**WASHINGTON DC**
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

**CALIFORNIA**
483 Ninth Street | Suite 200
Oakland, CA 94607
510.254.6808

**VIA ELECTRONIC FILING SYSTEM**

July 3, 2017

The Honorable Yvonne Gonzalez Rogers
Oakland Courthouse, Courtroom 1 – 4th Floor
1301 Clay Street, Oakland, CA 94612

   Re: *Stathakos v. Columbia Sportswear Company*, Case No: 4:15-cv-04543-YGR

Dear Judge Gonzalez Rogers:

This letter serves as Plaintiffs Jeanne and Nicolas Stathakos' request for a pre-filing conference regarding Plaintiffs' intended motion for summary judgment or, in the alternative, for partial summary judgment. Plaintiffs' motion will establish that Columbia has violated the UCL and the CLRA as a matter of law. Plaintiffs motion would be on four grounds: (1) Columbia has violated the unlawful prong of the UCL as a matter of law; (2) it is undisputed that Plaintiffs have standing and that they relied on Columbia's false discounts; (3) it is undisputed that Columbia's false reference prices are likely to deceive a reasonable consumer; and (4) it is undisputed that Columbia's false discounts were material. Plaintiffs' counsel is available to appear at the Court's convenience on July 10, 14, 17, 24, 26, or 28.

1. **Factual Background**

Plaintiffs assert UCL and CLRA claims on behalf of a Rule 23(b)(2) class. Plaintiffs' claims arise from Columbia's uniform use of deceptive reference prices on Outlet SMU Builds, which are sold exclusively at Columbia outlet stores and never offered for sale at the higher reference price that appears on the price tag.

2. **Columbia's Reference Prices Violate the UCL "Unlawful" Prong as a Matter of Law**

"By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the UCL makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (citations and internal quotation marks omitted). Bus. & Prof. Code § 17501 provides that "No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement."

Here, it is undisputed that the price tags for the Inline products sold at Columbia's outlets include a higher reference price at which the Inline products were formerly sold. *See e.g.*, Plaintiffs' Opposition to MSJ and Reply ISO Certification, Dkt. 86, at 5; 5/11/2017 Order, Dkt. 101, 13:12-16 ("Plaintiffs' proffered evidence … demonstrates that consumers could not distinguish based on the price tags between garments which were Outlet SMU Builds that were never sold for the advertised reference price and Inline styles sold at the outlets which were at some point sold for the advertised reference price."). It is also undisputed that the Outlet SMU and Inline tags look identical. *See id.* Additionally, it is undisputed that the Outlet SMU Builds were never sold anywhere for the higher advertised reference price on the price tag. *See* Bui Dep. 103:18-20, 123:1-124:12; Defendants'



July 3, 2017
2

Response to Plaintiffs' Second Set of Requests for Admission at p. 1 (RFA #8). Therefore, Defendants' advertised higher former reference price was not the prevailing market price within three months preceding publication of the advertisement. As a result, Defendants have failed to comply with Bus. & Prof. Code § 17501 and have violated the "unlawful" prong as a matter of law.[1]

### 3. It Is Undisputed That Plaintiffs Relied on Columbia's False Discounts

To establish standing to assert a UCL case grounded in fraud, plaintiffs must "demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions." *Kwikset Corp. v. Superior Court*, 41 Cal. 4th 310, 326-27 (2011) (internal quotations and citation omitted); *see also* Cal. Civ. Code § 1780(a) (requiring that a consumer be injured "as a result" of the allegedly deceptive practice under the CLRA). The Ninth Circuit has reasoned that "deceived bargain hunters suffer a more obvious economic injury" than results from other types of false advertising because the "bargain hunter's expectations about the product he purchased is precisely that it has a higher perceived value and therefore a higher resale value." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106 (9th Cir. 2013).

For the three items Plaintiffs purchased prior to the filing of the complaint, it is uncontroverted that Plaintiffs relied on Defendants' pricing. Indeed, this Court has already found that "plaintiffs have *at least* raised triable issues of fact as to whether they relied on the reference prices in making their purchases." 5/11/2017 Order, Dkt. 101, 15:8-10 (emphasis added). In fact, Plaintiffs have evidence that goes beyond the minimum of raising a triable issue of fact. Both Plaintiffs testified that getting a deal was the "whole purpose" of shopping at Columbia's outlet stores. *See* J. Stathakos Dep., 21:17-32:4; N. Stathakos Dep., 30:24-31:6. Plaintiffs' testimony also establishes that they are "bargain hunters" whose purchase decisions are driven largely by the presence of a discount. *See* J. Stathakos Dep., 46:22-23; N. Stathakos Dep., 34:7-35:18; 37:24-38:9; *see also Hinojos*, 718 F.3d at 1106. Additionally, both have provided declarations averring that the amount of the discount is an important factor they use in purchasing decisions. Defendants, on the other hand, have not shown, and cannot show, that there is a genuine issue of material fact as to Plaintiffs' reliance.

### 4. It Is Undisputed That Columbia's False Reference Prices Are Likely to Deceive a Reasonable Consumer

Columbia's price tags demonstrate that the reference prices used for Outlet SMU Builds are deceptive as a matter of law. *Brockey v. Moore*, 107 Cal.App.4th 86, 100 (Cal.App.2003) ("[T]he primary evidence in a false advertising case is the advertising itself."). As this Court has recognized, Plaintiffs' evidence demonstrates that consumers cannot distinguish between the discounts from former prices reflected on Inline tags and the purported discounts from the higher reference prices shown on Outlet SMU Build tags. 5/11/2017 Order, Dkt. 101, 13:12-16. Plaintiffs testified that they believed that the reference prices reflected former prices at which the ticketed items were actually sold. *See* Plaintiffs' Opposition to MSJ and Reply ISO Certification, Dkt. 86, at 19. As Defendants' own consumer survey confirms, many consumers are deceived into believing exactly what Plaintiffs believed here: that the higher reference price is a former price at which the product was previously sold. *See e.g.*, Poret Rebuttal Report ¶ 33 (explaining that upwards of 75% to 80% of respondents understood Columbia's reference prices to mean actual former or retail prices for the ticketed item). When consumers are told that the higher price is not a former price, their perception of the value of

---

[1] As discussed in the remainder of this letter, Defendants have also violated the UCL as a matter of law as a result of their violations of the CLRA, the elements of which are discussed herein.



July 3, 2017
3

the deal decreases. *Id.* at ¶ 33. In short, it cannot be disputed that Defendants' reference prices are deceptive. Even Dr. Scott's view of the survey confirms that a significant portion of the respondents were deceived. *See* Poret Report, Dkt. 86-4, ¶ 32 ("Dr. Scott reports that 40.5% of respondents answered that the higher price is an 'original or first sale price, actual price …'"); *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003) (explaining that "likely to deceive" requires only that "it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled").

### 5. It Is Undisputed That Columbia's False Discounts Were Material

The Ninth Circuit recognizes that price representations, and especially markdowns, are material to consumers. *Hinojos v. Kohl's Corp.*, 718 F.3d at 1107 (explaining that the legislature's decision to prohibit retailers from advertising false sales and reduced prices "is evidence that the legislature has deemed that the practice constitutes a 'material' misrepresentation, and courts must defer to that determination"); *id.* at 1106 (citing Plaintiff's expert Larry D. Compeau to support the conclusion that "[m]isinformation about a product's 'normal' price is, therefore, significant to many consumers in the same way as a false product label would be"); *see also Pulaski v. Google Inc.*, 802 F.3d 979, 985-86 (9th Cir. 2015) (individualized findings of deception, reliance, and injury are not required).

Here, the representations at issue are deceptive illusory discounts. The legislature has determined that false reduced prices like Columbia's are material. *See Hinojos*, 718 F.3d at 1107. Further, Plaintiffs' expert Dr. Compeau opines here, as he did in *Hinojos*, that higher reference prices create an impression of savings and enhance consumers' perceived value and willingness to buy the product. *See id.*; *see also* Report of Larry D. Compeau, Dkt. 61-1. Plaintiffs' expert Dr. Compeau has shown that the extant research on reference pricing consistently shows that the mere presence of a reference price increases consumers' perception that they are getting a good deal, which in turn increases their willingness to buy. *See* Compeau Report, Dkt. 61-1. Defendants' own survey, conducted by Dr. Carol Scott, confirmed that there is no genuine issue of material fact with respect to the materiality of Defendants' reference prices. *See e.g.*, Poret Rebuttal Report ¶ 57 (over 80% of respondents rated the amount of savings as an important factor).

### 6. Class-wide Injunctive Relief and Attorney's Fees

For the foregoing reasons, Plaintiffs respectfully request that the Court permit them to file a Motion for Summary Judgment or, in the alternative, for Partial Summary Judgment. If the Court finds in Plaintiffs' favor on liability, the only remaining issue will be fashioning the appropriate injunctive relief. If the Court finds liability in favor of the Class, Plaintiffs will then request that the Court determine the entitlement to and scope of injunctive relief, and retain jurisdiction to determine attorney's fees and costs.

Sincerely,

*Kristen L. Sagafi*

Kristen L. Sagafi

Cc: Craig Cordon, Jay Ramsey,
Avi Kaufman, Scott Edelsberg, Jeff Ostrow,
Hassan Zavareei, Annick Persinger