**TYCKO & ZAVAREEI LLP**
KRISTEN LAW SAGAFI, California Bar No. 222249
ksagafi@tzlegal.com
ANNICK M. PERSINGER, California Bar No. 272996
apersinger@tzlegal.com
483 Ninth Street, Suite 200
Oakland, CA 94607
Telephone (510) 254-6808
Facsimile (202) 973-0950

*Attorneys for Plaintiffs*
*Additional Attorneys on Signature Page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE and NICOLAS STATHAKOS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COLUMBIA SPORTSWEAR COMPANY; COLUMBIA SPORTSWEAR USA CORPORATION,<br><br>Defendants. | Case No. 4:15-cv-04543 (YGR)<br><br>**PLAINTIFFS' TRIAL PLAN**<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Courtroom:   1, 4th Floor, Oakland Courthouse |

**INTRODUCTION**

Plaintiffs respectfully submit this trial plan pursuant to the Court's May 26, 2017 Order Re: Plaintiffs' Notice; Setting Case Management Conference (Dkt. No. 104). Plaintiffs' claims in this matter arise from Columbia's use of misleading reference prices on products sold exclusively at Columbia's outlet stores ("Outlet SMU Builds"). Columbia's pricing scheme is uniform across all Outlet SMU Builds. In light of the Court's Orders granting Columbia's motion for summary judgment with respect to Plaintiffs' proffered models for monetary relief (Dkt. No. 101) and certifying a class of California consumers pursuant to Fed. Rule of Civil Procedure 23(b)(2) (Dkt. No. 104), Plaintiffs do not intend to pursue claims for damages or monetary restitution for themselves or the certified Class at this time.[1] At this stage, Plaintiffs intend to proceed with statutory consumer protection claims for injunctive relief under two statutes:

1. California Consumers' Legal Remedies Act, Civil Code §§1750, *et seq*. (the "CLRA"); and

2. California's Business & Professions Code §§ 17200, *et seq*. (the "UCL").

Each statute provides consumer remedies for unfair or deceptive acts and practices. The CLRA allows for a jury trial. The UCL does not. Plaintiffs intend to waive their right to a jury trial on the CLRA claim. Plaintiffs propose that the case proceed with a single bench trial for both Plaintiffs' CLRA and UCL claims. If the Court concludes that the CLRA claim must be tried to a jury, then Plaintiffs propose that Plaintiffs' CLRA and UCL claims be tried together before a jury. *L.A. Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) (citing *Miller v. Fairchild Indus*., 885 F.2d 498, 507 (9th Cir. 1989).

Plaintiffs submit a pre-filing letter seeking leave to file a motion for summary judgment, or for partial summary judgment, concurrently with this Trial Plan. In that letter, Plaintiffs respectfully request the Court's leave to submit an affirmative motion for summary judgment of

---

[1] Plaintiffs expressly reserve their right to seek reconsideration and/or appeal from the Court's Order with regard to their proffered models of monetary relief, if appropriate, in the future.

their CLRA and UCL claims. As outlined in the letter, Plaintiffs submit that Columbia's liability can be resolved as a matter of law in advance of trial. Because the length and scope of trial will be affected by the disposition of Plaintiffs' anticipated summary judgment motion, Plaintiffs respectfully request that the Court set a schedule for Plaintiffs' summary judgment motion and revisit the issues addressed in this trial plan after the Court has ruled on the summary judgment motion.[2] Pursuant to the Court's May 26, 2017 Order directing Plaintiffs to submit a Trial Plan, Plaintiffs below outline the anticipated scope and length of trial if the parties were to proceed directly to trial without further motion practice.[3]

**SCOPE AND LENGTH OF TRIAL**

Plaintiffs propose that all issues be tried in a single proceeding before the Court without a jury. Plaintiffs anticipate that trial can be completed in 10-12 court days under this Court's Standing Order re: Pretrial Instructions in Civil Cases and can begin as early as December 2017, at the Court's convenience.

If the Court concludes that Plaintiffs' CLRA claim must be tried to a jury, Plaintiffs envision a single jury panel to hear all issues related to the CLRA claim. Based on the substantial overlap between Plaintiffs' legal claim under the CLRA and their equitable claim under the UCL, the jury's findings will likely be conclusive as to both claims. *See Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989) (finding that where there are issues common to both the equitable and legal claims the legal claims involved in the action must be determined prior to any final court determination of the equitable claims). Following the presentation of evidence, the Court will determine liability and remedies for Plaintiffs' UCL claim. *Netlist, Inc. v. Diablo Techs., Inc.*, No. 13-CV-5962 YGR, 2015 WL 1887261, at *3 (N.D.

---

[2] In the Plaintiffs' portion of the Joint Statement submitted concurrently, Plaintiffs propose a February 2018 trial date to allow time for Plaintiffs to move for summary judgment. In the Joint Statement, Plaintiffs also propose a schedule for Plaintiffs' motion for summary judgment and other pretrial dates.

[3] Plaintiffs may also suggest changes to this plan in advance of trial in light of the completion of discovery, changes in the law (particularly as they may relate to the viability of Plaintiffs' proposed damages models), and/or orders in this case.

Cal. Apr. 24, 2015) *aff'd,* 667 F. App'x 774 (Fed. Cir. 2016) ("[b]ecause a UCL claim is equitable in nature, the Court, rather than a jury, must decide whether there was a UCL violation.").

If Plaintiffs obtain a favorable ruling on the issue of liability, Plaintiffs will request that the Court enter an appropriate injunction, which "may be as wide and diversified as the means employed in perpetration of the wrongdoing." *Montano v. Bonnie Brae Convalescent Hosp., Inc.*, 79 F. Supp. 3d 1120, 1135 (C.D. Cal. 2015) (internal citations omitted); *see also Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1080, 90 Cal. Rptr. 2d 334, 344, 988 P.2d 67, 76 (1999) (finding that the benefits of granting injunctive relief under the CLRA accrue to the general public in danger of being victimized by the same deceptive practices as the plaintiff suffered); *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th, 499, 540, 63 Cal. Rptr. 2d 118 (1997) (finding in a UCL case that the court's power to grant equitable relief is extraordinarily broad); *Barquis v. Merchants Collection Ass'n*, 7 Cal. 3d 94, 111, 101 Cal. Rptr. 745, 496 P.2d 817 (1972) ("the Legislature . . . intended by this sweeping language [of Section 17200] to permit tribunals to enjoin on-going wrongful business conduct in whatever context such activity might occur.").

**STIPULATED FACTS**

Plaintiffs anticipate that the parties can agree on certain stipulated facts in advance of trial, including, without limitation:

1. The name and style number for each Outlet SMU Product sold during the Class Period;
2. The name and style number for each Outlet SMU Product Plaintiffs purchased;
3. The fact that Columbia's Outlet SMU Products were sold exclusively at Columbia Outlet stores;
4. The fact that Columbia's Outlet SMU Products were never sold at the highest price appearing on the price tag;
5. The fact that Columbia Outlet SMU Products are not identical to any Inline Columbia products; and

6. The fact that the leases governing Columbia's Outlet Stores in California require Columbia to offer a significant portion of outlet merchandise at a "discount" (the exact lease terms vary by location; Plaintiffs anticipate that the details as to each lease could be stipulated).

The use of stipulated facts will streamline the trial presentations and minimize unnecessary disputes and interruptions.

### COMMON ISSUES

Plaintiffs' claims under the CLRA and UCL's fraudulent prong require a showing that "members of the public are likely to be deceived by the defendant's business practices." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). This is an objective standard that will not require any inquiry into the circumstances of individual Class members. *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 537-38 (N.D. Cal. 2012); *Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 242 (N.D Cal. 2014) ("Proving whether the challenged representations qualify under this standard will not require delving into issues specific to each consumer."). The primary evidence to prove Plaintiffs' case will be Columbia's own price tags, merchandise, sales and manufacturing data, as well as Plaintiffs' testimony and expert testimony related to consumer perception. This common evidence will address the following common questions with respect to Columbia's liability:

- whether Columbia's price tags are likely to deceive a reasonable consumer;
- whether Columbia's representations are material; and
- whether Plaintiffs and the other Class members are entitled to injunctive relief, and the nature of any such relief.

Plaintiffs are not required to show individual reliance with respect to each Class member under the UCL. *Kumar v. Salov N. Am. Corp.*, No. 14-CV-2411-YGR, 2016 WL 3844334, at *7 n.9 (N.D. Cal. July 15, 2016). Likewise, classwide reliance under the CLRA can be inferred by proving that Columbia's representations are material, which is an objective standard. *Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2016 WL 1535057, at *5 (N.D. Cal. Apr. 15,

2016). "As a general rule, materiality may be established by common proof[.]" *Id*. A classwide inference of reliance is appropriate in this case because, by definition, all Class members would have been exposed to the same or similar deceptive price representations. *Id*.

Similarly, Plaintiffs can demonstrate liability under the "unlawful" prong of the UCL by proving Columbia's violations of Business and Professions Code § 17501, the CLRA, and the FTC Act, 15 U.S.C. § 45(a)(1), 52(a), which will be done as described above. The "unfair" prong of the UCL requires Plaintiffs to prove that Columbia's practices are "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016 (N.D. Cal. 2016) (internal citations omitted). Alternatively, Plaintiffs can "tether the UCL to some specific constitutional, statutory, or regulatory provisions." *Id*. Plaintiffs will prove their case under either standard using common evidence, without inquiring into the circumstances of individual Class members.

## COMMON EVIDENCE

At trial, Plaintiffs will prove Columbia's violations of the CLRA and UCL with common, class-wide evidence. Plaintiffs offer a list of likely trial exhibits and witnesses, with the caveat that trial preparation is ongoing:

- **a. Likely Trial Exhibits**
    - i. Representative price tags for Outlet SMU Builds and SMU-Inline products
    - ii. Columbia's technical design drawings of Outlet SMU Builds and their alleged counterparts
    - iii. Examples of Outlet SMU Builds and SMU-Inline garments
- **b. Likely Class Representative Witnesses**
    - i. Plaintiffs Jeanne and Nicolas Stathakos
- **c. Likely Adverse & Third-Party Percipient Witnesses (Live or by Videotape)**
    - i. Columbia's Chairman of the Board, Gert Boyle
    - ii. Columbia's Director Global SRT at Columbia Sportswear, Melissa Olson

iii. Columbia's former Director of Retail Merchandising for North America, James "Bobby" Bui

**d.     Likely Expert Witnesses**

i. Plaintiffs' marketing and consumer expert, Dr. Larry Compeau

ii. Plaintiffs' garment retail expert, Gabriele Goldaper

iii. Plaintiffs' rebuttal consumer survey expert, Hal Poret

iv. Defendants' survey expert, Carol A. Scott

## JURY INSTRUCTIONS AND VERDICT FORM

In advance of trial, Plaintiffs will submit final proposed jury instructions and a verdict form to the Court in coordination with Columbia, as required by this Court's Standing Order re: Pretrial Instructions in Civil Cases.

## PROCEDURES TO SIMPLIFY PRESENTATION TO THE JURY

Plaintiffs highlight a number of devices the parties can use to expedite trial and convenience the Court and the jurors, if we have them.

<u>Time Allocation and Movement of Trial</u>: Many courts have implemented strict time limits on each side to ensure an efficient allotment of time among the parties in their presentations.

<u>Pre-Admission of Exhibits and Demonstratives</u>: The parties should agree to a process to screen all potential exhibits and demonstratives and minimize disagreement and objections. For example, the parties should agree that all documents produced from a party's files that do not, on their face, appear to have been authored by a third party are authentic, and that a procedure be developed for stipulating that much of the material produced by Columbia are business records. To the extent that disputes arise, most can be resolved in advance of trial. This would enable the parties to submit documents into evidence without a sponsoring witness whenever possible. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 11.642.

<u>Screening Deposition Designations, Use of Narrated Deposition Summaries, and Edited Videotape Deposition Testimony</u>: Plaintiffs envision a similar approach to that described in the Manual for Complex Litigation. *See id.* at § 11.64, 12.33.

<u>Juror Aids</u>: Plaintiffs anticipate the use of preliminary instructions, interim argument, and jury notebooks to assist the jury in the event that the CLRA claim is tried to a jury. *See id*. at § 12.4.

<u>Use of Expert Witnesses and Summaries</u>: Plaintiffs intend to use experts or summary charts, spreadsheets, or other documentary, audio or visual summaries to explain reference pricing and its effects on consumer purchase decisions, among other areas. This process should streamline presentation of the case considerably and will enhance the jury's ability to understand and recall the evidence. Fed. R. Evid. 702, 703, 1006.

<u>Coordination of Experts</u>: Each side should coordinate to reduce the total amount of expert testimony at trial and avoid cumulative testimony.

**CONCLUSION**

Plaintiffs' trial plan demonstrates that all of Plaintiffs' claims can be efficiently and effectively tried on a classwide basis.

DATED: July 3, 2017                              Respectfully,

By:   */s/ Kristen Law Sagafi*
      Kristen Law Sagafi
      Attorney for Plaintiffs

      **TYCKO & ZAVAREEI LLP**
      KRISTEN LAW SAGAFI, California Bar No. 222249
      ksagafi@tzlegal.com
      ANNICK M. PERSINGER, California Bar No. 272996
      apersinger@tzlegal.com
      483 Ninth Street, Suite 200
      Oakland, CA 94607
      Telephone (510) 254-6808
      Facsimile (202) 973-0950

      **TYCKO & ZAVAREEI LLP**

PLAINTIFFS' TRIAL PLAN
- 7 -

1
2
3
4
5
6
7
8
9
10

HASSAN A. ZAVAREEI, California Bar No. 181547
hzavareei@tzlegal.com
JEFFREY D. KALIEL, California Bar No. 238293
jkaliel@tzlegal.com
1828 L Street, NW, Suite 1000
Washington, DC 20036
Telephone (202) 973-0900
Facsimile (202) 973-0950

**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
JEFFREY M. OSTROW, Florida Bar No. 121452
ostrow@kolawyers.com
SCOTT A. EDELSBERG, Florida Bar No. 0100537
edelsberg@kolawyers.com
One West Las Olas
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300